UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

| | |
|---|---|
| Sharone Bunim et al. | 05CV1562(KMK)(JCF) |
| Ritu Kalra et al. | 05CV1563(KMK)(JCF) |
| Lindsay Ryan et al. | 05CV1564(KMK)(JCF) |
| Adrienne Garbini et al. | 05CV1565(KMK)(JCF) |
| Adam Greenwald et al. | 05CV1566(KMK)(JCF) |
| Brian Pickett et al. | 05CV1567(KMK)(JCF) |
| Wendy Tremayne | 05CV1568(KMK)(JCF) |
| Diane Williams et al. | 05CV1569(KMK)(JCF) |
| Jeremy Biddle et al., | 05CV1570(KMK)(JCF) |
| Matthew Moran et al. | 05CV1571(KMK)(JCF) |
| Sacha Botbol et al. | 05CV1572(KMK)(JCF) |
| Tiffany Burns | 05CV1573(KMK)(JCF) |
| Scott Kerns | 05CV1574(KMK)(JCF) |

                                                        Plaintiffs,

-against-

The City of New York, et al.,

                                                        Defendants.

## MEMORANDUM OF LAW IN SUPPORT OF DEFENDANTS' MOTIONS TO DISMISS THE COMPLAINTS

*MICHAEL A. CARDOZO*
*Corporation Counsel of the City of New York*
   *Attorney for Defendant City of New York*
   *100 Church Street*
   *New York, N.Y. 10007*

   *Of Counsel: Jay A. Kranis*
   *Tel: (212) 788-8683*

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
------------------------------------------------------x

| | |
|---|---|
| Sharone Bunim et al., | 05CV1562(KMK)(JCF) |
| Ritu Kalra et al., | 05CV1563(KMK)(JCF) |
| Lindsay Ryan et al., | 05CV1564(KMK)(JCF) |
| Adrienne Garbini et al., | 05CV1565(KMK)(JCF) |
| Adam Greenwald et al., | 05CV1566(KMK)(JCF) |
| Brian Pickett et al., | 05CV1567(KMK)(JCF) |
| Wendy Tremayne, | 05CV1568(KMK)(JCF) |
| Diane Williams et al., | 05CV1569(KMK)(JCF) |
| Jeremy Biddle et al., | 05CV1570(KMK)(JCF) |
| Matthew Moran et al., | 05CV1571(KMK)(JCF) |
| Sacha Botbol et al., | 05CV1572(KMK)(JCF) |
| Tiffany Burns, | 05CV1573(KMK)(JCF) |
| Scott Kerns, | 05CV1574(KMK)(JCF) |

Plaintiffs,

-against-

The City of New York, et al.,

Defendants.

---------------------------------------------------------

## DEFENDANTS' MEMORANDUM OF LAW IN SUPPORT OF THEIR MOTIONS TO DISMISS

### Preliminary Statement

This memorandum of law is submitted in support of Defendants' Fed. R.Civ. R. 12(b)(5) motions to dismiss the complaints in each of the thirteen captioned cases because process was not timely served under Fed. R. Civ. P. 4(m).

### Background

Each of these cases is, with the exception of the thirteenth – *Kerns* – an outgrowth of the demonstrations which took place during the Republican National Convention at the end of August to the beginning of September, 2004.

Each plaintiff filed a Notice of Claim with the Comptroller of the City of New York on or before November 29, 2004. The complaint in each action was filed on February 4, 2005. Each action was identified as being related to *Macnamara v. The City of New York, et al.*, 04 CV 9216 (KMK)(JCF) and, accordingly, assigned to Hon. Kenneth M. Karas. Process was served in each action – with the exception of *Kerns* - on November 2, 2005.[1] Process in *Kerns* has yet to be served.

The delay in the service of process was purportedly premised upon plaintiffs' counsel's belief that plaintiffs' pendant State law claims were not ripe because (1) the Comptroller's Office had not held hearings pursuant to NY CLS Gen Mun § 50-h and/or (2) criminal charges filed against individual plaintiffs had not as yet been disposed of. Plaintiffs' counsel's "belief" is mistaken

For the reasons set forth below, it is respectfully submitted that the complaints should have been served within the time permitted by Rule 4(m). They were not and should be dismissed.

**Applicable Law**

Fed. R. Civ. P. 4(m) provides, insofar as relevant, as follows:

4(m) Time Limit for Service. If service of the summons and complaint is not made upon a defendant within 120 days after the filing of the complaint, the court, upon motion or on its own initiative after notice to the plaintiff, shall dismiss the action without prejudice as to that defendant or direct that service be effected within a specified time; provided that if the

---

[1] The pleadings served on November 2, 2005, were amended complaints, not the original complaints filed on February 4, 2005.

plaintiff shows good cause for the failure, the court shall extend the time for service for an appropriate period.

## ARGUMENT

## SERVICE OF PROCESS WAS UNTIMELY; THE ACTIONS SHOULD BE DISMISSED

With a very clear understanding that this Court has broad discretion in addressing a Rule 4(m) motion, even in the absence of "good cause shown," (*Tomney v. Internat'l Center for the Disabled,* No. 02 Civ. 2461, 2003 U.S. Dist. LEXIS 7194(S.D.N.Y. April 29, 2003))[2], it is respectfully submitted, for the reasons set forth below, that the facts in *Tomney*, upon which plaintiffs rely, are inapposite and that no such discretion should not be exercised here.

In *Tomney,* plaintiff, a legally blind woman, filed her complaint on March 29, 2002. The Rule 4(m) time within which she had to serve expired on July 29, 2002. One defendant was served on August 13, 2002, a mere 15 days after the expiration of the Rule 4(m) time; the second defendant was served one day later. On August 20, 2002, the Court (Chin, J.), unaware that service had been effected, issued an order *sua sponte* extending plaintiff's time to serve to and including September 20, 2002. Defendants moved thereafter to dismiss, arguing, *inter alia*, that the Court's order came too late. In denying that portion of defendants' motion to dismiss based on Rule 4(m), Judge Chin noted that the "August 20, 2002 Order granted the plaintiff additional time to serve the defendants" (2003 U.S. Dist. LEXIS at *15) and that "Tomney actually served defendants just before the Court's extension issued, …" *Id.*, at *16. Attributing the failures to serve to plaintiff's counsel, Judge Chin found that "counsel's errors [t]here are excusable." *Id.* He also found "no discernable prejudice to defendants by the delay of just over two weeks, …"

---

[2] Copies of all electronically cited cases are annexed hereto.

(*Id.*, at *17). More importantly, he found that "for Tomney, the six month statute of limitations has now run, and thus dismissal would effectively extinguish her ability to recover on what may be meritorious claims," justifying the "granting [of] a discretionary extension of the period for service, whether or not the plaintiff has demonstrated good cause." *Id.*

Here, there was no extension of time, although plaintiffs had ample opportunity to apply for one. The "delay" was not a "mere two weeks," but, rather, 151 days, or approximately 5 months. Plaintiffs' counsel here did not make an "error," but, rather a conscious decision not to serve. The failure to serve was evident from inception. A Court conference scheduled in *Macnamara* and these thirteen cases for March 10, 2005, had to be adjourned solely because of that failure. On March 24, 2005, the conference's re-scheduled date, this Court, commenting on its desire to "bring[] everybody [all plaintiffs' counsel] in" for a conference at a later date, noted, "That gives Ms. Weber some time to serve her complaint on the various cases and Mr. Kranis time to figure out who exactly he is representing in those cases." Transcript of the hearing held on March 24, 2005, 14:4-15. A copy of the transcript is attached as Exhibit A to the accompanying Declaration of Jay A. Kranis. Moreover, unlike the effect on the plaintiff in *Tomney,* a dismissal here would not "extinguish [plaintiffs'] ability to recover on what may be meritorious claims." It is only their pendant State law claims which will be time-barred. Each of these actions can be re-commenced and all of the Federal claims – e.g., the claims which are the focus of these actions – will be preserved for resolution. In contrast, defendants will be forced to defend claims which were not timely presented to them and are now time-barred.

The stated excuses for the failure to comply with Rule 4(m), to wit: the holding of the 50-h hearings and the disposal of the criminal charges are, as noted, misplaced. An action on all of the State law claims, with the exception of malicious prosecution, could have been

4

commenced at any time after December 29, 2004, the 30th day after the last of the Notices of Claim were filed. NY CLS Gen Mun § 50-i. *See Steiner v. City of New York,* 920 F.Supp. 339, 342 (E.D.N.Y. 1996). To the extent that any of the criminal proceedings were still pending on February 4, 2005 – the date on which these actions were commenced – each of the plaintiffs so affected could have filed an amended Notice of Claim within 90 days after dismissal of their respective criminal charges (NY CLS Gen Mun § 50-e) and then filed an amended federal complaint. NY CLS Gen Mun § 50-i.

Quoting the Advisory Committee Notes to the 1993 amendments to Rule 4 in *Tomney*, Judge Chin pointed out that "relief may be justified, for example, if the applicable statute of limitations would bar the refiled action." 2003 U.S. Dist. LEXIS at *8. He went on to point out, "of course, this language does not 'guarantee an extension for every case that may be time-barred if refiled.' Nobriga v. Dalton, No. 94 CV 1972 (SJ), 1996 WL 294354, at *3 (E.D.N.Y. May 28, 1996)." *Id.* at *9. *See, also, Morillo v. City of New York, et al.*, No. 02 Civ. 8647 (DLC), 2003 U.S. Dist. LEXIS 17963, * 8, in which Judge Cote, despite the fact that a refiled complaint would be time-barred, refused to exercise her discretion to overlook a Rule 4(m) violation "Because the plaintiff has not shown that he is entitled to an extension of the time to serve …."

In *National Union Fire Ins. Co. v. Sun,* No. 93 Civ. 7170 (LAP), 1994 WL 463009 (S.D.N.Y. Aug. 25, 1994), Judge Preska discussed "good cause" and "excusable neglect" in a Rule 4(m) context. In so doing, she observed, "where it is apparent that an attorney's ignorance, inadvertence, or 'misplaced reliance' promulgated the failure to serve process, courts have shown no leniency." *Id.* at *3 (citing *Klein v Wiulliams,* 144 F.R.D. 16, 19-20 (E.D.N.Y. 1992); *Delicata v. Bowen,* 116 F.R.D. 564 (S.D.N.Y. 1987)). After noting plaintiff's correct

observation "that courts are authorized to waive the time limit even where good cause has not been shown" (*Id.*), Judge Preska concluded:

> [T]hough leniency may sometimes be appropriate for those who have in good faith attempted timely service, to afford it to litigants who have failed to make even the most basic efforts would turn Rule 4(m) into a toothless tiger. National Union falls into the latter category, and, accordingly, I decline to excuse its Rule 4(m) violation."

It is respectfully submitted that plaintiffs here, who have failed to make any attempt at timely service, also "fall into the latter category, and , accordingly, [this Court should] decline to excuse [their] Rule 4(m) violation."

For the foregoing reasons, the Defendant City of New York respectfully requests that the complaints be dismissed.

## CONCLUSION

## THE MOTIONS TO DISMISS
## SHOULD BE GRANTED

Dated: New York, New York
December 30, 2005

Respectfully submitted,
MICHAEL A. CARDOZO
Corporation Counsel
of the City of New York
Attorney for Defendant City of New York.
100 Church Street, Room 3-226
New York, New York 10007
(212) 788-8683

By: _____
Jay A. Kranis (JK 2576)
Senior Counsel