UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
------------------------------------------------------------------------ x

| | |
|---|---|
| SHARONE BUNIM, et al., | 05 Civ. 1562 (KRK) (JCF) |
| RITU KALRA, et al., | 05 Civ. 1563 (KRK) (JCF) |
| LINDSAY RYAN, et al., | 05 Civ. 1564 (KRK) (JCF) |
| ADRIENNE GARBINI, et al., | 05 Civ. 1565 (KRK) (JCF) |
| ADAM GREENWALD, et al., | 05 Civ. 1566 (KRK) (JCF) |
| BRIAN PICKETT, et al., | 05 Civ. 1567 (KRK) (JCF) |
| WENDY TREMAYNE, et al., | 05 Civ. 1568 (KRK) (JCF) |
| DIANE WILLIAMS, et al., | 05 Civ. 1569 (KRK) (JCF) |
| JEREMY BIDDLE, et al., | 05 Civ. 1570 (KRK) (JCF) |
| MATTHEW MORAN, et al., | 05 Civ. 1571 (KRK) (JCF) |
| SACHA BOTBOL, et al., | 05 Civ. 1572 (KRK) (JCF) |
| TIFFANY BURNS, | 05 Civ. 1573 (KRK) (JCF) |
| SCOTT KERNS, | 05 Civ. 1574 (KRK) (JCF) |

                         Plaintiffs,

        -against-

THE CITY OF NEW YORK, et al.,

                        Defendants.

------------------------------------------------------------------------ x

**PLAINTIFFS' MEMORANDUM OF LAW IN
OPPOSITION TO DEFENDANTS'
<u>MOTION TO DISMISS THE COMPLAINTS</u>**

Rose M. Weber (RW 0515)
Attorney for Plaintiffs
225 Broadway, Suite 1608
New York, NY 10007
(212) 748-3355

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
------------------------------------------------------------------------ x

| | |
|---|---|
| SHARONE BUNIM, et al., | 05 Civ. 1562 (KRK) (JCF) |
| RITU KALRA, et al., | 05 Civ. 1563 (KRK) (JCF) |
| LINDSAY RYAN, et al., | 05 Civ. 1564 (KRK) (JCF) |
| ADRIENNE GARBINI, et al., | 05 Civ. 1565 (KRK) (JCF) |
| ADAM GREENWALD, et al., | 05 Civ. 1566 (KRK) (JCF) |
| BRIAN PICKETT, et al., | 05 Civ. 1567 (KRK) (JCF) |
| WENDY TREMAYNE, et al., | 05 Civ. 1568 (KRK) (JCF) |
| DIANE WILLIAMS, et al., | 05 Civ. 1569 (KRK) (JCF) |
| JEREMY BIDDLE, et al., | 05 Civ. 1570 (KRK) (JCF) |
| MATTHEW MORAN, et al., | 05 Civ. 1571 (KRK) (JCF) |
| SACHA BOTBOL, et al., | 05 Civ. 1572 (KRK) (JCF) |
| TIFFANY BURNS, | 05 Civ. 1573 (KRK) (JCF) |
| SCOTT KERNS, | 05 Civ. 1574 (KRK) (JCF) |

Plaintiffs,

-against-

THE CITY OF NEW YORK, et al.,

Defendants.

------------------------------------------------------------------------ x

**PLAINTIFFS' MEMORANDUM OF LAW IN
OPPOSITION TO DEFENDANTS'
MOTION TO DISMISS THE COMPLAINTS**

**PRELIMINARY STATEMENT**

On February 6, 2005, plaintiffs filed Complaints in the above-referenced matters, but did not serve the Complaints on defendants. Rather, on August 26, 2005, plaintiffs filed Amended Complaints, which were timely served on November 2, 2005; Second Amended Complaints were filed on November 23, 2005. Defendants now move to dismiss the complaints on the ground that the original complaints were not timely served. For the reasons stated *infra*,

plaintiffs maintain that the Court should exercise its discretion not to dismiss the complaints because dismissal would irreparably damage plaintiffs, whereas a refusal to dismiss would cause no prejudice whatsoever to defendants.

### ARGUMENT

### THE COURT SHOULD EXERCISE ITS DISCRETION TO DENY THE MOTION TO DISMISS THE COMPLAINTS BECAUSE OF THE SEVERE PREJUDICE TO PLAINTIFFS.

Defendants concede, as they must, that the Court has complete discretion as to whether to dismiss the complaints, even in the absence of good cause shown for the delay in service. (Def. Mem. at 3.) Defendants then request that the Court exercise its discretion to dismiss the complaints, but offer no argument in support of their request,[1] other than a curiously circular one – that defendants will be prejudiced by the Court's failure to dismiss because then defendants will have to defend the actions.[2] When compared to the potential prejudice to be

---

[1] Defendants were well advised not to argue prejudice based on lack of notice of plaintiffs' claims. As defendants concede, the City has been aware of the potential for litigation since at least November 26, 2004, when plaintiffs' Notices of Claim were filed. (Def. Mem. at 2.) Defendants also concede that they have been aware of the complaints themselves since at least March 24, 2005. (*Id.* at 4.) Obviously, defendants were free at any time to obtain copies of the complaints from the court file. Finally, over the past year, the City has conducted 50-h hearings of approximately eighty of the plaintiffs, gathering an enormous amount of information to assist defendants in this litigation. No information or evidence has been lost to defendants as a result of the delay in service.

[2] Judge Sweet has labeled this precise argument "erroneous": "DLJ objects that it will be unduly prejudiced if the AIG Plaintiffs are allowed to proceed because this would require it 'to defend a $40 million claim that is now time-barred . . .' If DLJ is purporting to assert that not permitting it to take advantage of an expired statute of limitations is itself a form of prejudice, that contention is erroneous. Interpreting this rule, under which the court may extend the time for service to avoid the bar of limitations, to authorize the court to refuse to extend it so the defendant may gain the benefit of that bar appears to be inconsistent with its purpose." *AIG* Continued…

suffered by plaintiffs if the complaints are dismissed – the complete loss of all of their state law claims – any detriment claimed by defendants approaches zero.

In a situation like this (i.e., little or no prejudice to the defendants and severe prejudice to the plaintiffs), it is appropriate for the Court to extend the period for service:

> In contrast to the defendants' lack of prejudice, for Tomney, the six-month statute of limitations has now run, and thus dismissal would effectively extinguish her ability to recover on what may be meritorious claims. Courts have noted that "when the Federal Rules of Civil Procedure were amended in 1993, Rule 4(m) was amended so that 'where, as here, the applicable statute of limitations would bar a plaintiff from refiling her action, a court may be justified in granting a discretionary extension of the period for service, whether or not the plaintiff has demonstrated good cause....' Buckley *v. Doha Bank Ltd.,* No. 01 Civ. 8865 (AKH), 2002 WL 1751372, at *3 (S.D.N.Y. July 29, 2002) (citations omitted); *see* Advisory Committee Notes to Rule 4; *Henderson,* 517 U.S. at 658 n. 5. Thus, I decline to dismiss the case, for dismissal would be unduly harsh. This decision is in accord with the Second Circuit's 'clearly expressed preference that litigation disputes be resolved on the merits.' *Mejia,* 164 F.R.D. at 346; *see, e.g., Cody v. Mello,* 59 F.3d 13, 15 (2d Cir. 1995).

*Tomney v. Internat'l Center for the Disabled*, No. 02 Civ. 2461, 2003 WL 1990532, at *6 (S.D.N.Y. Apr. 29, 2003).

Defendants' attempt to distinguish *Tomney* on the facts is unavailing. Judge Chin's commentary concerns the state of the law in this District and Circuit, and has nothing to do with the particular facts of that case (e.g., the length of the default). Indeed, only last month Judge Lynch decided a case in which the delay in service exceeded seven months (in fact, service had never been effected) and yet the Court's view of Rule 4(m) is very much like that of *Tomney*:

---

*Managed Market Neutral Fund v. Askin Capital Mgmt., L.P.*, 197 F.R.D. 104, 111 (S.D.N.Y. 2000) (citations omitted).

> By authorizing the Court to grant additional time as an alternative to dismissal, providing that any dismissal shall be without prejudice, and affirmatively requiring such extensions where good cause for the dereliction is shown, the Rule provides trial courts with considerable flexibility, and reflects a healthy distaste for dismissing an action based on technical defects in service.
>
> Here, the failure of service is technical, and no prejudice to the unserved defendants has been shown or even claimed. Boccardi and Pine manifestly received notice of the action and of the contents of the complaint.. . . Under the circumstances, no interest of justice would be served by dismissing the action.

*Tishman v. Associated Press*, No. 05 Civ. 4278, 2005 WL 3466022, at *1-*2 (S.D.N.Y. Dec. 16, 2005).

Other than attempting to distinguish *Tomney*, defendants provide only two cases in support of their position. This in itself is surprising, as is the choice of cases. Mr. Kranis is an able and experienced litigator and, presumably, he scoured the electronic databases in search of relevant cases. Nonetheless, defendants apparently had to go back eleven years in order to find a citation to bolster their argument (*National Union*). Defendants also found it appropriate to rely on *Morillo v. City*, despite the fact that, in that case, the plaintiff moved to serve an individual police officer only after discovery had closed and in response to the City's summary judgment motion. Defendants' failure to cite recent, relevant case law speaks volumes.

In addition to failing to provide useful precedent in support of their argument, defendants also misrepresent the relevant General Municipal Law. Plaintiffs could not have brought their state law claims thirty days after the Notices of Claim were filed, as defendants argue they could have. (Def. Mem. at 4-5.) Pursuant to General Municipal Law 50-h(5), plaintiffs could not bring their claims until after their 50-h hearings. As defendants' own records will reveal, approximately eighty hearings were held between March 1, 2005 and November 17, 2005. Plaintiffs' state law claims were not ripe until after their 50-h hearings were held and

4

could not have been filed before then. Accordingly, even if plaintiffs had timely served the original complaints (which contained only federal claims) on defendants, they would still have had to amend and serve after November 17, 2005 in order to plead their state law claims, which they did.

If the Court dismisses the complaints, even with leave to refile, plaintiffs' state law claims against the City and the Hudson River Park Trust will be time-barred. As noted by Judge Sweet in *AIG Managed Market Neutral Fund v. Askin Capital Management, L.P.*, 197 F.R.D. 104 (S.D.N.Y. 2000), "[c]ourts have consistently considered the fact that the statute of limitations has run on a plaintiff's claim as a factor favoring the plaintiff in a Rule 4(m) analysis."[3] *Id.* at 109. In the same case, Judge Sweet wrote that "[a]n important factor not specifically mentioned in the Advisory Committee Note, but which the courts have considered in determining whether to grant a discretionary extension, is prejudice to the defendant." *Id.* at 111. In the instant matter, defendants have identified no prejudice whatsoever and, therefore, the factors to be weighed come out entirely in favor of plaintiffs.

In sum, defendants have offered no rationale at all for asking the Court to dismiss the complaints, whereas plaintiffs have demonstrated severe prejudice if the motion is granted. Under the circumstances of this case, the outright loss of all of plaintiffs' state law claims would be a penalty entirely out of proportion to whatever dereliction has taken place. If the Court decides that counsel's failure to comply with the Federal Rules merits punishment, I respectfully

---

[3] Judge Sweet also noted, quite practically, that if the statute of limitations had <u>not</u> run, then the plaintiff would simply refile the complaint, "resulting in a waste of judicial resources." *Id.* at 109.

request that whatever sanction the Court imposes be directed at me and not at the legal interests my clients.

## **CONCLUSION**

For the reasons set forth above, plaintiffs respectfully request that the Court deny defendants' motion.

Dated:     New York, New York
           January 9, 2006

                              ROSE M. WEBER
                              Attorney for Plaintiffs
                              225 Broadway, Suite 1608
                              New York, NY 10007
                              (212) 748-3355

                              By:             /s
                                   ROSE M. WEBER (RW 0515)