UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

| | |
|---|---|
| Sharone Bunim et al. | 05CV1562(KMK)(JCF) |
| Ritu Kalra et al. | 05CV1563(KMK)(JCF) |
| Lindsay Ryan et al. | 05CV1564(KMK)(JCF) |
| Adrienne Garbini et al. | 05CV1565(KMK)(JCF) |
| Adam Greenwald et al. | 05CV1566(KMK)(JCF) |
| Brian Pickett et al. | 05CV1567(KMK)(JCF) |
| Wendy Tremayne | 05CV1568(KMK)(JCF) |
| Diane Williams et al. | 05CV1569(KMK)(JCF) |
| Jeremy Biddle et al., | 05CV1570(KMK)(JCF) |
| Matthew Moran et al. | 05CV1571(KMK)(JCF) |
| Sacha Botbol et al. | 05CV1572(KMK)(JCF) |
| Tiffany Burns | 05CV1573(KMK)(JCF) |
| Scott Kerns | 05CV1574(KMK)(JCF) |

                                                                Plaintiffs,

-against-

The City of New York, et al.,

                                                                Defendants.

## REPLY MEMORANDUM OF LAW IN SUPPORT OF
## DEFENDANTS' MOTIONS TO DISMISS THE COMPLAINTS[1]

### Preliminary Statement

This memorandum is submitted in reply to plaintiffs' January 9, 2006, Memorandum of Law in opposition to Defendants' Motion[s] to Dismiss the Complaints ("Pl. Mem.") and in further support of the motions.

---

[1] Since the service and filing of the within motions and the papers served in opposition thereto, this office was advised that the Hudson River Park Trust, which it will represent, was also served with process in 12 of the 13 cases. Accordingly, it is respectfully requested that these motions be deemed to apply with equal force to that defendant.

For the reasons set forth below, it is respectfully submitted that plaintiffs' factual and legal contentions ring hollow.

## ARGUMENT

## TO AFFORD LENIENCY TO PLAINTIFFS HERE
## WOULD TURN RULE 4(m) INTO A TOOTHLESS TIGER

Plaintiffs' principle contention is that their "state law claims were not ripe until after their 50-h hearings were held and could not have been filed before then." Pl. Mem. pp. 4-5.

**As to the Facts**

There are 106 named plaintiffs in the 13 cases which are the subject of these motions. Three – Biddle (05 CV 1566; 1570); Kerns (05 CV 1570; 1574); and Sidle (05 CV 1566; 1572) – are each named in two separate cases. As shown by the chart submitted with this memorandum, as of June 4, 2005, the Rule 4(m) deadline for service of the complaints, 47 of the 103 plaintiffs in fact had already undergone 50-h hearings. An additional 12 plaintiffs apparently never filed Notices of Claim, making any perceived 50-h constraint as to them irrelevant (and their assertion of pendant state law claims improper, as a matter of law). As of August 26, 2005, the date on which the first amended complaints were filed and more than two months before the first amended complaints were actually served, 29 more plaintiffs had undergone 50-h hearings, bringing to 88 the number of plaintiffs for whom plaintiffs' perceived constraint was then irrelevant. As of November 2, 2006, the date on which the Defendant City of New York ("City") was finally served, 18 plaintiffs – Kalra, Cheung, Ferrand-Sapsis and Flynn (05 CV 1563); Dodge, McEldowney and Muelken (05Cv 1564); Todd and Rahm (05 CV 1565); Rorvig (05 CV 1565); Howard (05 CV 1568); Williams, Bodero, Ebesu and Harris (05 CV 1569) Borok and

Nella (05 CV 1572); and Shaw (05 CV 1572) - still had not undergone a 50-h hearing. A 19th – plaintiff – Lee (05 CV 1565) – was examined on November 17, 2005, 15 days after the service of the first amended complaint. The first amended complaint was nevertheless served on their behalf.

Thus, any claim that the complaints could not have been timely served because of 50-h is simply not true as to 59 – or 57% - of the plaintiffs. Moreover, there is no claim that the federal claims were not ripe at the time the complaints were filed on February 4, 2005. Plaintiffs suggest (Pl. Mem. p. 5) that amending those complaints was an impediment to their timely service. That, too, is not so. Plaintiffs had no trouble amending as of right on August 26, 2005. However, they failed to include the state law claims against the City on behalf of 88 (59 pre-June 4, 2005 plus 29 between that date and August 2, 2005) – or 85% -of the plaintiffs for whom, on their theory, the state law claims were ripe. Finally, despite the alleged 50-h constraint, first amended complaints were served on behalf of the 19 plaintiffs who had not satisfied the 50-h prerequisite at the time of such service. The assertion of the constraint would appear to be one of convenience, to be asserted in opposition to the within motions, rather than one in fact.

There was simply no reason, good or otherwise, for not serving the complaints in a timely fashion under Rule 4(m), and thereafter amending when plaintiffs' perceived their state law claims to be ripe.

**As to the Law**

While on its face, GML § 50-h(5) provides that a plaintiff must await the holding of a 50-h hearing, even if more than 30 days have passed since the service of a notice of claim (GML § 50-i) , before commencing an action, courts have refused to dismiss a complaint as premature, especially where, as here, a plaintiff faced a time constraint. *Allan v. City of New York,* 386

F.Supp.2d 542, 548-549 (S.D.N.Y. 2005) in which Judge Sweet, citing 62A William H. Danne, Jr. & Charles J. Nagy, Jr., NY Jur. 2d, Government Tort Liability § 459 (2005), which in turn cited *Wallace v. New York*, 126 Misc.2d 56, 480 N.Y.S.2d 989 (Sup.Ct., Queens Co., 1984), held:

> However, GML § 50-h(5) forbids a plaintiff from filing an action prior to being examined in a § 50-h hearing, if the plaintiff adjourns the scheduled § 50-h hearing date. While the City schedules hearing dates, it was Allan's obligation to wait until the hearing was held before filing her lawsuit.
>
> However, there is authority to support the proposition that an action should not be dismissed on the ground that it was commenced after a demand for examination was made and prior to the actual examination, "if the plaintiff had not sought to gain a tactical advantage by commencing the action prior to being examined, the defendant was not prejudiced, was notified of the claim, and had ample [**15] time to investigate it, and the dismissal of the complaint would result in the action being time barred."

*See also, Bergman v. Hempstead*, 61 Misc.2d 149, 304 N.Y.S.2d 1020 (Sup.Ct., Nass. Co., 1969)(where notice of claim was timely filed demand for 50-h examination made 82 days thereafter, was proper even though subsequent to the service of the summons and complaint).

Plaintiffs could have and should have timely served their complaints. The failure of their factual and legal excuses for not doing so and their abject refusal to do so despite fair warning before the expiration of the 120 days, deprives them of the leniency they seek. To hold otherwise would be to "turn Rule 4(m) into a toothless tiger." *National Union Fire Ins. Co. v. .*

*Sun*, No. 93 Civ. 7170 (LAP), 1994 WL 463009(S.D.N.Y. Aug. 25, 1994).

## CONCLUSION

### THE MOTIONS TO DISMISS SHOULD BE GRANTED

Dated: New York, New York  
       January 17, 2006

Respectfully submitted,  
MICHAEL A. CARDOZO  
Corporation Counsel  
    of the City of New York  
Attorney for Defendant City of New York

100 Church Street  
New York, NY 10007  
(212) 788-8683

By: _____  
     JAY A. KRANIS (JK 2576)