UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
-------------------------------------------------------------------X

SACHA BOTBOL, ALEXANDER BOMSTEIN,
VALARIE KAUR BRAR, JENNIFER HASA,
CHARLES SHAW, and AUBRYN SIDLE,

                      Plaintiffs,

          -against-

The CITY OF NEW YORK, THE HUDSON RIVER
PARK TRUST, P.O. "JOHN" ANDRADE, P.O.
"JOHN" HAUT, P.O. "JOHN" RODRIGUEZ, P.O.
"JOHN" CARRIERI, P.O. "JANE" DIAZ, P.O.
JAMES WOLFF, and P.O.s JOHN and JANE DOE
#1-50, individually and in their official capacities (the
names John and Jane Doe being fictitious, as the true
names are presently unknown),

                      Defendants
-------------------------------------------------------------------X

**ANSWER OF CITY OF NEW
YORK AND HUDSON RIVER
PARK TRUST TO SECOND
AMENDED COMPLAINT**

05 CV 1572 (KMK)

       Defendants City of New York ("City") and Hudson River Park Trust ("HRPT"), by their

attorney, Michael A. Cardozo, Corporation Counsel for the City of New York, for their answer

to plaintiffs' Second Amended Complaint ("Complaint"), respectfully allege as follows:

**PRELIMINARY STATEMENT**

       1.     Deny the allegations contained in paragraph 1 of the Complaint, except admit that

plaintiffs purport to bring this action as stated therein.

**JURISDICTION**

       2.     Deny the allegations contained in paragraph 2 of the Complaint, except admit that

plaintiffs purport to bring this action pursuant to the statutory and constitutional authority cited

therein.

3.      Deny the allegations set forth in paragraph 3 of the Complaint, except admit that plaintiffs purport to invoke the jurisdiction of this Court.

## VENUE

4.      Deny the allegations contained in paragraph 4 of the Complaint, except admit that plaintiffs purport to lay venue in this District.

## JURY TRIAL DEMANDED

5.      No response is required to plaintiffs' jury demand as set forth in paragraph 5 of the Complaint.

## PARTIES

6.      Deny knowledge or information sufficient to form a belief as to the truth of the allegations set forth in paragraph 6 of the Complaint.

7.      Deny knowledge or information sufficient to form a belief as to the truth of the allegations set forth in paragraph 7 of the Complaint.

8.      Deny knowledge or information sufficient to form a belief as to the truth of the allegations set forth in paragraph 8 of the Complaint.

9.      Deny knowledge or information sufficient to form a belief as to the truth of the allegations set forth in paragraph 9 of the Complaint.

10.     Deny knowledge or information sufficient to form a belief as to the truth of the allegations set forth in paragraph 10 of the Complaint.

11.     Deny knowledge or information sufficient to form a belief as to the truth of the allegations set forth in paragraph 11 of the Complaint.

12.     Deny the allegations set forth in paragraph 12 of the Complaint, except admit that the City of New York is a municipal corporation duly organized and operating under the laws of the State of New York and respectfully refer the Court to the appropriate enabling statute and the related laws of the State and City of New York for their content and meaning as to its responsibilities.

13.     Admit the allegations set forth in paragraph 13 of the Complaint.

14.     Deny the allegations set forth in paragraph 14 of the Complaint, except admit that during the 2004 Republican National Convention ("RNC"), Pier 57 was under the jurisdiction of HRPT.

15.     Deny the allegations set forth in paragraph 15 of the Complaint, except admit that HRPT allowed the City to use Pier 57 during the RNC.

16.     Deny the allegations set forth in paragraph 16 of the Complaint, except admit that the City maintains the New York City Police Department ("NYPD").

17.     Deny the allegations set forth in paragraph 17 of the Complaint, except admit that on the dates alleged, the individually named defendants were employees of the NYPD.

18.     The allegations in paragraph 18 of the Complaint constitute a legal conclusion to which no response is required.

19.     The allegations in paragraph 19 of the Complaint constitute a legal conclusion to which no response is required.

20.     The allegations in paragraph 20 of the Complaint constitute a legal conclusion to which no response is required.

**FACTS**

21.     Deny the allegations set forth in paragraph 21 of the Complaint.

22.     Deny the allegations set forth in paragraph 22 of the Complaint.

23.     Deny the allegations set forth in paragraph 23 of the Complaint.

24.     Deny the allegations set forth in paragraph 24 of the Complaint.

25.     Deny the allegations set forth in paragraph 25 of the Complaint.

26.     Deny the allegations set forth in paragraph 26 of the Complaint.

27.     Deny the allegations set forth in paragraph 27 of the Complaint, except admit that on the dates and at the locations alleged, NYPD officers placed plaintiffs under arrest.

28.     Deny the allegations set forth in paragraph 28 of the Complaint.

29.     Deny the allegations set forth in paragraph 29 of the Complaint.

30.     Deny the allegations set forth in paragraph 30 of the Complaint.

31.     Admit the allegations set forth in paragraph 31 of the Complaint.

32.     Deny the allegations set forth in paragraph 32 of the Complaint.

33.     Deny the allegations set forth in paragraph 33 of the Complaint.

34.     Deny the allegations set forth in paragraph 34 of the Complaint.

35.     Admit the allegations set forth in paragraph 35 of the Complaint.

36.     Deny the allegations set forth in paragraph 36 of the Complaint.

37.     Deny knowledge or information sufficient to form a belief as to the truth of the allegations set forth in paragraph 37 of the Complaint.

38.     Deny knowledge or information sufficient to form a belief as to the truth of the allegations set forth in paragraph 38 of the Complaint.

39.     Deny knowledge or information sufficient to form a belief as to the truth of the allegations set forth in paragraph 39 of the Complaint.

40.     Deny knowledge or information sufficient to form a belief as to the truth of the allegations set forth in paragraph 40 of the Complaint.

41.     Deny knowledge or information sufficient to form a belief as to the truth of the allegations set forth in paragraph 41 of the Complaint.

42.     Deny knowledge or information sufficient to form a belief as to the truth of the allegations set forth in paragraph 42 of the Complaint.

43.     Deny the allegations set forth in paragraph 43 of the Complaint.

44.     Admit the allegations set forth in paragraph 44 of the Complaint.

45.     Deny knowledge or information sufficient to form a belief as to the truth of the allegations set forth in paragraph 45 of the Complaint.

46.     Admit the allegations set forth in paragraph 46 of the Complaint.

47.     Deny knowledge or information sufficient to form a belief as to the truth of the allegations set forth in paragraph 47 of the Complaint.

48.     Admit the allegations set forth in paragraph 48 of the Complaint.

49.     Admit the allegations set forth in paragraph 49 of the Complaint.

50.     Admit the allegations set forth in paragraph 50 of the Complaint.

51.     Deny knowledge or information sufficient to form a belief as to the truth of the allegations set forth in paragraph 51 of the Complaint.

52.     Admit the allegations set forth in paragraph 52 of the Complaint.

53.     Deny the allegations set forth in paragraph 53 of the Complaint.

## FIRST CLAIM FOR RELIEF

### DEPRIVATION OF FEDERAL CIVIL RIGHTS UNDER 42 U.S.C. § 1983

54.    Repeat and reallege their responses to paragraphs 1-53 of the Complaint as if fully set forth herein.

55.    The allegations in paragraph 55 of the Complaint constitute a legal conclusion to which no response is required.

56.    Deny the allegations set forth in paragraph 56 of the Complaint.

57.    Deny the allegations set forth in paragraph 57 of the Complaint.

58.    Deny the allegations set forth in paragraph 58 of the Complaint.

59.    Deny the allegations set forth in paragraph 59 of the Complaint.

## SECOND CLAIM FOR RELIEF

### FALSE ARREST UNDER 42 U.S.C. § 1983

60.    Repeat and reallege their responses to paragraphs 1-59 of the Complaint as if fully set forth herein.

61.    Deny the allegations set forth in paragraph 61 of the Complaint.

62.    Deny the allegations set forth in paragraph 62 of the Complaint.

## THIRD CLAIM FOR RELIEF

### MALICIOUS PROSECUTION UNDER 42 U.S.C. § 1983

63.    Repeat and reallege their responses to paragraphs 1-62 of the Complaint as if fully set forth herein.

64.    Deny the allegations set forth in paragraph 64 of the Complaint.

65.     Deny the allegations set forth in paragraph 65 of the Complaint.

66.     Deny the allegations set forth in paragraph 66 of the Complaint.

67.     Deny the allegations set forth in paragraph 67 of the Complaint.

68.     Deny the allegations set forth in paragraph 68 of the Complaint.

69.     Deny the allegations set forth in paragraph 69 of the Complaint.

70.     Deny the allegations set forth in paragraph 70 of the Complaint.

71.     Deny the allegations set forth in paragraph 71 of the Complaint.

72.     Deny the allegations set forth in paragraph 72 of the Complaint.

73.     Deny the allegations set forth in paragraph 73 of the Complaint.

74.     Deny the allegations set forth in paragraph 74 of the Complaint, except admit that charges against plaintiff Bomstein were dismissed on or about March 28, 2005.

75.     Deny the allegations set forth in paragraph 75 of the Complaint, except admit that charges against plaintiff Brar were dismissed on or about November 10, 2004.

76.     Deny the allegations set forth in paragraph 76 of the Complaint, except admit that charges against plaintiff Sidle were dismissed on or about October 28, 2004.


## FOURTH CLAIM FOR RELIEF

## MALICIOUS ABUSE OF PROCESS UNDER 42 U.S.C. § 1983

77.     Repeat and reallege their responses to paragraphs 1-76 of the Complaint as if fully set forth herein.

78.     Deny the allegations set forth in paragraph 78 of the Complaint.

79.     Deny the allegations set forth in paragraph 79 of the Complaint.

80.     Deny the allegations set forth in paragraph 80 of the Complaint.

## FIFTH CLAIM FOR RELIEF

### EXCESSIVE FORCE UNDER 42 U.S.C. § 1983

81.     Repeat and reallege their responses to paragraphs 1-80 of the Complaint as if fully set forth herein.

82.     Deny the allegations set forth in paragraph 82 of the Complaint.

83.     Deny the allegations set forth in paragraph 83 of the Complaint.

## SIXTH CLAIM FOR RELIEF

### MUNICIPAL LIABILITY

84.     Repeat and reallege their responses to paragraphs 1-83 of the Complaint as if fully set forth herein.

85.     Deny the allegations set forth in paragraph 85 of the Complaint.

86.     Deny the allegations set forth in paragraph 86 of the Complaint.

87.     Deny the allegations set forth in paragraph 87 of the Complaint.

88.     Deny the allegations set forth in paragraph 88 of the Complaint.

89.     Deny the allegations set forth in paragraph 89 of the Complaint.

90.     Deny the allegations set forth in paragraph 90 of the Complaint.

91.     Deny the allegations set forth in paragraph 91 of the Complaint.

92.     Deny the allegations set forth in paragraph 92 of the Complaint.

93.     Deny the allegations set forth in paragraph 93 of the Complaint.

## PENDANT STATE CLAIMS

94.     Repeat and reallege their responses to paragraphs 1-93 of the Complaint as if fully set forth herein.

95.     Deny knowledge or information sufficient to form a belief as to the truth of the allegations set forth in paragraph 95 of the Complaint.

96.     Deny knowledge or information sufficient to form a belief as to the truth of the allegations set forth in paragraph 96 of the Complaint.

97.     Deny knowledge or information sufficient to form a belief as to the truth of the allegations set forth in paragraph 97 of the Complaint.

98.     Deny knowledge or information sufficient to form a belief as to the truth of the allegations set forth in paragraph 98 of the Complaint.

99.     Deny knowledge or information sufficient to form a belief as to the truth of the allegations set forth in paragraph 99 of the Complaint.

100.    Deny knowledge or information sufficient to form a belief as to the truth of the allegations set forth in paragraph 100 of the Complaint.

101.    The allegations in paragraph 101 of the Complaint constitute a legal conclusion to which no response is required.

## FIRST CLAIM FOR RELIEF UNDER N.Y. STATE LAW

### FALSE ARREST
### (AGAINST DEFENDANTS CITY AND HRPT)[1]

102.    Repeat and reallege their responses to paragraphs 1-101 of the Complaint as if fully set forth herein.

103.    Deny the allegations set forth in paragraph 103 of the Complaint.

104.    Deny the allegations set forth in paragraph 104 of the Complaint.

105.    Deny the allegations set forth in paragraph 105 of the Complaint.

## SECOND CLAIM FOR RELIEF UNDER N.Y. STATE LAW

### FALSE IMPRISONMENT
### (AGAINST DEFENDANTS CITY AND HRPT)

106.    Repeat and reallege their responses to paragraphs 1-105 of the Complaint as if fully set forth herein.

107.    Deny the allegations set forth in paragraph 107 of the Complaint.

108.    Deny the allegations set forth in paragraph 108 of the Complaint.

109.    Deny the allegations set forth in paragraph 109 of the Complaint.

110.    Deny the allegations set forth in paragraph 110 of the Complaint.

---

[1] Though plaintiffs assert pendant state law claims against the NYPD officer defendants, any such claims are timebarred per Judge Karas' recent decision in this case, and may only be asserted against the City and HRPT.

## THIRD CLAIM FOR RELIEF UNDER N.Y. STATE LAW

### ASSAULT
### (AGAINST DEFENDANTS CITY AND HRPT)

111.    Repeat and reallege their responses to paragraphs 1-110 of the Complaint as if fully set forth herein.

112.    Deny the allegations set forth in paragraph 112 of the Complaint.

113.    Deny the allegations set forth in paragraph 113 of the Complaint.

## FOURTH CLAIM FOR RELIEF UNDER N.Y. STATE LAW

### BATTERY
### (AGAINST DEFENDANTS CITY AND HRPT)

114.    Repeat and reallege their responses to paragraphs 1-113 of the Complaint as if fully set forth herein.

115.    Deny the allegations set forth in paragraph 115 of the Complaint.

116.    Deny the allegations set forth in paragraph 116 of the Complaint.

117.    Deny the allegations set forth in paragraph 117 of the Complaint.

## FIFTH CLAIM FOR RELIEF UNDER N.Y. STATE LAW

### MALICIOUS PROSECUTION
### (AGAINST DEFENDANTS CITY AND HRPT)

118.    Repeat and reallege their responses to paragraphs 1-117 of the Complaint as if fully set forth herein.

119.    Deny the allegations set forth in paragraph 119 of the Complaint.

120.    Deny the allegations set forth in paragraph 120 of the Complaint.

121.    Deny the allegations set forth in paragraph 121 of the Complaint.

122.    Deny the allegations set forth in paragraph 122 of the Complaint.

123.    Deny the allegations set forth in paragraph 123 of the Complaint.

124.    Deny the allegations set forth in paragraph 124 of the Complaint.

125.    Deny the allegations set forth in paragraph 125 of the Complaint.

126.    Deny the allegations set forth in paragraph 126 of the Complaint.

127.    Deny the allegations set forth in paragraph 127 of the Complaint.

128.    Deny the allegations set forth in paragraph 128 of the Complaint.

129.    Deny the allegations set forth in paragraph 129 of the Complaint.

130.    Deny the allegations set forth in paragraph 130 of the Complaint, except admit that charges against plaintiff Bomstein were dismissed on or about March 28, 2005.

131.    Deny the allegations set forth in paragraph 131 of the Complaint, except admit that charges against plaintiff Brar were dismissed on or about November 10, 2004.

132.    Deny the allegations set forth in paragraph 132 of the Complaint, except admit that charges against plaintiff Sidle were dismissed on or about October 28, 2004.


## SIXTH CLAIM FOR RELIEF UNDER N.Y. STATE LAW

### MALICIOUS ABUSE OF PROCESS
### (AGAINST DEFENDANTS CITY AND HRPT)


133.    Repeat and reallege their responses to paragraphs 1-132 of the Complaint as if fully set forth herein.

134.    Deny the allegations set forth in paragraph 134 of the Complaint.

135.    Deny the allegations set forth in paragraph 135 of the Complaint.

136.    Deny the allegations set forth in paragraph 136 of the Complaint.

137.    Deny the allegations set forth in paragraph 137 of the Complaint.


## SEVENTH CLAIM FOR RELIEF UNDER N.Y. STATE LAW

### NEGLIGENT EXPOSURE TO TOXIC CHEMICALS AND SUBSTANCES
### (AGAINST DEFENDANT CITY)

138.    Repeat and reallege their responses to paragraphs 1-137 of the Complaint as if

fully set forth herein.

139.    Deny the allegations set forth in paragraph 139 of the Complaint.

140.    Deny the allegations set forth in paragraph 140 of the Complaint.

141.    Deny the allegations set forth in paragraph 141 of the Complaint.

142.    Deny the allegations set forth in paragraph 142 of the Complaint.

143.    Deny the allegations set forth in paragraph 143 of the Complaint.


## EIGHTH CLAIM FOR RELIEF UNDER N.Y. STATE LAW

### NEGLIGENT EXPOSURE TO TOXIC CHEMICALS AND SUBSTANCES
### (AGAINST DEFENDANT HRPT)

144.    Repeat and reallege their responses to paragraphs 1-143 of the Complaint as if

fully set forth herein.

145.    Deny the allegations set forth in paragraph 145 of the Complaint.

146.    Deny the allegations set forth in paragraph 146 of the Complaint.

147.    Deny the allegations set forth in paragraph 147 of the Complaint.

148.    Deny the allegations set forth in paragraph 148 of the Complaint.

149.    Deny the allegations set forth in paragraph 149 of the Complaint.


## NINTH CLAIM FOR RELIEF UNDER N.Y. STATE LAW

### INTENTIONAL INFLICTION OF EMOTIONAL DISTRESS
### (AGAINST DEFENDANTS CITY AND HRPT)

150.    Repeat and reallege their responses to paragraphs 1-149 of the Complaint as if fully set forth herein.

151.    Deny the allegations set forth in paragraph 151 of the Complaint.

152.    Deny the allegations set forth in paragraph 152 of the Complaint.

153.    Deny the allegations set forth in paragraph 153 of the Complaint.

154.    Deny the allegations set forth in paragraph 154 of the Complaint.

155.    Deny the allegations set forth in paragraph 155 of the Complaint.


## TENTH CLAIM FOR RELIEF UNDER N.Y. STATE LAW

### NEGLIGENT INFLICTION OF EMOTIONAL DISTRESS
### (AGAINST DEFENDANTS CITY AND HRPT)

156.    Repeat and reallege their responses to paragraphs 1-155 of the Complaint as if fully set forth herein.

157.    Deny the allegations set forth in paragraph 157 of the Complaint.

158.    Deny the allegations set forth in paragraph 158 of the Complaint.

159.    Deny the allegations set forth in paragraph 159 of the Complaint.

160.    Deny the allegations set forth in paragraph 160 of the Complaint.

161.   Deny the allegations set forth in paragraph 161 of the Complaint.

## ELEVENTH CLAIM FOR RELIEF UNDER N.Y. STATE LAW

### PRIMA FACIE TORT
### (AGAINST DEFENDANTS CITY AND HRPT)

162.   Repeat and reallege their responses to paragraphs 1-161 of the Complaint as if fully set forth herein.

163.   Deny the allegations set forth in paragraph 163 of the Complaint.

164.   Deny the allegations set forth in paragraph 164 of the Complaint.

165.   Deny the allegations set forth in paragraph 165 of the Complaint.

166.   Deny the allegations set forth in paragraph 166 of the Complaint.

## TWELFTH CLAIM FOR RELIEF UNDER N.Y. STATE LAW

### NEGLIGENT HIRING AND RETENTION
### (AGAINST DEFENDANTS CITY AND HRPT)

167.   Repeat and reallege their responses to paragraphs 1-166 of the Complaint as if fully set forth herein.

168.   Deny the allegations set forth in paragraph 168 of the Complaint.

169.   Deny the allegations set forth in paragraph 169 of the Complaint.

**THIRTEENTH CLAIM FOR RELIEF UNDER N.Y. STATE LAW**

**NEGLIGENT TRAINING AND SUPERVISION**
**(AGAINST DEFENDANTS CITY AND HRPT)**

170.    Repeat and reallege their responses to paragraphs 1-169 of the Complaint as if fully set forth herein.

171.    Deny the allegations set forth in paragraph 171 of the Complaint.

172.    Deny the allegations set forth in paragraph 172 of the Complaint.

**AS AND FOR A FIRST AFFIRMATIVE DEFENSE**

173.    The Complaint fails in whole or in part to state a claim upon which relief may be granted.

**AS AND FOR A SECOND AFFIRMATIVE DEFENSE**

174.    There was probable cause for each of plaintiffs' arrest, detention, and/or prosecution.

**AS AND FOR A THIRD AFFIRMATIVE DEFENSE**

175.    Any and all injuries alleged in the Complaint were caused, in whole or in part, by the culpable, negligent, or intervening conduct of plaintiffs and/or third parties, and were not the proximate result of any act of defendants.

**AS AND FOR A FOURTH AFFIRMATIVE DEFENSE**

176.    This action is barred in whole or in part by the doctrines of res judicata and/or estoppel.

## AS AND FOR A FIFTH AFFIRMATIVE DEFENSE

177.    The individual defendants have not violated any clearly established constitutional or statutory rights of which a reasonable person would have known, and therefore, are entitled to qualified immunity.

## AS AND FOR A SIXTH AFFIRMATIVE DEFENSE

178.    Punitive damages are not recoverable against the City of New York.

## AS AND FOR A SEVENTH AFFIRMATIVE DEFENSE

179.    The amount of punitive damages against non-City defendants, if available, is limited by applicable state and federal constitutional provisions, including due process and other provisions of law.

## AS AND FOR AN EIGHTH AFFIRMATIVE DEFENSE

180.    Defendants have not violated any rights, privileges or immunities secured to the plaintiff under the Constitution, the laws of the United States, the laws of the State of New York or any political subdivision thereof, nor have defendants violated any act of Congress providing for the protection of civil rights.

## AS AND FOR A NINTH AFFIRMATIVE DEFENSE

181.    At all times relevant to the acts alleged in the complaint, defendants acted reasonably in the proper and lawful exercise of their discretion.

## AS AND FOR A TENTH AFFIRMATIVE DEFENSE

182.   At all times relevant to the acts alleged in the complaint, defendants acted reasonably in the proper and lawful exercise of their discretion.  Therefore, defendant City is entitled to governmental immunity from liability.

## AS AND FOR AN ELEVENTH  AFFIRMATIVE DEFENSE

183.   To the extent defendants used any force it was reasonable, necessary, and justified to accomplish their official duties and to protect their own physical safety and the physical safety of others.

## AS AND FOR A TWELFTH AFFIRMATIVE DEFENSE

184.   Plaintiffs' claims are barred, in whole or in part, by their contributory or comparative negligence and assumption of risk.

## AS AND FOR A THIRTEENTH AFFIRMATIVE DEFENSE

185.   Plaintiffs' claims are barred, in part, by their failure to comply with the conditions precedent to suit including, but not limited to, New York General Municipal Law §50-e and §50-i.

## AS AND FOR A FOURTEENTH AFFIRMATIVE DEFENSE

186.   Plaintiffs' claims are barred, in whole or in part, by the applicable statute(s) of limitations.

WHEREFORE, defendants request judgment dismissing the complaint in its entirety, together with the costs and disbursements of this action, and such other and further relief as the Court deems just and proper.

Dated:      New York, New York
              October 4, 2006

                        MICHAEL A. CARDOZO
                        Corporation Counsel of the City of New York
                        *Attorney for Defendants City of New York*
                          *and Hudson River Park Trust*
                        100 Church Street, Room 3-132
                        New York, New York 10007
                        (212) 788-1817

                  By:                /S/
                          Fred M. Weiler (FW 5864)
                        Assistant Corporation Counsel

TO:
Rose M. Weber, Esq.
225 Broadway, Suite 1608
New York, New York 10007
*Attorney for Plaintiffs*