UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

-----------------------------------------------------------x

| | |
|---|---|
| RITU KALRA, et al. | 05 CV 1563 (RJS)(JCF) |
| LINDSAY RYAN, et al. | 05 CV 1564 (RJS)(JCF) |
| ADRIENNE GARBINI, et al. | 05 CV 1565 (RJS)(JCF) |
| ADAM GREENWALD, et al. | 05 CV 1566 (RJS)(JCF) |
| BRIAN PICKETT, et al. | 05 CV 1567 (RJS)(JCF) |
| SACHA BOTBOL, et al. | 05 CV 1572 (RJS)(JCF) |
| EMILIA CROTTY, et al. | 05 CV 7577 (RJS)(JCF) |

Plaintiffs,

-versus-

THE CITY OF NEW YORK, et al.

Defendants.

-----------------------------------------------------------x


**DEFENDANTS' CONSOLIDATED MEMORANDUM OF LAW IN SUPPORT OF THEIR OBJECTIONS TO THE ORDER OF MAGISTRATE JAMES C. FRANCIS IV EXTENDING TIME FOR PLAINTIFFS TO SERVE PROCESS AND IN SUPPORT OF DEFENDANTS' MOTION TO DISMISS CERTAIN DEFENDANTS**


MICHAEL A. CARDOZO
Corporation Counsel of the City of New York
*Attorneys For Defendants*

James Mirro
Special Federal Litigation
100 Church Street, Room 3-130
New York, New York 10007
212.788.8026 (ph)
212.788.9776 (fax)


January 25, 2008

## TABLE OF CONTENTS

Preliminary Statement ........................................................................ 1

Background ....................................................................................... 2

Argument ........................................................................................ 10

      The Court Should Reverse The Magistrate's Orders ....................... 10

I.    Standard of Review .............................................................. 10

II.   The Magistrate's Orders, Which Misapplied Rule 4(m) Of The
     Federal Rules, Is Clearly Erroneous And Contrary To Law .... 11

III.  The Complaints Should Be Dismissed Against These Defendants
     For Plaintiffs' Failure To Serve Them Pursuant To Rule 4(m)  16

        A.  Plaintiffs Cannot Establish Good Cause Or Any Colorable
           Basis For An Extension Of Time To Serve Process ........... 17

           Plaintiffs Have Exercised No Diligence ........................... 18

           Plaintiffs' Failure To Serve Process Is Due
           To Neglect Of Plaintiffs' Counsel .................................. 19

           Plaintiffs' Counsel Has Been On Notice Of Defendants'
           Objections To Lack Of Service Of Process Since 2005 ........ 20

           Plaintiffs Failed To Seek Any Extension Of Time In
           Which To Serve Process Within 120 Days Or, For
           That Matter, Within The Statute Of Limitations ............... 21

           Plaintiffs Cannot Show Any "Exceptional Circumstances" .. 22

           Notice Of The Claims Against Defendants Does Not
           Excuse Plaintiffs' Failure to Serve Process ...................... 22

           Prejudice To Defendants Is Manifest Where Service Of
           Process Is Not Completed Before The Statute Of
           Limitations Has Expired ............................................. 23

           Portions Of Plaintiffs' Complaints Will Remain Viable
           Notwithstanding The Dismissal Of Individual Defendants ... 25

Conclusion .................................................................................... 26

## PRELIMINARY STATEMENT

Defendants submit this memorandum of law in support of their objections to the orders of Magistrate Judge James C. Francis IV dated December 18, 2007 and December 19, 2007 (collectively the "Order"), pursuant to Rule 72 of the Federal Rules of Civil Procedure ("FRCP"). In addition, defendants submit this memorandum in support of their motion to dismiss certain named defendants pursuant to FRCP Rule 12(b)(2) (for lack of jurisdiction over these defendants), Rule 12(b)(5) (for insufficiency of service of process) and Rule 4(m) (for failure to serve defendants timely). This motion seeks relief that was not previously sought before Magistrate Francis and is a new application.[1]

The Magistrate's Order resulted from plaintiffs' failure to serve eleven retired NYPD officers and plaintiffs' request for additional time in which to serve them (in the first six of the captioned actions). Because nine of the eleven retired officers identified in plaintiffs' request were named in plaintiffs' complaints over two years ago (in 2005), and because Judge Karas already had dismissed plaintiffs' state law claims against each of these officers as a remedy for plaintiffs' failure to serve them with process timely (in 2006), defendants objected to plaintiffs' request (dated December 3, 2007) for still additional time in which to serve them. See Bunim, et al. v. The City of New York, et al., 2006 WL 2056386 (S.D.N.Y. 2006). Magistrate Francis previously had rejected a similar application by plaintiffs' counsel after finding that "counsel has not demonstrated sufficient diligence to warrant the relief requested." Crotty, et al. v. The City of New York, et al., 05 CV 7577 (RJS) (JCF) (Order of November 27, 2007).

---

[1] Judge Karas instructed the parties in the RNC cases to submit any dispositive briefing, including motions to dismiss and motions for summary judgment, directly to him. Thus, the Rule 4(m) motion to dismiss that defendants filed in these same actions on December 30, 2005 was filed with Judge Karas, as were the motions to dismiss currently pending in the Concepcion and Dunlop cases. Defendants are following that same practice by submitting this motion to Your Honor in the first instance.

In the Magistrate's Order in these cases, however, the Magistrate incorrectly applied Rule 4(m) with respect to the nine retired officers first named in these actions in 2005 and failed to account for Judge Karas' opinion and order of July 21, 2006. On this basis, which was clearly erroneous and contrary to law, the Magistrate granted plaintiffs until January 31, 2008 in which to serve these defendants. Defendants take this appeal with respect to those nine retired officers (Spies, Hamer, Rodriguez, Choinski, Fitzpatrick, Woods, Vasquez, Stumpf and Sedita). Defendants do not appeal with respect to the two remaining retired officers (Crimmins and Randall) who were first named in their respective actions on August 13, 2007.

Defendants ask that the Court reverse that part of the Magistrate's Order that extended the plaintiffs' time to serve these nine defendants under Rule 4(m). In addition, defendants request that the Court dismiss these nine defendants from these actions; and request that the Court dismiss the defendant in the Crotty case (Martin) with respect to whom Magistrate Francis already has refused to extend plaintiffs' time to serve. This additional relief will relieve the parties of the need to brief these same issues in a separate dispositive motion in the future.

## BACKGROUND

### Crotty

In the Crotty case, plaintiffs named Robert Martin as a defendant in their Third Amended Complaint, which they filed on May 4, 2007 (Exhibit "A").[2]  On October 28, 2007, more than 120 days after that complaint was filed, plaintiffs asked the Court for an extension of time in which to serve Martin, through December 31, 2007 (Exhibit "B"). Defendants opposed that application for all of the reasons set forth in defendants' letter of November 6, 2007 (Exhibit

---

[2] All exhibits are attached to the Declaration of James Mirro ("Mirro Dec.") that is submitted with this brief.

"C"). Among other things, defendants refuted plaintiffs' arguments that they lacked the correct shield number and command in which Martin had worked and which, they claimed, prevented them from serving the defendant (for the sake of brevity, defendants refer the Court to the attached correspondence rather than repeat the arguments here). On November 9, 2007, plaintiffs replied (Exhibit "D") and, on November 13, 2007, defendants responded to that reply (Exhibit "E").[3] On November 27, 2007, Magistrate Francis issued his order denying all of the relief sought by plaintiffs and finding specifically that "counsel has not demonstrated sufficient diligence to warrant the relief requested." Crotty, et al. v. The City of New York, et al., 05 CV 7577 (RJS) (JCF) (Order of November 27, 2007) (Exhibit "F"). To defendants' knowledge, Martin never has been served.

### *Kalra, Ryan, Garbini, Greenwald, Pickett, Botbol*

In each of the remaining actions at issue here, plaintiffs filed their complaints and a series of amended complaints (filed at or about the same time in each action) beginning in February 2005. By way of example, in Kalra, on February 4, 2005, plaintiffs filed a complaint that asserted federal claims against the City of New York; on August 24, 2005, they filed an amended complaint that added federal claims against certain individual defendants (as well as federal and state claims against the Hudson River Park Trust ("HRPT")); on November 22, 2005,

---

[3] In plaintiffs' letter, as in many others filed by plaintiffs, plaintiffs' counsel takes an unnecessarily *ad hominem* approach. For instance, in footnote 1 of that letter, in response to defendants' references to prior proceedings before Judge Karas in these same cases, plaintiffs characterized those references as "completely gratuitous . . . vexatious and harassing." Plaintiffs' counsel asked Magistrate Francis "to instruct [defendants] to refrain from citing" her own argument to Judge Karas in those proceedings and to refrain from citing Judge Karas' published opinion of July 21, 2006. Defendants responded to that meritless argument in their letter of November 13, 2007 (Exhibit "E"). In the July 2006 argument before Judge Karas, the Judge himself chastised Ms. Weber for precisely this kind of conduct. "I mean, even your brief was a little hard going, frankly, and I thought that, given that you were way out of time in serving, I might have taken a different approach." Transcript at 21:16 (Exhibit "H").

they filed a second amended complaint that asserted state claims against all named defendants. The following defendants were named in complaints filed on the following dates:

> Tim Spies (Ryan), named in Amended Complaint, 8/26/05
> Robert Hamer (Ryan), named in Amended Complaint, 8/26/05
> Neil Rodriguez (Botbol), named in Amended Complaint, 8/26/05
> Stephen Choinski (Kalra), named in Amended Complaint, 8/26/05
> Gerald Fitzpatrick (Greenwald), named in Amended Complaint, 8/26/05
> John Woods (Greenwald), named in Amended Complaint, 8/26/05
> Marvin Vasquez (Pickett), named in Amended Complaint, 8/26/05
> Kenny Stumpf (Ryan), named in 2d Amended Complaint, 11/23/05
> Sal Sedita (Garbini), named in 2d Amended Complaint, 11/23/05

For the Court's convenience, the first page along with the signature and date page of each of these complaints are collected at Exhibit "G."

On December 30, 2005, the City moved the court to dismiss each of these actions as against the City due to plaintiffs' failure to serve process within the time set by Rule 4(m). In addition, as of that date, none of these nine officers nor any of the other individual defendants (excluding the City and the HRPT) had been served with process in any of these cases. On January 9, 2006, in plaintiffs' opposition, they readily acknowledged their "failure to comply with the Federal Rules" and plaintiffs' counsel "respectfully request[ed] that whatever sanction the Court imposes be directed at me" rather than at plaintiffs. See Plaintiffs' Memorandum of Law in Opposition to Defendants' Motion to Dismiss The Complaints at 5-6.

On July 18, 2006, Judge Karas held oral argument on defendants' motion (for the Court's convenience, the full transcript ("Transcript") is attached as Exhibit "H"). At that time, plaintiffs asserted that they did not serve the complaints within the four months set by the Federal Rules because they had not yet completed their 50-H hearings. Defendants refuted that argument. See Transcript at 6-7, 17-21. Defendants noted that even service of process on the City, which was named in complaints that asserted exclusively federal grounds, was months late;

4

and that there never was any attempt to serve process on any of the individually named defendants even after the 50-H hearings were completed.  The Court added that there was "never an attempt to ask for an extension of time."  Transcript at 7:6, 15:17-22.  Judge Karas was concerned with the explanation offered by plaintiffs:

> **The Court:**   [O]ne of the points Mr. Kranis made I think crystallized in oral argument here is that you file a complaint in February of '05 and you only include federal claims.  So why not serve that complaint?  The 50-H's have got nothing to do with the federal claims.

Transcript at 25:6-10.  Plaintiffs conceded their widespread defaults.  When pressed by Judge Karas as to why plaintiffs had neither served the defendants nor sought an extension of time, counsel acknowledged her neglect:

> **Ms. Weber:**  I should have done that.  I said that at the last conference.  It was an error of judgment on my part. . . . I foolishly thought [that] I would just wait. . . . But that was all foolish; it was all poor judgment on my part. . . . As I said the last time, if Your Honor wants to sanction me for it, I absolutely understand that.

Transcript at 18:8-21.   Judge Karas seemed particularly concerned with plaintiffs' lack of diligence, if not their willful decision not to comply with the Federal Rules:

> **The Court:**  What also strikes me is that Mr. Kranis submits his brief in support of his motion on December 30[th] of 2005 and he tells me that some of the individually named defendants still have not been served.   And I'm sort of interested in this, now that you've -- presumably you read his brief.  Maybe you don't read it on New Year's Eve, but you read it some point after December 30th . . . and then seven months go by, seven and a half months go by, and there's still no service, I'm told, on the individually named defendants.  What on earth would justify that?"

Transcript at 27:22-29.  To defendants' surprise, Ms. Weber represented to Judge Karas that she actually *had* served individually named defendants (a position from which she quickly retreated):

5

> **Ms. Weber:** I have at this point, Your Honor, very few individually named defendants other than the police higher-ups, who have been served, I believe. I don't want to commit to that[.]
>
> **The Court:** Mr. Kranis is saying no.
>
> **Ms. Weber:** Is that – is that – okay.

Transcript at 28:8-13. Judge Karas continued to focus on plaintiffs' apparent decision not to serve the defendants within the time set by the Federal Rules:

> **The Court:** [A]nd in any event, when you have, as you call it, a lapse in judgment that might explain the lack of service between February '05 and December 30, '05, it would seem to me that a lightbulb, if nothing else, would go off on December 30th or whenever it was you would read the brief and say, all right, you know, it's this fool me once, fool me twice thing. Okay . . . I'm falling on the sword, sanction me if you want, I screwed up, between February and December '05 but, you know, look what I did, when I got the City's brief, I served everybody I named in the complaint, and then I'll fight over whether or not they should stay in the case. Here –

Transcript at 28:19-29:5. The Court also pointedly asked plaintiffs' counsel whether there was not at least some prejudice to defendants:

> **The Court:** [T]here is, is there not, at least some prejudice to [defendants]? I mean, time has gone by, the statute's run. There's a purpose to the statute of limitations, which is people think that life can move on, they don't engage in steps to defend themselves, and then all of a sudden there's a lawsuit that they could have been served with within the appropriate time and they weren't. . . . How is there not at least some prejudice to those individually named defendants?

Transcript at 23:9-20. Plaintiffs conceded that the dismissal of their state law claims against the individually named defendants was an appropriate remedy:

> **The Court:** So that the claims against the individually named defendants would be deemed out of the case?
>
>           *    *    *
>
> **Ms. Weber:** [I]t seems to me, even though I hesitate to give up any claims, it seems to me that that might be in a sense a fair

> resolution of this.  Because I admit, it was a lapse in judgment for
> me not to serve timely or to ask for an extension.

Transcript at 20:14-25; 29:6-9.

On July 21, 2006, Judge Karas issued his opinion and order dismissing one action in its entirety (Kerns) and, *inter alia,* dismissing all of the state law claims that all of the plaintiffs had asserted against all of the individually named defendants in 12 other actions (including all of the first six in the caption of this appeal). Bunim, et al. v. The City of New York, et al., 2006 WL 2056386 (S.D.N.Y. 2006).  Defendants emphasize that, aside from Kerns, Judge Karas did not dismiss any complaints; and Judge Karas did not dismiss any defendants. This is precisely the remedy that plaintiffs' counsel discussed with Judge Karas and to which plaintiffs' counsel consented during the July 18, 2006 hearing.  Contrary to plaintiffs' assertions during the status conference with Your Honor on January 14, 2008, all of plaintiffs' complaints (except Kerns) against all of the defendants, which pleaded federal claims against those defendants, remained active.  See, e.g. "Amended Complaint" and "Second Amended Complaint" in Kalra (Exhibit "I" hereto).  In his order, Judge Karas explicitly rejected all of the plaintiffs' excuses for their failure to serve process.  "Plaintiffs have not provided a single reason why they could not have timely served process of the original complaints filed November 29, 2004, and then amended their complaints [later]." Bunim, 2006 WL 2056386 at *2.

Notwithstanding that plaintiffs had pending complaints that pled federal claims against all named defendants, plaintiffs apparently took no action whatsoever to serve any of the nine officers listed above for the next 16 months.  On November 13, 2007, according to plaintiffs, they asked defense counsel Fred Weiler to inquire whether the NYPD Legal Bureau would accept service of process on behalf of these officers.  See Letter from plaintiffs' counsel to the Court dated December 3, 2007 (Exhibit "J").  Sometime on or after November 28, 2007,

according to plaintiffs, they asked defendants to consent to an extension of time to serve process on these officers. Id. Defendants declined to do so. On December 3, 2007, plaintiffs made an application to the Magistrate in which they sought, among other relief, permission "until January 31, 2008 to serve any retired officers for whom Police Legal will not be accepting service." Id.

To the surprise of defendants, in their December 3, 2007 letter plaintiffs represented to the Magistrate that the "120-day period [] began on August 13, 2007" with respect to these retired officers. Id. at 1. Plaintiffs emphasized that "the 120-day clock continues to click" and blamed defendants for "having squandered three full weeks of the four months to which plaintiffs are entitled[.]" Id. After taking no action at all to serve these defendants for over two years, and after having their state law claims dismissed by Judge Karas for their failure to serve process timely, plaintiffs characterized defendants' December 2007 refusal to consent to still additional time as "arrogant" and "unprofessional." Id.

On December 11, 2007, defendants opposed plaintiffs' application (Exhibit "K"). Defendants argued that, consistent with Judge Karas' July 21, 2006 opinion and order and the Magistrate's own order in Crotty dated November 27, 2007, plaintiffs' application should be denied. Defendants emphasized that, with respect to all of the nine officers that are the subject of this appeal, "the 120-day period had long since expired when plaintiffs first requested that defendants obtain the consent of the retired officers to have NYPD Legal accept service of process on their behalf." Id. at 1. Defendants also noted that plaintiffs' failure to serve these retired officers was not for lack of opportunity. "For reasons unknown to defendants – and left unexplained in plaintiffs' application – Ms. Weber elected not to serve [at least four] of these retired officers when they appeared at their depositions" in the RNC cases. Id. at 2. Defendants reminded the Magistrate that Judge Karas previously had dismissed the state law claims against

these defendants due to plaintiffs' failure to serve process on these defendants; and defendants noted that plaintiffs had offered no excuse whatsoever for their continued dilatory conduct. Id. at 2-4. Defendants refer the Court to the attached correspondence for the full argument.

In plaintiffs' December 17, 2007 reply, they recited a string of excuses for their failure to serve these nine retired officers (Exhibit "L"). Plaintiffs continued to insist that the applicable 120-day period started anew for each of these defendants upon the filing of plaintiffs' most recent amended complaints (without citing any legal authority). Apparently in reliance upon plaintiffs' faulty legal arguments, the Magistrate granted plaintiffs' request to extend their time to serve these defendants until January 31, 2008. See Orders dated December 18, 2007 and December 19, 2007 (collectively the "Order") (Exhibit "M"). In that Order, the Magistrate's error was immediately apparent when he held that "The inquiry by plaintiffs' counsel a month before expiration of the period for service of the Third Amended Complaint was timely." Order at ¶ 1.[4] Defendants respectfully submit that the Magistrate's Order extending to 2008 the plaintiffs' time to serve retired officers who were named in complaints in these actions in 2005 is clearly erroneous and contrary to law. Accordingly, defendants request that the Court reverse that Order and dismiss these defendants pursuant to Rule 4(m).

---

[4] On December 17, 2007, defendants advised plaintiffs that the NYPD Legal Bureau had been appointed agent for service of process as to three officers and, therefore, would accept service for them (without waiving any defenses including timeliness of service). On December 27, 2007, defendants advised plaintiffs that NYPD Legal had received authorization for one additional officer and provided the home addresses of the remainder (again without waiving any defenses). As of today, defendants understand that plaintiffs have served some of these defendants but not others. We have no evidence of service on Robert Hamer (Ryan), Tim Spies (Ryan), Marvin Vasquez (Pickett), Gerald Fitzpatrick (Greenwald) or John Woods (Greenwald); Neil Rodriguez (Botbol) was served on 1/4/08, Stephen Choinski (Kalra) was served on 1/3/08, Kenny Stumpf (Ryan) was served on 12/13/07, and Sal Sedita (Garbini) was served on 1/3/08.

## ARGUMENT

## THE COURT SHOULD REVERSE THE MAGISTRATE'S ORDERS

### I.

### Standard Of Review

Rule 72 of the FRCP provides the standard of review applicable here. The Rule provides that, as to *non-dispositive* matters, "[t]he district judge to whom the case is assigned shall consider such objections and shall modify or set aside any portion of the magistrate judge's order found to be clearly erroneous or contrary to law." Rule 72(a). As to *dispositive* matters, "[t]he district judge [shall] make a *de novo* determination upon the record, or after additional evidence, of any portion of the magistrate judge's disposition to which specific written objection has been made[.]" Rule 72(b); see also Federal Magistrates Act, 28 U.S.C. §§ 636(b)(1). In these cases, where the Magistrate's order has the effect of disposing of defendants' Rule 4(m) defenses, and their limitations defenses, the Order is "dispositive" and the Court should review this matter under the *de novo* standard.[5] In any event, the Court should reverse the Order because it is also clearly erroneous and contrary to law.

---

[5] "The term '*de novo* determination' has 'an accepted meaning in the law. It means an independent determination of a controversy that accords no deference to any prior resolution of the same controversy.'" Greene v. WCI Holdings Corp., et al. 956 F. Supp. 509, 514 (S.D.N.Y. 1997) (Edelstein, J.) (quoting United States v. Raddatz, 447 U.S. 667, 690, 100 S.Ct. 2406, 2419 (1980)), aff'd, 136 F.3d 313 (2d Cir. 1998). "Therefore, *de novo* review 'means reconsideration afresh by the district judge in this sense: no presumption of validity applies to the magistrate's findings or recommendations.'" Greene, 956 F. Supp. at 514 (quoting Moore's Federal Practice). "A finding is 'clearly erroneous' if the reviewing court is "left with the definite and firm conviction that a mistake has been committed.'" Lyondell, 2005 WL 551092 at *1 (quoting Easley v. Cromartie, 532 U.S. 234, 242 (2001)). "An order is contrary to law when it fails to apply or misapplies relevant statutes, case law, or rules of procedure." Tribune Co. v. Purcigliotti, 1998 WL 175933, * 1 (S.D.N.Y. 1998) (Preska, J.).

## II.

### The Magistrate's Order, Which Misapplied Rule 4(m) Of The Federal Rules, Is Clearly Erroneous And Contrary To Law

In the Order, the Magistrate expressly held that "[t]he inquiry by plaintiffs' counsel a month before expiration of the period for service of the Third Amended Complaint was timely" and, therefore, that "[t]he time to effect service of these defendants is extended to January 31, 2008 pursuant to Rule 4(m) of the Federal Rules of Civil Procedure." Order at ¶¶ 1, 3. The Magistrate's Order was clearly erroneous and contrary to law because the Magistrate misapplied FRCP 4(m) in several material respects.

Rule 4 of the Federal Rules of Civil Procedure provides that "A summons shall be served together with a copy of the complaint." Rule 4(c)(1). "The plaintiff is responsible for service of a summons and complaint within the time allowed under subdivision (m)[.]" Id. The requirement that plaintiff serve a summons is not merely technical, but is jurisdictional. Before a federal court may exercise personal jurisdiction over a defendant, the procedural requirement of service of summons must be satisfied. 2 Moore's Federal Practice (2nd Ed.) ¶ 4.07[1] at 4-134 ("service of the summons and complaint must be effected if the court is to have the power to proceed in the case"). If plaintiff fails to serve a summons, or if the service of summons is defective, the court may dismiss the action pursuant to Rules 12(b)(2) and 12(b)(5). When the adequacy of plaintiffs' service of process is challenged, plaintiff has the burden of showing that the requirements are satisfied so as to permit the Court to exercise personal jurisdiction over the defendant. Lab Crafters, Inc. v. Flow Safe, Inc., 233 F.R.D. 282, 284 (E.D.N.Y. 2005) (Feuerstein, J.) (holding that the Federal Rules "place the responsibility for proper service of summons and complaint, and the burden of demonstrating proper service, squarely upon the

11

plaintiff"); <u>Morillo v. City of New York</u>, 2003 WL 22319609, *3 (S.D.N.Y. 2003) (Cote, J.) (same).

Rule 4(m) provides that "If service of the summons and complaint is not made upon a defendant within 120 days after the filing of the complaint, the court, upon motion or on its own initiative after notice to the plaintiff, shall dismiss the action without prejudice as to that defendant or direct that service be effected within a specified time[.]" Rule 4(m). With respect to each new defendant added to an action, the 120-day period <u>begins</u> to run from the date when the complaint naming that defendant is filed; and the 120-day period <u>does not</u> begin anew as to previously named defendants when plaintiffs file an amended complaint. <u>Bolden v. City of Topeka</u>, 441 F.3d 1129, 1145-49 (10th Cir. 2006) (affirming dismissal of defendants named in prior versions of complaint and rejecting notion that 120-day period starts anew with amended complaint).[6] <u>See also</u> <u>Carmona v. Ross</u>, 376 F.3d 829, 830 (8th Cir. 2004) (affirming dismissal under 120-day rule of "unserved defendants who previously were named in the first amended complaint"); <u>Reany v. United States</u>, 738 F. Supp. 680, 681-82 (E.D.N.Y. 1990) (Wexler, J.) (dismissing action where original complaint was never served on defendant and "service of the amended complaint took place more than 120 days after [the original complaint was filed] and, therefore, violated [Rule]"); <u>Leonard v. Stuart-James Co.</u>, 742 F. Supp. 653, 662 (N.D. Ga. 1990)

---

[6] According to the Tenth Circuit: "Although Rule 4(m) might be read to permit service within 120 days of the most recently filed version of the complaint, we agree with the other authorities that have addressed the issue and refuse to so read Rule 4(m). . . . [T]he 120-day period provided by Rule 4(m) is not restarted by the filing of an amended complaint except as to those defendants newly added in the amended complaint. [citations omitted]. <u>This construction of the rule prevents the plaintiff from repeatedly filing amended complaints 'to extend the time for service indefinitely</u>'[citations omitted]. In particular, if we read Rule 4(m) to refer to the most recently filed version of the complaint, regardless of whether the defendant to be served was newly added, <u>dilatory plaintiffs could evade the rule's time deadline by taking advantage of the opportunity under [Rule 15] to amend the complaint . . . , a plaintiff who had never bothered to serve any defendant could avoid altogether the original 120-day deadline simply by filing an amended complaint when it felt like effecting service</u>. Accordingly, we read 'service . . . upon a defendant within 120 days after the filing of the complaint,' Rule 4(m), to refer to filing of the first version of the complaint naming the particular defendant to be served." <u>Bolden</u>, 441 F.3d at 1148-49 (emphasis added).

12

Case 1:05-cv-01572-RJS-JCF   Document 95-2   Filed 01/29/08   Page 15 of 28

(dismissing defendant and reasoning that "if an amendment were allowed to substitute for the original for service, plaintiffs would have no incentive to serve the original complaint within the 120-day period"); <u>Baden v. Craig-Hallum, Inc.</u>, 115 F.R.D. 582, 586 & n.3 (D. Minn. 1987) (rejecting argument that service of third amended complaint on previously named defendant would satisfy rule; "the courts have made clear that plaintiff's amendment of the complaint does not justify delay in service of the original complaint").[7]

   In short, the law provides that a plaintiff may not avoid the mandate to serve process timely by the simple expedient of filing one or more amendments to her complaint (as plaintiffs have done here). When the Magistrate held that "[t]he inquiry by plaintiffs' counsel a month before expiration of the period for service of the Third Amended Complaint was timely," the Magistrate overlooked the fact that each of the defendants at issue here was added to the respective complaint over two years earlier and had not been served. The plaintiffs' inquiry, therefore, came not "a month before expiration of the period for service" but 24 months *after* expiration of the period for service (21 months in the cases of Stumpf and Sedita). On this basis, which was clearly erroneous and contrary to law, the Magistrate extended plaintiffs' time to serve these defendants to approximately 29 months after defendants were first named in the complaint (26 months for Stumpf and Sedita).

   In addition to the foregoing error, the Magistrate erred by failing to consider any of the factors that the Second Circuit and the Southern District have identified as factors that

---

[7] <u>See also</u> <u>Excalibur Oil, Inc. v. Gable</u>, 105 F.R.D. 543, 545 & n.4 (N.D. Ill. 1985) (dismissing action and holding that "[i]t will not do for Excalibur to rely on the fact of filing an Amended Complaint to justify its lack of prior service of process on the individual defendants. Once again the normal and expected procedure would have been to have served defendants first, *then* to amend the Complaint"); <u>Bryant v. Brooklyn Barbeque Corp.</u>, 130 F.R.D. 665, 667 (W.D. Mo. 1990) (rejecting plaintiffs' argument that the complaint should not be dismissed "because she filed a first amended complaint" and served defendants with it; granting defendants' motions to dismiss and motion for sanctions), <u>aff'd</u>, 932 F.2d 697 (8th Cir. 1991).

should inform the Magistrate's exercise of discretion under Rule 4(m).   That legal analysis, which is discussed more fully below, involves at a minimum consideration of whether plaintiffs have demonstrated "good cause" for their failure to serve process timely and, if not, whether they have articulated *any* colorable basis on which the Court should grant an extension.   Thus, in Zapata v. The City of New York, 502 F.3d 192, 193 (2nd Cir. 2007), the Second Circuit held that district courts may exercise their discretion to grant extensions under Rule 4(m) absent a showing of good cause only "under certain circumstances" and not where plaintiff "advanced no colorable excuse whatsoever for his neglect."  The Second Circuit held that, however the district court conducts its analysis under Rule 4(m), the court's analysis must "inevitably involve a weighing of overlapping equitable considerations."   Zapata, 502 F.3d at 197.   Those considerations, as articulated by courts within the Second Circuit, include all of those set forth in Section III below.   The Magistrate's Order, which fails to recite any of the pertinent legal standards, is clearly erroneous and contrary to law for this additional reason.

Defendants submit that, had the Magistrate considered the foregoing factors, the Magistrate could not have granted the extension sought by plaintiffs.   That is because, as set forth in Section III below, all of the pertinent factors considered by the Second Circuit under Rule 4(m) favored dismissal (or denial of plaintiffs' request for additional time) as of the time that the Magistrate issued his Order.   Indeed, in their application to the Magistrate, plaintiffs did not offer any colorable basis, as contemplated by the Second Circuit, on which the Magistrate could have granted the extension.  See Zapata, 502 F.3d 192.   In another case with facts very similar to those presented here, in Bogle-Assegai v. State of Connecticut, 470 F.3d 498, 509 (2nd Cir. 2006), the Second Circuit held, "given that [plaintiff] made no effort to show good cause for her failure and never requested an extension of time during the 600-odd days when the case was

pending after she first learned of [defendants'] objections to service, *we hardly think an extension of the 120-day period, in lieu of dismissal, could have been an extension for 'an appropriate period' [under Rule 4(m)]."* Id. (emphasis added). Nor did the Magistrate consider the Second Circuit's holding in Zapata (discussed more fully in Section III below) that defendants are prejudiced as a matter of law by an extension under Rule 4(m) after the statute of limitations has expired. For these additional reasons, the Magistrate's Order is clearly erroneous and contrary to law.

Defendants emphasize that the effect of the Magistrate's Order is to extend even further a deadline that Judge Karas already found to have been missed without good cause some 18 months ago. Plaintiffs' counsel conceded that point at the oral argument before Judge Karas; and Judge Karas recited that concession in his July 21, 2006 opinion. The Magistrate's Order extending time for service, which came some 18 months *after* Judge Karas' decision, which failed to set forth any legal analysis or to acknowledge Judge Karas' prior decision, and which failed to consider any of the pertinent facts, is inconsistent with the spirit if not the letter of Judge Karas' decision. However wide the Magistrate's discretion to extend time under Rule 4(m), defendants respectfully submit that it is not so wide that the Magistrate may overlook applicable law; incorrectly apply the 120-day period contemplated by Rule 4(m); forego entirely the multi-factored legal analysis required under Rule 4(m); overlook recent Second Circuit authority holding that defendants are prejudiced as a matter of law by such an extension; and issue an order inconsistent with a finding of the district judge.

For all of these reasons, the Magistrate's Order leaves defendants, and we believe that it will leave the Court, with a "definite and firm conviction that a mistake has been committed." See Lyondell, 2005 WL 551092 at *1 (quoting Easley v. Cromartie, 532 U.S. 234,

242 (2001)). If the Court finds that the *de novo* standard of review applies here, then defendants submit that the Court should reach the same result even more easily. In any event, defendants respectfully submit that the Court should reverse.

## III.

### The Complaints Should Be Dismissed Against These Defendants
### For Plaintiffs' Failure To Serve Them Pursuant To Rule 4(m)

Defendants submit that the complaints against each of the nine defendants at issue in the appealed Order, and the complaint against Martin in <u>Crotty</u>, should be dismissed under Rule 4(m). Rule 4(m) provides:

> If service of the summons and complaint is not made upon a defendant within 120 days after the filing of the complaint, the court, upon motion or on its own initiative after notice to the plaintiff, *shall dismiss the action without prejudice as to that defendant* or direct that service be effected within a specified time; provided that if the plaintiff shows good cause for the failure, the court shall extend the time for service for an appropriate period.

Rule 4(m) (emphasis added). On these issues, it is plaintiffs' burden to show timely and effective service of process – or good cause for their failure to serve timely. "The plaintiff bears the burden of proof in showing that it had good cause in not timely serving the defendant[s]." <u>Bunim, et al. v. The City of New York, et al.</u>, 2006 WL 2056386, *2 (S.D.N.Y. 2006) (Karas, J.) (dismissing claims for failure to serve process timely); <u>Lab Crafters, Inc. v. Flow Safe, Inc.</u>, 233 F.R.D. 282, 284 (E.D.N.Y. 2005) (Feuerstein, J.) (holding that the Federal Rules "place the responsibility for proper service of summons and complaint, and the burden of demonstrating proper service, squarely upon the plaintiff"); <u>Morillo v. City of New York</u>, 2003 WL 22319609, *3 (S.D.N.Y. 2003) (Cote, J.) (same).

16

**A.**

### Plaintiffs Cannot Establish Good Cause Or Any
### <u>Colorable Basis For An Extension Of Time To Serve Process</u>

Plaintiffs cannot show good cause here.  Judge Karas already has held expressly that plaintiffs lacked good cause.  "Here . . . plaintiffs do not assert that they had good cause for their failure to timely serve their complaints.  Indeed, plaintiffs' counsel conceded at oral argument that failure to timely serve or to request an extension of time in which to serve was a poor exercise of judgment."  <u>Bunim,</u> 2006 WL 2056386 at *2.  With respect to service on the individually named defendants (including all of those at issue here except Martin), the Court held that "plaintiffs have had ample opportunity to serve the remaining defendants, even after the filing of these motions, and yet have failed to do so."  <u>Id.</u> at *4.  With respect to Martin, Magistrate Francis already has denied plaintiffs' request for additional time in which to serve him and specifically has held that "counsel has not demonstrated sufficient diligence to warrant the [extension of time]."  <u>Crotty, et al. v. The City of New York, et al.,</u> 05 CV 7577 (RJS) (JCF) (Order of November 27, 2007) (Exhibit "F").  Because the Court already has decided that plaintiffs lacked good cause for their failure to serve these defendants, the Court need not revisit that issue.  If the Court were inclined to consider that issue anew, however, defendants submit that the Court should reach the same result.

In light of the concessions made by plaintiffs' counsel in oral argument on July 18, 2006, the passage of another 18 months in which service of process was not effected (16 months in which service was not even attempted), and the overwhelming weight of legal authority cited below, the Court should not find good cause here and should not grant an extension of time under Rule 4(m) in the absence of good cause.  As a practical matter, courts in the Second Circuit have considered the same factors whether considering an extension for good

cause or an extension in its absence.  Contrary to some lower court authorities, courts in the Second Circuit have considered numerous factors in deciding whether plaintiffs should be excused for their failure to serve process timely.  All of these factors favor dismissal of the defendants now at issue rather than an extension of time to serve process on them.

### Plaintiffs Have Exercised No Diligence

The first and most critical factor is whether plaintiffs have exercised diligence in their efforts to serve process.  Here, plaintiffs have exercised no diligence whatsoever.  It is undisputed that plaintiffs took no steps at all to serve process on any of the nine defendants for over two years after they were added to these actions and until months after the expiration of the statute of limitations.  Plaintiffs, who are not proceeding *pro se* or *in forma pauperis* and who have experienced litigation counsel, have offered no colorable excuse for this failure.  The Second Circuit (and the lower courts) repeatedly have declined to excuse the failure to serve where plaintiffs have made no effort whatsoever, or only minimal or half-hearted efforts, to serve process on defendants within the 120 days.  Zapata v. The City of New York, 502 F.3d 192, 199 (2nd Cir. 2007) (affirming dismissal where plaintiff made no effort to effect service within the service period and neglected to ask for an extension within that time); Bogle-Assegai v. State of Connecticut, 470 F.3d 498, 509 (2nd Cir. 2006) (affirming dismissal where plaintiff made no effort to effect personal service on defendants); Russo Securities v. Ryckman, 2005 WL 3453819, *1 (2nd Cir. 2005) (affirming dismissal and holding that "where, as here, a party does not attempt service of process on a [defendant], related claims may be dismissed"); Frasca v. United States, 921 F.2d 450, 453 n. 1 (2nd Cir. 1990) (affirming dismissal and holding that plaintiffs' attempted service "cannot accurately be characterized as a 'technical defect in service'

rather than a complete failure" because plaintiffs "did not make any effort to serve [defendants] within 120 days").[8]

### Plaintiffs' Failure To Serve Process Is Due To Neglect Of Plaintiffs' Counsel

There is no dispute that plaintiffs' failure to serve process is due to the neglect of plaintiffs' counsel. The responsibility for service of process lies with plaintiffs' counsel. Here, Judge Karas already has found that, as of July 21, 2006, plaintiffs' failure to serve process was the result of plaintiff counsel's neglect. Counsel acknowledged as much during the July 18, 2006 conference (see Background Section above). Since that conference, and until months after the limitations period expired, plaintiffs' counsel did not even take the first step toward attempting service of process. Where the failure to serve process timely is fairly regarded as the result of the neglect, inadvertence or lack of diligence of plaintiffs' counsel, dismissal is the appropriate remedy. Zapata v. The City of New York, 502 F.3d 192 (2nd Cir. 2007) (affirming dismissal); Bogle-Assegai v. State of Connecticut, 470 F.3d 498, 509 (2nd Cir. 2006) (affirming dismissal); Johnson v. New York City Board of Education, 23 Fed. Appx. 70, 72, 2001 WL 1586692, *2 (2nd Cir. 2001) (affirming dismissal even where plaintiffs had attempted to serve process); Gordon v. Hunt, 116 F.R.D. 313, 319 (S.D.N.Y. 1987) (Lasker, J.) (dismissing action and holding that "the first factor which courts have considered in determining whether good

---

[8] See also Thayer v. Dial Industrial Sales, Inc., 85 F. Supp. 2d 263, 266 & n.1 (S.D.N.Y. 2000) (Conner, J.) ("because plaintiff has never attempted to serve [defendant] and more than six months has accrued since the Amended Complaint was filed . . . this Court will exercise its discretion and dismiss plaintiff's claims against [defendant]"); National Union Fire Insurance Company v. Sun, 1994 WL 463009, *4 (S.D.N.Y. 1994) (Preska, J.) (dismissing action and holding that "though leniency may sometimes be appropriate for those who have in good faith attempted timely service, to afford it to litigants who have failed to make even the most basic efforts would turn Rule 4(m) into a toothless tiger").

cause exists for service outside the 120 day limit is . . . "whether there has been a 'reasonable effort' to effect service"), aff'd, 835 F.2d 452 (2nd Cir. 1987).[9]

### Plaintiffs' Counsel Has Been On Notice Of Defendants' Objections To Lack Of Service Of Process Since 2005

Plaintiffs' counsel has been on notice of defendants' objections to the lack of service of process in these cases since 2005.  Defendants will not recite every instance in which defendants provided notice to counsel of this continuing failure.  Suffice it to say that, after considerable notice to plaintiffs and opportunity for them to cure their complete failure to serve process, defendants in 13 of the actions in which Ms. Weber is counsel moved for dismissals under Rule 4(m) on December 30, 2005.  As of July 18, 2006, none of the individually named defendants in any of these cases had been served with process, leading Judge Karas to ask pointedly "What on earth would justify that?"  (See Background Section above).  The courts are particularly disinclined to grant extensions where plaintiffs' counsel was warned, or was otherwise on notice, of possible defects in the service of process.  Zapata v. The City of New York, 502 F.3d 192 (2nd Cir. 2007) (affirming dismissal where defendants had put plaintiff on notice of lack of service); Bogle-Assegai v. State of Connecticiut, 470 F.3d 498, 509 (2nd Cir. 2006) (affirming dismissal where plaintiff was on notice of defect in service after having been served with motion to dismiss and never sought to remedy it); Johnson v. New York City Board

---

[9] See also Jonas v. Citibank, 414 F. Supp. 2d 411, 416 (S.D.N.Y. 2006) (Sweet, J.) (dismissing action because "neglect and inadvertence do not suffice"); Fairman v. Hurley, 373 F. Supp. 2d 227, 233 n. 7 (W.D.N.Y. 2005) (dismissing complaint and noting that "attorney neglect . . . does not constitute good cause"); Morillo v. City of New York, 2003 WL 22319609, *3 (S.D.N.Y. 2003) (Cote, J.) (denying request for extension of time to serve process, dismissing action and holding that "plaintiff must be diligent in attempting to serve" and that "an attorney's ignorance, inadvertence or neglect" will not excuse failure to serve).

of Education, 23 Fed. Appx. 70, 72, 2001 WL 1586692, *2 (2nd Cir. 2001) (affirming dismissal and noting that defendant's counsel had advised plaintiff's counsel that service was defective).[10]

### Plaintiffs Failed To Seek Any Extension Of Time In Which To Serve Process Within 120 Days Or, For That Matter, Within The Statute Of Limitations

As Judge Karas noted in his questions to counsel during the July 18, 2006 hearing, the failure of plaintiffs' counsel even to request an extension of time to serve process within the service period is a serious failure under the Rule 4(m) case law.  Judge Karas made the same observation in his July 21, 2006 opinion.  Remarkably, since that hearing and the dismissal of plaintiffs' state law claims, plaintiffs' counsel has continued on the same path.  For 16 months after that decision, long after the service period had expired, and months after the statute of limitations on her federal claims expired, plaintiffs failed to request any extension to serve process.  Only on December 3, 2007, after every applicable deadline had been passed by a period of months, did plaintiff request an extension of time from the Magistrate.  Plaintiffs' failure to seek an extension of time within the 120-day service period or, for that matter, within the statute of limitations, strongly supports dismissal.  Zapata v. The City of New York, 502 F.3d 192 (2nd Cir. 2007) (affirming dismissal where plaintiff had not sought extension within service period); Bogle-Assegai v. State of Connecticut, 470 F.3d 498, 508, 509 (2nd Cir. 2006) (affirming dismissal where plaintiff "never attempted to remedy the defect" by asking for an extension within the service period); Gordon v. Hunt, 835 F.2d 452 (2nd Cir. 1987) (affirming

---

[10] See also Weston Funding, LLC v. Consorcio Grupo, 451 F. Supp. 2d 585, 589 (S.D.N.Y. 2006) (Sweet, J.) (denying request for extension of time to serve process and dismissing action where plaintiff "has known of [defendant's] challenge to service since November 30, 2005"); Jonas v. Citibank, 414 F. Supp. 2d 411, 416 (S.D.N.Y. 2006) (Sweet, J.) (dismissing action where plaintiff had been provided notice of service defects); Sullivan v. Newburgh Enlarged School District, 281 F. Supp. 2d 689, 702 (S.D.N.Y. 2003) (McMahon, J.) (dismissing complaint against unserved defendants where plaintiff was "explicitly made aware of the requirements of [Rule] 4(m)" by the Judge originally assigned to the case).

dismissal where plaintiffs had failed to serve defendant and failed to request an enlargement of time for service under FRCP Rule 6(b)); <u>Jonas v. Citibank</u>, 414 F. Supp. 2d 411, 416 (S.D.N.Y. 2006) (Sweet, J.) (dismissing action where there was no request for extension of time).

<u>**Plaintiffs Cannot Show Any "Exceptional Circumstances"**</u>

In these cases, there are no exceptional circumstances – there is simply a complete failure of plaintiffs even to attempt service of process on any of these defendants within the applicable service period.  Absent a showing of "exceptional circumstances," meaning that factors beyond plaintiffs' control prevented plaintiff from effecting service, extensions of time beyond the 120-day period should not be granted.  <u>Weston Funding, LLC v. Consorcio Grupo</u>, 451 F. Supp. 2d 585, 591 (S.D.N.Y. 2006) (Sweet, J.) (denying request for extension of time to serve process, dismissing action and holding that good cause for extension generally requires proof of "exceptional circumstances that were beyond the plaintiff's control"); <u>Jonas v. Citibank</u>, 414 F. Supp. 2d 411, 416 (S.D.N.Y. 2006) (Sweet, J.) (dismissing action where "plaintiff has not established that the failure to effect timely service was the result of exceptional circumstances beyond his control"); <u>Lab Crafters, Inc. v. Flow Safe, Inc.</u>, 233 F.R.D. 282, 285 (E.D.N.Y. 2005) (Feuerstein, J.) (denying request for extension of time to serve process, dismissing action and holding that "good cause is generally found only in exceptional circumstances where the plaintiff's failure to make timely service was the result of circumstances beyond his control").

**Notice Of The Claims Against Defendants Does Not<br>Excuse Plaintiffs' Failure To Serve Process**

The individual defendants here lacked notice of the claims against them until after the limitations period expired, when some of them were served with process.  This is not an action like those where defendants received a copy of the complaint but not a summons and, therefore, they were on notice but not served.  In any event, contrary to some lower court

22

authorities, the defendants' actual notice of the lawsuit does not excuse the plaintiffs' failure to serve timely.  Bogle-Assegai v. State of Connecticut, 470 F.3d 498, 507 (2nd Cir. 2006) (affirming dismissal and rejecting plaintiffs' argument that actual notice was sufficient); Johnson v. New York City Board of Education, 23 Fed. Appx. 70, 72, 2001 WL 1586692, *1 (2nd Cir. 2001) (affirming dismissal and holding that "a defendant's mere knowledge of a lawsuit is not a substitute" for service of process); Buggs v. Ehrnschwender, 968 F.2d 1544, 1547-48 (2nd Cir. 1992) (affirming dismissal and rejecting plaintiff's argument that actual notice to defendants should suffice).[11]

## Prejudice To Defendants Is Manifest Where Service Of Process Is Not Completed Before The Statute Of Limitations Has Expired

Perhaps most importantly, the individual defendants are prejudiced by plaintiffs' failure to serve them with process at any time before the expiry of the limitations period -- and would be further prejudiced by any extension on service of process.  Defendants are prejudiced in several respects.  First, they would be stripped of their limitations defense.  As Judge Karas recognized on July 18, 2006, there are sound policies that support both the limitations and the Rule 4(m) defenses (see Background Section above).  Those policies are frustrated when plaintiffs are granted generous extensions on those time frames.  Second, memories fade and evidence is lost by the passage of time.  At this juncture, over three years has passed since the incidents giving rise to the claims against these individual defendants.  It is unfair to force them to defend themselves in civil litigation after so much time when plaintiffs did not even attempt to

---

[11] See also Gleason v. McBride, 869 F.2d 688, 693 (2nd Cir. 1989) (affirming dismissal for failure to serve process and rejecting argument that notice to counsel served as notice to defendants); Weston Funding, LLC v. Consorcio Grupo, 451 F. Supp. 2d 585, 589 (S.D.N.Y. 2006) (Sweet, J.) (denying request for extension of time to serve process, dismissing action and holding that defective service cannot be ignored "on the mere assertion that a defendant had 'actual notice'").

serve process on them within the three-year limitations period. Third, granting plaintiffs additional time to serve process and to bring these additional defendants into this already unwieldy litigation means that the parties will need to reassess whether additional discovery with respect to them is required; and engage in motion practice, including dispositive motion practice, concerning these defendants in the future. These factors, among others, constitute serious prejudice to the individual defendants here.

Defendants pressed similar arguments with Judge Karas in the July 18, 2006 hearing. In his July 21, 2006 opinion, however, Judge Karas gave insufficient weight to defendants' argument. Although defendants cited to the lower court decision in <u>Zapata</u> during the hearing with him, Judge Karas' opinion was issued before the Second Circuit's affirmance of that decision (on September 20, 2007). In that case, on facts similar to those presented here, plaintiff ultimately achieved service on the defendant four days beyond the service period and 84 days after the expiration of the limitations period. <u>Zapata</u>, 502 F.3d at 194. The district court dismissed the action and the Second Circuit affirmed. The Second Circuit rejected the plaintiff's argument that the time for service should be extended in light of the applicability of the limitations bar. The Court held that "It is obvious that any defendant would be harmed by a generous extension of the service period beyond the limitations period for the action . . . and it is equally obvious that any plaintiff would suffer by having the complaint dismissed with prejudice. . . . *But in the absence of good cause, no weighing of the prejudices between the two parties can ignore that the situation is the result of the plaintiffs' neglect.*" <u>Zapata</u>, 502 F.3d at 198 (emphasis added). The Second Circuit reached a similar result in <u>Bogle-Assegai v. State of Connecticuit</u>, 470 F.3d 498, 507 (2nd Cir. 2006) (affirming dismissal and rejecting plaintiffs' argument that there was no prejudice to defendants although limitations had expired without

service of process), as did Judge Cote in Morillo v. City of New York, 2003 WL 22319609, *3 (S.D.N.Y. 2003) (Cote, J.) (denying request for extension of time to serve process, dismissing action and holding that defendants would be prejudiced by the reopening of discovery and the necessity of additional motion practice if the case were not dismissed).

In fact, the Second Circuit repeatedly has affirmed the dismissal of actions for untimely service where the statute of limitations would bar the re-filed action. Frasca v. United States, 921 F.2d 450, 453 (2nd Cir. 1990) (affirming dismissal and holding that "dismissal is proper even if it occurs after the expiration of the applicable statute of limitations period, and its effect is to bar the plaintiff's claim"); Perez v. New York City Police, 234 F.3d 1262, 2000 WL 1715248, *2 (2nd Cir. 2000) (affirming dismissal and holding that "here Perez is time-barred from re-filing his [claims] against Detective Jeffrey").[12]

## Portions Of Plaintiffs' Complaints Will Remain Viable
## Notwithstanding The Dismissal Of Individual Defendants

Even if the Court were to dismiss the individual officer defendants, plaintiffs' independent claims against the City, the HRPT and the other individual defendants remain – and those claims are not insignificant. The courts have recognized that, where a portion of plaintiffs' action will remain viable even after the dismissal for failure to serve process, that fact further supports dismissal. Jonas v. Citibank, 414 F. Supp. 2d 411, 417 (S.D.N.Y. 2006) (Sweet, J.) (dismissing action and noting that "because Jonas can still proceed against the judgment creditor, dismissal for failure to comply with Rule 4(m) is not prejudicial to Jonas").

---

[12] See also Ocasio v. Fashion Institute of Technology, 86 F. Supp. 2d 371, 376 (S.D.N.Y. 2000) (Sprizzo, J.) ("dismissal is proper under Rule 4(m) 'even if it occurs after the expiration of the applicable statute of limitations period and its effect is to bar the plaintiff's claim") (collecting cases), aff'd, 9 Fed. Appx. 66 (2nd Cir. 2001); Buggs v. Ehrnschwender, 968 F.2d 1544 (2nd Cir. 1992) (affirming dismissal where plaintiffs had filed the complaint but never properly served defendants within the limitations period); Gleason v. McBride, 869 F.2d 688 (2nd Cir. 1989) (affirming dismissal although limitations period already had expired).

## CONCLUSION

For all of the foregoing reasons, defendants respectfully request that the Court issue an order (1) reversing the Order of the Magistrate Judge under either the *de novo* or clearly erroneous and contrary to law standard; and (2) dismissing the complaints against each of the individually named defendants at issue here for failure to serve them with process within 120 days of naming them in their respective complaints; and (3) in light of the fact that the actions against these defendants cannot be recommenced within the limitations period, the dismissals should be with prejudice.

Dated: January 25, 2008
     New York, New York

Respectfully submitted,

MICHAEL A. CARDOZO
Corporation Counsel of the City of New York
*Attorney for Defendants*

By: _____
James Mirro (JM 2265)
Special Federal Litigation Division
100 Church Street, Room 3-130
New York, New York 10007
Tel: 212.788.8026
Fax: 212.788.9776

26