**ROSE M. WEBER**
ATTORNEY AT LAW
225 BROADWAY • SUITE 1607
NEW YORK, NEW YORK 10007

FAX: (212) 233-5633                                                                                        TELEPHONE: (212) 748-3355


March 7, 2008


**BY ECF & HAND**
Honorable Richard J. Sullivan
United States District Judge
500 Pearl Street
New York, NY 10007

      Re:    *Ritu Kalra*, et al. v. *City of New York*, et al., 05 Civ. 1563 (RJS) (JCF)
              *Lindsay Ryan*, et al. v. *City of New York*, et al., 05 Civ. 1564 (RJS) (JCF)
              *Adrienne Garbini*, et al. v. *City of New York*, et al., 05 Civ. 1565 (RJS) (JCF)
              *Adam Greenwald*, et al. v. *City of New York*, et al., 05 Civ. 1566 (RJS) (JCF)
              *Brian Pickett*, et al. v. *City of New York*, et al., 05 Civ. 1567 (RJS) (JCF)
              *Matthew Moran*, et al. v. *City of New York*, et al., 05 Civ. 1571 (RJS) (JCF)
              *Sacha Botbol*, et al. v. *City of New York*, et al., 05 Civ. 1572 (RJS) (JCF)
              *Emilia Crotty*, et al. v. *City of New York*, et al., 05 Civ. 7577 (RJS) (JCF)

Your Honor:

        Plaintiffs in the above-referenced matters respectfully submit this letter-brief in response to defendants' Rule 72 appeal of Magistrate Judge Francis' Order concerning service of process on certain retired police officers. Because this issue was correctly decided, plaintiffs urge the Court to reject defendants' objections and their invitation to reverse the Order and dismiss the complaints against certain defendants.

        As was apparent during oral argument before this Court, the points that defendants raise in the instant motion – that plaintiffs were not diligent in serving defendants, that plaintiffs cannot show exceptional circumstances, and so forth – were all raised before Judge Karas in 2006. The July 21, 2006 Order, which dismissed the state law claims of certain plaintiffs against certain defendants, disposed of all of those issues. To the extent that plaintiffs had been dilatory in serving defendants, they paid the price by losing certain of their claims.

Defendants now ask this Court to revisit matters already decided by Judge Karas, and to impose additional and extremely serious penalties on plaintiffs. This is both inequitable and procedurally defective. Defendants' arguments were considered by Judge Karas, and the issues that they raised were decided in the July 21, 2006 Order. They are *res judicata*. Defendants should not be permitted a second bite of the apple.

In addition to attempting to re-raise their arguments from 2006, defendants also appear to argue that plaintiffs are somehow at fault for not having served defendants with the Second Amended Complaints <u>after</u> the July 21, 2006 Order was issued. It is not at all clear why defendants believe that that would have been appropriate, given that the complaints had been filed in November of 2005 and the 120-day service period had long since run. Indeed, it seems likely that, had plaintiffs done exactly that, defendants would have challenged the service as improper under Fed. R. Civ. P. 4(m).

Instead, plaintiffs took an entirely reasonable approach, continuing to litigate the cases and gathering additional information for the next round of amendments. Once the Third Amended Complaints were filed, plaintiffs promptly served dozens of defendants. When plaintiffs encountered problems in obtaining necessary information from the Law Department, they timely made an application to Magistrate Judge Francis, whose ruling brings us to this point.

Plaintiffs' approach was particularly reasonable in light of the silence of the July 21, 2006 Order as to what steps plaintiffs were to take next. As this Court noted quite correctly at oral argument, the Order can be interpreted in only one of two ways – either Judge Karas intended that the Second Amended Complaints not be served at all (which was certainly how plaintiffs viewed the Order) or he gave plaintiffs an unlimited amount of time in which to serve them. Defendants' position, on the other hand, seems to be that Judge Karas *meant* for the complaints to be served (although he never said so), and that, moreover, he meant for them to be served in some unspecified "reasonable" period of time. Obviously, no judge would issue an order so vague, and this cannot have been Judge Karas' intent.

Although defendants' application (insofar as it concerns plaintiffs' conduct after July 21, 2006) attempts to frame the issue as implicating Rule 4(m), it is really an effort to have plaintiffs' claims dismissed for allegedly failing to comply with the Order. As such, the application must be evaluated in light of the Second Circuit's repeated directive that dismissal is "a harsh remedy to be utilized only in extreme situations." *See, e.g., Cody v. Mello*, 59 F.3d 13, 15 (2d Cir. 1995); *see also Lediju v. New York City Dep't of Sanitation*, 173 F.R.D. 105, 112 (S.D.N.Y. 1997) ("The most severe sanctions require the highest degree of fault. The degree of fault which must be shown increases in proportion to the severity of the sanction.").

Where, as here, dismissal – the most severe sanction of them all – is sought for failure to comply with a court's order, it would go without saying that "the court's order must be clear and there is no misunderstanding of the intent of the order." *See, e.g., Adelman v. Hobbie*, No. 9:03CV0032, 2006 WL 2639359, at *4 (N.D.N.Y. Sept. 13, 2006) (citing *Bambu Sales, Inc. v. Ozak Trading Inc.,* 58 F.3d 849, 852-54 (2d Cir. 1995)). Even if defendants' position is correct, and Judge Karas somehow covertly intended a) that plaintiffs serve the Second Amended Complaints, b) during some unspecified "reasonable" time period, it can hardly be said that the

July 21, 2006 Order clearly communicated that intention, in such a way that it could not be misunderstood.

Finally, defendants' last point in their memorandum of law -- that plaintiffs would still have "significant" claims[1] even if these few defendants are dismissed from the action -- is a bit disingenuous. As Mr. Mirro made clear during oral argument, this is just the tip of the iceberg. If the Law Department succeeds in getting these defendants dismissed, they will then move on to all the other defendants who were named in the versions of the complaints that preceded the Third Amended Complaints. Plaintiffs would ultimately be left with virtually no individual defendants. Their cases would be gutted, which is neither equitable nor justifiable, under the law and under the circumstances.

For the reasons stated, plaintiffs respectfully request that the Court reject defendants' objections and deny their motion.

Thank you for your consideration in this matter.

Respectfully,

/s

Rose M. Weber (RW 0515)

cc:   James Mirro, Esq. (by ECF)

---

[1] In the single case cited by defendants in this regard, all of the plaintiff's claims remained viable, despite the dismissal of a particular defendant. *See Jonas v. Citibank, N.A.*, 414 F. Supp. 2d 411, 417 (S.D.N.Y. 2006).