UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

------------------------------------------------------------x

| | |
|---|---|
| RITU KALRA, et al. | 05 CV 1563 (RJS)(JCF) |
| LINDSAY RYAN, et al. | 05 CV 1564 (RJS)(JCF) |
| ADRIENNE GARBINI, et al. | 05 CV 1565 (RJS)(JCF) |
| ADAM GREENWALD, et al. | 05 CV 1566 (RJS)(JCF) |
| BRIAN PICKETT, et al. | 05 CV 1567 (RJS)(JCF) |
| SACHA BOTBOL, et al. | 05 CV 1572 (RJS)(JCF) |
| EMILIA CROTTY, et al. | 05 CV 7577 (RJS)(JCF) |

Plaintiffs,

-versus-

THE CITY OF NEW YORK, et al.

Defendants.

------------------------------------------------------------x

**DEFENDANTS' CONSOLIDATED REPLY MEMORANDUM IN FURTHER SUPPORT
OF THEIR OBJECTIONS TO THE ORDER OF MAGISTRATE JAMES C. FRANCIS
IV EXTENDING TIME FOR PLAINTIFFS TO SERVE PROCESS AND IN SUPPORT
OF DEFENDANTS' MOTION TO DISMISS CERTAIN DEFENDANTS**

MICHAEL A. CARDOZO
Corporation Counsel of the City of New York
*Attorneys For Defendants*

James Mirro
Special Federal Litigation
100 Church Street, Room 3-130
New York, New York 10007
212.788.8026 (ph)
212.788.9776 (fax)

MARCH 21, 2008

## ARGUMENT

Defendants submit this brief reply in further support of their Rule 72 appeal and separate motion to dismiss the ten defendants named in that motion dated January 25, 2008 ("Defendants' Motion"). Plaintiffs responded in a three-page letter to the Court dated March 7, 2008 ("Plaintiffs' Opposition"). At the outset, defendants note that after plaintiffs have been provided ample opportunity to assess the law that applied to the issues raised by defendants – and to marshal the pertinent facts – in their Opposition, plaintiffs have disputed neither the applicable law nor the facts as set forth in defendants' moving papers.

Plaintiffs effectively have conceded – as they must – that the arguments on the law made by plaintiffs' counsel before the Magistrate Judge (and before Your Honor in a conference on January 14, 2008) simply were wrong. In their arguments before the Magistrate Judge, plaintiffs argued in effect that their 120-day period to serve process on previously-named defendants started anew when they filed their third amended complaints. See Exhibits attached to Defendants' Motion. In the January Conference before Your Honor, plaintiffs similarly argued that "I don't believe [defendants] will be able to cite any law or precedent whatsoever that says that your only chance to serve is when you first name somebody. I think that's simply not the law, and I don't expect them to cite any precedent for that." Transcript of January 14, 2008 Conference ("Conf. Tr.") at 11:18 (Exhibit A).[1] In their Opposition, plaintiffs themselves have cited no authority that supports their argument -- and now appear to have abandoned that argument entirely. Unfortunately, in his order now on appeal, the Magistrate Judge appears to have relied upon that argument in reaching the erroneous conclusions that he reached.

---

[1] But see Defendants Motion at 12-25.

In the January Conference, plaintiffs also argued that once Judge Karas had issued his July 2006 opinion and order, "I could not have served the [unserved defendants] with that complaint. The only way to get them officially into the case was to serve them with the third amended complaint, which is what I've been trying to do." Plaintiffs repeat that argument in their Opposition. Here, plaintiffs ask the Court, in effect, to re-write Judge Karas' July 2006 order in a way that relieves plaintiffs of the consequences of the defaults set forth in Defendants' Motion. Put another way, plaintiffs' argument is predicated on the faulty assumption that Judge Karas dismissed the <u>complaints</u> in which the defendants were named (or the <u>defendants</u> themselves). As defendants explained in their moving papers, although he could have (and should have) dismissed all of the individually named defendants from the plaintiffs' cases in July 2006, Judge Karas elected <u>not</u> to grant that relief. Instead, Judge Karas issued an order dismissing only <u>the state law claims</u> against the defendants. Thus, Judge Karas left the defendants in their respective actions to defend against the federal law claims asserted by plaintiffs in those complaints.

Contrary to plaintiffs' argument, that result in no way prevented plaintiffs from serving – or relieved the plaintiffs of their undisputed legal obligation to serve – these defendants with process. To the contrary, Judge Karas' decision to leave these defendants in the action to defend against the federal claims plainly contemplated that he was giving the plaintiffs a further opportunity to serve them and to prosecute the action. This is entirely consistent with Rule 4(m), which contemplates that the Court may grant (under certain circumstances) an extension of time to serve. As a practical matter, Judge Karas' failure to impose a deadline on plaintiffs permitted plaintiffs considerable latitude to achieve service on the scores of individual defendants with respect to whom plaintiffs had so far defaulted.

3

Had plaintiffs been unclear about their legal obligations after Judge Karas issued his July 2006 Order – including the civil litigant's first obligation with respect to his adversary, which is to serve that defendant with legal process – plaintiffs could have taken any of several courses of action. Plaintiffs could have, for instance, sought reconsideration or clarification from Judge Karas. This plaintiffs did not do. Alternatively, plaintiffs could have sought an extension of time from Judge Karas in which to serve defendants with process (which Judge Karas himself advocated that plaintiffs' counsel should have done in the course of the July 2006 hearing). This plaintiffs did not do. See Defendants' Motion at 21 (discussing plaintiffs' failure to seek any extension). Alternatively, plaintiffs simply could have started serving defendants with process (which Judge Karas also advocated that plaintiffs should have done in the course of that hearing). This too plaintiffs did not do. Instead, with respect to service of process, plaintiffs elected to do what they had done since the inception of these numerous actions in 2005 – to do nothing at all.[2]

In any event, plaintiffs do not dispute that their understanding of the law was wrong and that they had an obligation to serve process as set forth in Rule 4(m). Judge Karas plainly did not relieve them of that obligation. Therefore, however one interprets Judge Karas' opinion, the law required service of process within the time frame contemplated by Rule 4(m). In light of that law, which imposes the burden on plaintiffs to show proper and timely service of process, plaintiffs have offered no colorable justification for failing to serve the defendants for 21 months after expiration of the service period (24 months in the case of Stumpf and Sedita).

---

[2] Defendants submit that Judge Karas' comments to plaintiffs' counsel in the course of the July 2006 hearing left no doubt that plaintiffs' counsel had erred badly in not serving process on the defendants – and plaintiffs' counsel's own comments acknowledging those errors leaves no doubt that counsel appreciated that she should have served process on the defendants. Plaintiffs now ask the Court to accept the argument that, even after the July 2006 hearing, plaintiffs believed -- on the basis of no legal authority whatsoever -- that they should not take immediate action to cure the serious defects highlighted in that hearing. That argument seems incredible.

4

In their Opposition, plaintiffs argue that the issues raised by defendants are "*res judicata.*" Opposition at 2 (¶ 1). Although the motion heard by Judge Karas in July 2006 was based upon the same basic legal principles as the motion now pressed by defendants, the clock has run an additional 18 months, making the current analysis under Rule 4(m) very different. Plaintiffs next argue that, had plaintiffs attempted service of process after Judge Karas' July 2006 opinion, defendants might have asserted objections. Opposition at 2 (¶ 2). That defendants might have asserted objections is no basis on which to sit still when action is required by law -- such as serving defendants with process -- particularly when plaintiffs have no colorable legal basis for doing otherwise.

Plaintiffs argue that they "took an entirely reasonable approach" by waiting nearly 18 months before taking any steps to begin service of process. They continue that "[their] approach was particularly reasonable in light of the silence of the July 21, 2006 Order as to what steps plaintiffs were to take next." Opposition at 2 (¶ 3-4). Plaintiffs' argument, however, is contradicted by the ample legal authorities set forth in Defendants' Motion, which consistently and unequivocally counsel diligent action when service of process is required. It is not the role, moreover, of Article III judges to provide step by step guidance to experienced litigators (such as plaintiffs' counsel). With or without additional guidance from Judge Karas, plaintiffs had ample guidance in Rule 4 and in all of the case law under the Federal Rules. In addition, if plaintiffs were unclear about their obligations, they could have sought clarification from Judge Karas, which they did not do. Plaintiffs' argument that Defendants' Motion is really one for "sanctions" and not an independent motion under Rules 4 and 12 of the FRCP misses the point entirely. Opposition at 2 (¶ 5-6). Defendants' argument is not that plaintiffs failed to comply with Judge Karas' order but that plaintiffs failed to comply with their legal obligations under Rule 4 of the

Federal Rules, which are independent of any legal obligations that Judge Karas might have imposed.

Finally, plaintiffs argue that, if the Court grants defendants' well-founded motion to dismiss, then "this is just the tip of the iceberg. . . . Plaintiffs would ultimately be left with virtually no individual defendants. Their cases would be gutted[.]" Here, plaintiffs again appear to miss the point while apparently conceding that they have indeed committed the serious errors to which defendants' motion is directed. The law provides that the Court may consider whether the plaintiffs have still additional grounds for relief even if the Court grants the relief sought by defendants. See Defendants' Motion at 25. As defendants have set forth in their Motion, if plaintiffs do have additional grounds for relief (and they do), that supports defendants' request to dismiss. The pertinent analysis is not, as plaintiffs suggest, whether defendants may or may not make additional motions in the future or the effect of those motions on plaintiffs' cases.

In any event, there is little to be gained by plaintiffs' invitation to speculate about possible future motion practice by defendants. The plaintiffs' obligation is to comply with applicable law including the law set forth in the Federal Rules. It is plain that plaintiffs here have not done so and, defendants submit, that they have taken that course willfully. In any event, plaintiffs have offered no colorable justification for their failure to serve the defendants with process within the time permitted them under the Federal Rules. Plaintiffs have failed to support the Magistrate Judge's order -- which relied upon a proposition of law propounded by plaintiffs -- with even a single citation to case law or other authority. Because that order is clearly erroneous and contrary to law, and for all of the other reasons set forth in Defendants' Motion, the Court should reverse that order and dismiss the complaints with prejudice against the ten defendants at issue here.

Dated:       March 21, 2008
             New York, New York

                                    Respectfully submitted,

                                    MICHAEL A. CARDOZO
                                    Corporation Counsel of the City of New York
                                    *Attorney for Defendants*

                           By:      _____/s/_____
                                    James Mirro (JM 2265)
                                    Special Federal Litigation Division
                                    100 Church Street, Room 3-130
                                    New York, New York 10007
                                    Tel: 212.788.8026
                                    Fax: 212.788.9776

7

*EXHIBIT "A"*

```
                                                                         1
   81EVKALC                        Conference
1  UNITED STATES DISTRICT COURT
   SOUTHERN DISTRICT OF NEW YORK
2  ------------------------------x
3  RITU KALRA, ET AL,
4                Plaintiffs,
5           v.                              05 CV 01563 (RJS)(JCF)
6  THE CITY OF NEW YORK, ET AL,
7                Defendants.
8  ------------------------------x
   UNITED STATES DISTRICT COURT
9  SOUTHERN DISTRICT OF NEW YORK
   ------------------------------x
10
   LINDSAY RYAN, ET AL,
11
                 Plaintiffs,
12
            v.                              05 CV 01564 (RJS)(JCF)
13
   THE CITY OF NEW YORK, ET AL,
14
                 Defendants.
15
   ------------------------------x
16
   CAPTION CONTINUED...
17
                                            New York, N.Y.
18                                          January 14, 2008
                                            2:30 p.m.
19
   Before:
20
                 HON. RICHARD J. SULLIVAN,
21
                                            District Judge
22
23
24
25

                  SOUTHERN DISTRICT REPORTERS, P.C.
                            (212) 805-0300
```

```
81EVKALC                    Conference
```
                                                                        11

1  time to cite legal authorities on each and every order that he
2  issues. He's been issuing orders very quickly, for the most
3  part, when the parties present issues to him. And it's an
4  avalanche of paper. And that's why, Judge, I understand the
5  plaintiffs' arguments.
6           THE COURT: It's headed my way. I know.
7           MR. MIRRO: That's why that I sometimes come to you
8  and the other defense counsel sometimes come to you pleading
9  for more time on the briefing schedules, because you're not
10 necessarily aware of it, because you're not involved with all
11 of these issues, but we have a relatively small staff, we're on
12 a tight budget, city budget, and we have 600 cases.
13          THE COURT: No, I understand that. But let me hear
14 from Ms. Weber with respect to what you just said and any other
15 facts or law that she thinks is relevant.
16          MS. WEBER: Certainly, your Honor. Obviously I have
17 not yet seen defendants' papers, nor have you.
18          I don't believe they will be able to cite any law or
19 precedent whatsoever that says that your only chance to serve
20 is when you first name somebody. I think that's simply not the
21 law, and I don't expect them to cite any precedent for that.
22          This issue was dealt with much earlier on by Judge
23 Karas; it was put to bed. I offered to, and the judge took me
24 up on the idea of giving up the state law claims of some of my
25 plaintiffs. This was all dealt with in June of 2006, I