UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

| | |
|---|---|
| RITU KALRA, *et al.*; | 05 Civ. 1563 (RJS) (JCF) |
| LINDSAY RYAN, *et al.*; | 05 Civ. 1564 (RJS) (JCF) |
| ADRIENNE GARBINI, *et al.*; | 05 Civ. 1565 (RJS) (JCF) |
| ADAM GREENWALD, *et al.*; | 05 Civ. 1566 (RJS) (JCF) |
| BRIAN PICKETT, *et al.*; | 05 Civ. 1567 (RJS) (JCF) |
| SACHA BOTBOL, *et al.*; | 05 Civ. 1572 (RJS) (JCF) |
| EMILIA CROTTY, *et al.*; | 05 Civ. 7577 (RJS) (JCF) |
| Plaintiffs, | ORDER |
| -v- | |
| THE CITY OF NEW YORK, *et al.*, | |
| Defendants. | |

RICHARD J. SULLIVAN, District Judge:

On December 18, 2007, the Honorable James C. Francis, Magistrate Judge, issued an Order granting Plaintiffs' request for an extension of time in which to serve their Third Amended Complaints on nine individually named Defendants (the "December 2007 Order"). Before the Court are Defendants' objections to Magistrate Judge Francis's decision, as well as motions to dismiss by ten Defendants in the above-captioned actions for failure to effect service and establish personal jurisdiction.[1]

For the reasons stated below, the December 2007 Order is affirmed, Defendants' motions are denied with respect to the nine Individual Defendants, and Defendant Martin's motion to dismiss

---

[1] The effect of the December 2007 Order was to grant Plaintiffs permission to serve the Third Amended Complaint on, *inter alia*, nine retired police officers: Timothy Spies, Robert Hamer, Neil Rodriguez, Steven Choinski, Gerald Fitzpatrick, John Woods, Marvin Vasquez, Neil Stumpf, and Sal Sedita (collectively, the "nine Individual Defendants"). Although the December 2007 Order expressly listed only eight of these Defendants, on December 19, 2007, Magistrate Judge Francis modified the December 2007 Order to add Defendant Sal Sedita. These nine Individual Defendants filed objections to the December 2007 Order and moved to dismiss Plaintiffs' claims against them. Separately, in *Crotty*, No. 05 Civ. 7577, Defendant Robert Martin also moved to dismiss those Plaintiffs' claims against him.

the *Crotty* Plaintiffs' claims against him is granted.

## I.  Background

The seven above-captioned actions are part of a larger group of cases relating to protests surrounding the 2004 Republican National Convention (the "RNC Cases"), which have been consolidated before this Court and referred to Magistrate Judge Francis for general pretrial purposes. Plaintiffs in these actions were arrested by the New York Police Department (the "NYPD") during the RNC.  The Court presumes the parties' familiarity with the facts and procedural history of these cases.  Below, the Court recites only those facts necessary to the resolution of the instant objections and motions.

### A.  The Nine Individual Defendants[2]

On February 4, 2005, Plaintiffs commenced the RNC cases by filing Complaints that contained claims under federal law.  These Complaints named as Defendants the City of New York and fifty John and Jane Doe police officers.

Plaintiffs filed First Amended Complaints on August 26, 2005, which added claims against a new Defendant, the Hudson River Park Trust, and additional individual Defendants.[3]  On November 2, 2005, Plaintiffs effected service upon the City of New York.  On November 23, 2005,

---

[2]  For additional information regarding the background and procedural history of the actions in which the nine Individual Defendants are parties, see *Bunim v. City of New York*, No. 05 Civ. 1562 (KMK), 2006 WL 2056386 (S.D.N.Y. July 21, 2006).

[3]  In Plaintiffs' First Amended Complaints, Steven Choinski was named as a Defendant in *Kalra*, No. 05 Civ. 1563; Timothy Spies and "John" Hamer were named as Defendants in *Ryan*, No. 05 Civ. 1564; Gerald Fitzpatrick and "John" Woods were named as Defendants in *Greenwald*, No. 05 Civ. 1566; Marvin Vasquez was named as a Defendant in *Pickett*, No. 05 Civ. 1567; and "John" Rodriguez was named as a Defendant in *Botbol*, No. 05 Civ. 1572. Subsequently, in their Third Amended Complaints, the *Ryan* Plaintiffs added Defendant Hamer's first name, Robert, No. 05 Civ. 1564, and the *Botbol* Plaintiffs added Defendant Rodriguez's first name, Neil, No. 05 Civ. 1572.  The quotation marks around Defendant Woods' first name, John, were removed in the Third Amended Complaint in *Greenwald*, No. 05 Civ. 1566. The Court also notes that the parties apparently disagree as to the spelling of Defendant Choinski's first name. (*Compare* Am. Compl., *Kalra*, No. 05 Civ. 1563 (naming "Steven Choinsky" as a Defendant), *with* Defs.' Mem. at 4 (referring to "Stephen Choinsky").)

Plaintiffs filed Second Amended Complaints adding additional claims against the City of New York, the Hudson River Park Trust, and the individual Defendants.[4]

On December 30, 2005, Corporation Counsel for the City of New York filed motions to dismiss the Second Amended Complaints in each of these respective actions — apparently on behalf of all Defendants — arguing that Plaintiffs had not timely effected service. Specifically, Defendants argued that the actions had been commenced on February 4, 2005, but that Plaintiffs had failed to serve the individually named Defendants and that Plaintiffs' service of the Amended Complaints on the City of New York was also untimely. *See Bunim v. City of New York*, No. 05 Civ. 1562 (KMK), 2006 WL 2056386, at *1 (S.D.N.Y. July 21, 2006).

By Opinion and Order dated July 21, 2006 (the "July 2006 Decision"), the Honorable Kenneth M. Karas, District Judge, to whom the RNC cases were previously assigned, partially granted Defendants' motion. *See id.* at *1. Although Judge Karas found that Plaintiffs had not demonstrated "good cause" under Rule 4(m) for their failure to serve Defendants within the prescribed 120-day period, he nevertheless exercised his discretion under the Rule to grant Plaintiffs an extension of time to do so. *See id.* at *3-4. He therefore held that Plaintiffs' service on the City of New York on November 2, 2005 was sufficient. *See id.* at *4 ("In considering the four factors outlined above, the Court finds that they weigh in favor of permitting all Plaintiffs, except *Kerns* and those Plaintiffs who have not yet filed Notices of Claim, an extension of time in which to have served process until November 2, 2005."). Judge Karas also noted that the individually named Defendants in these actions had not been served, *id.* at *1, and dismissed without prejudice

---

[4] In Plaintiffs' Second Amended Complaints, Neil Stumpf was named as a Defendant in *Ryan*, No. 05 Civ. 1564, and Sal Sedita was named as a Defendant in *Garbini*, No. 05 Civ. 1565. As with Defendant Choinsky, the parties apparently disagree as to the spelling of Defendant Stumpf's first name. (*Compare* Second Am. Compl., *Ryan*, No. 05 Civ. 1564 (naming "Neil Stumpf" as a Defendant), *with* Defs.' Mem. at 4 (referring to "Kenny Stumpf").)

3

Plaintiffs' state law claims against those Defendants, *id.* at *5. However, although Judge Karas distinguished between Plaintiffs' state and federal claims when analyzing the factors bearing on the exercise of his discretion under Rule 4(m), *see id.* at *3, he did not dismiss Plaintiffs' federal claims as to the City of New York or any of the individually named Defendants. Moreover, whereas Judge Karas held that Plaintiffs' November 2, 2005 service on the City of New York would be deemed timely, he did not set an express deadline by which Plaintiffs were to effect service on the individually named Defendants as to the remaining federal claims.

On August 13, 2007, Plaintiffs in six of the seven above-captioned actions — excluding *Crotty*, No. 05 Civ. 7577 — filed Third Amended Complaints. All of the RNC cases were subsequently reassigned to the undersigned on October 2, 2007. On November 13, 2007, Plaintiffs asked Defendants' counsel whether the NYPD Legal Bureau would accept service on behalf of individually named Defendants, including the nine Individual Defendants. Defendants' counsel apparently declined to accept service. On approximately November 28, 2007, Plaintiffs asked Defendants' counsel to consent to an extension of time in which to effect service, but the request was declined. Thus, on December 3, 2007, Plaintiffs filed with Magistrate Judge Francis a consolidated request for an extension of time to serve, *inter alia*, the nine Individual Defendants ("Plaintiffs' Application").

On December 18, 2007, Magistrate Judge Francis issued the December 2007 Order and found that "[t]he [November 13, 2007] inquiry by plaintiff's counsel a month before expiration of the period for service of the Third Amended Complaint was timely." Pursuant to Rule 4(m), Magistrate Judge Francis then extended Plaintiffs' time to serve the nine Individual Defendants until January 31, 2008.

B.  Defendant Robert Martin

On May 4, 2007, the *Crotty* Plaintiffs filed a Third Amended Complaint naming Robert Martin as a Defendant for the first time in that action.  More than 120 days later, in an October 28, 2007 letter to Magistrate Judge Francis, the *Crotty* Plaintiffs sought an extension of time in which to serve Defendant Martin.  Magistrate Judge Francis denied Plaintiffs' request on November 27, 2007, finding that "[Plaintiffs' c]ounsel has not demonstrated sufficient diligence to warrant the relief requested."  No party filed timely objections to that ruling.

C.  The Parties' Instant Submissions

On January 29, 2008, the nine Individual Defendants filed timely objections pursuant to Rule 72 regarding Magistrate Judge Francis's decision in the December 2007 Order ("Defs.' Mem.").[5] The submission also included a motion to dismiss Plaintiffs' claims against the nine Individual Defendants, as well as a motion to dismiss the *Crotty* Plaintiffs' claims against Defendant Martin.

On March 7, 2008, Plaintiffs' counsel submitted a letter in opposition to Defendants' objections and motions ("Plaintiffs' Letter").  Although Plaintiffs' Letter references the *Crotty* matter on the first page, the submission does not specifically address Magistrate Judge Francis's November 27, 2008 Order, and it contains no independent arguments regarding Defendant Martin.

II. Applicable Law

A. Review of a Magistrate's Non-Dispositive Order

Rule 72(a) and the Federal Magistrates Act, 28 U.S.C. § 636(b)(1)(A), provide that district

---

[5] The objections were timely filed pursuant to a modified schedule set by the Court on January 4, 2008.  The Court notes that Plaintiffs served the Third Amended Complaint on Kenny Stumpf on December 13, 2007, and Sal Sedita and Neil Rodriguez on January 3, 2008. Nevertheless, in light of the modified schedule and the pendency of Defendants' objections pursuant to Rule 72 before this Court, the January 31, 2008 deadline for service set forth in the December 2007 Order is deemed to have been held in abeyance pending the resolution of the nine Individual Defendants' objections.

courts may designate a magistrate judge to hear and decide non-dispositive pretrial matters. When a magistrate judge issues such a decision, the parties in the case must file any objections to the ruling within ten days of receiving it. Fed. R. Civ. P. 72(a). When reviewing a non-dispositive decision by a magistrate judge, the district court "must consider timely objections and modify or set aside any part of the order that is clearly erroneous or contrary to law." *Id.*; *see also* 28 U.S.C. § 636(b)(1)(A); *Fielding v. Tollaksen*, 510 F.3d 175, 178 (2d Cir. 2007).

A magistrate judge's decision is "clearly erroneous" if the district court is "left with the definite and firm conviction that a mistake has been committed." *Easley v. Cromartie*, 532 U.S. 234, 242 (2001) (quoting *United States v. U.S. Gypsum Co.*, 333 U.S. 364, 395 (1948)). Such a decision is "contrary to law" if "it fails to apply or misapplies relevant statutes, case law or rules of procedure." *Thompson v. Keane*, No. 95 Civ. 2442 (SHS), 1996 WL 229887, at *1 (S.D.N.Y. May 6, 1996) (internal quotations omitted).

Defendants provide no authority for their argument that the Court should review *de novo* Magistrate Judge Francis's decision. (Defs.' Mem. at 10.) This is not surprising, as the argument is meritless. A magistrate judge's decision to grant an extension of time to effect service under Rule 4(m) is a non-dispositive pretrial matter. *See, e.g.*, *Clyburne v. Center for Comprehensive Health Practice, Inc.*, No. 04 Civ. 6695 (LTS) (DFE), 2006 WL 1559238, at *2 (S.D.N.Y. June 5, 2006). Therefore, the Court will only reverse Magistrate Judge Francis's decision if it is "clearly erroneous or contrary to law." Fed. R. Civ. P. 72(a).

B. Rule 4(m)

Rule 4(m) "governs both (1) the dismissal of actions for untimely service of process and (2) extensions of the time in which service may be effected." *Zapata v. City of New York*, 502 F.3d 192, 195 (2d Cir. 2007). Specifically, Rule 4(m) provides:

6

> If a defendant is not served within 120 days after the complaint is filed, the court —
> on motion or on its own after notice to the plaintiff — must dismiss the action
> without prejudice against that defendant or order that service be made within a
> specified time. But if the plaintiff shows good cause for the failure, the court must
> extend the time for service for an appropriate period.

Pursuant to the second clause of Rule 4(m), an extension "is always warranted upon a showing of 'good cause,'" but good cause is not required in every case for a Rule 4(m) extension to be granted. *Zapata*, 502 F.3d at 196-97; *accord Ladmen Partners, Inc. v. Globalstar, Inc.*, No. 07 Civ. 0976 (LAP), 2008 WL 4449280, at *7 (S.D.N.Y. Sept. 30, 2008). "[E]ven in the absence of good cause," district courts have "discretion to grant extensions." *Zapata*, 502 F.3d at 196.

Courts in this Circuit consider the following four factors when deciding whether to exercise their discretion to extend time in the absence of good cause:

> (1) whether the applicable statute of limitations would bar the refiled action; (2)
> whether the defendant had actual notice of the claims asserted in the complaint; (3)
> whether the defendant had attempted to conceal the defect in service; and (4)
> whether the defendant would be prejudiced by granting of plaintiff's request for
> relief from the provision.

*Bunim*, 2006 WL 2056386, at *3 (quoting *Alvarado v. Am. Freightways, Inc.*, No. 04 Civ. 9536 (JCF), 2005 WL 1467893, at *5 (S.D.N.Y. June 21, 2005)).

III. Discussion

Defendants' submission contains three applications to the Court. The nine Individual Defendants object to Magistrate Judge Francis's decision in the December 2007 Order, and move to dismiss Plaintiffs' claims against the nine Individual Defendants pursuant to Rules 12(b)(2) and 12(b)(5). Defendant Martin moves to dismiss the *Crotty* Plaintiffs' claims against him on the same grounds. For the reasons set forth below, Defendants' applications regarding the nine Individual Defendants are denied, but Defendant Martin's motion to dismiss the *Crotty* Plaintiffs' claims against him is granted.

A. Defendants' Objections to the December 2007 Order

Defendants devoted the majority of their submission to re-arguing the merits of the issue decided by Magistrate Judge Francis in the December 2007 Order. (Defs.' Mem. at 16-25.) These arguments miss the mark. The issue before *this* Court is whether Magistrate Judge Francis's decision was clearly erroneous or contrary to the law.

With respect to that more narrow question, Defendants argue that Magistrate Judge Francis committed clear error by: (1) finding that "'[t]he inquiry by plaintiffs' counsel a month before expiration of the period for service of the Third Amended Complaint was timely'" (Defs.' Mem. at 13 (quoting the December 2007 Order)); and (2) "failing to consider any of the factors that the Second Circuit and Southern District have identified as factors that should inform the Magistrate's exercise of discretion under Rule 4(m)" (*id.* at 13-14). Neither argument is persuasive in the context of objections to a magistrate judge's decision pursuant to Rule 72. Accordingly, for the reasons set forth below, the Court affirms the December 2007 Order.

1. The Timeliness of Plaintiffs' Request For An Extension

Defendants attribute clear error to Magistrate Judge Francis's finding that Plaintiffs made a timely inquiry regarding service of the Third Amended Complaint. This argument is unavailing. In the July 2006 Decision, Judge Karas recognized that the individually named Defendants had not been served. *See Bunim*, 2006 WL 2056386, at *1. Upon Defendants' motions to dismiss and Plaintiffs' failure to demonstrate "good cause," *see id.* at *2, Rule 4(m)'s mandate was clear: "[T]he court . . . *must*" either "dismiss the action without prejudice against that defendant or order that service be made *within a specified time*." Fed. R. Civ. P. 4(m) (emphasis added). Although Judge Karas dismissed Plaintiffs' state law claims against all of the individually named Defendants, he did not dismiss Plaintiffs' federal claims against the individually named Defendants, including those

against the nine Individual Defendants. *See Bunim*, 2006 WL 2056386, at *4.

However, Judge Karas's July 2006 Decision was ambiguous insofar as it did not establish a deadline for service of the individually named Defendants in relation to Plaintiffs' remaining federal claims. Subsequently, on August 13, 2007, Plaintiffs filed their respective Third Amended Complaints. On November 13 and November 28, 2007, within 120 days of having filed those pleadings, Plaintiffs began to communicate with Defendants's counsel about an extension of time to serve the nine Individual Defendants.

In the December 2007 Order, Magistrate Judge Francis concluded that Plaintiffs' November 2007 inquiries to Defendants' counsel regarding service were timely. Defendants argue that this ruling was clearly erroneous because, "[w]ith respect to each new defendant added to an action, the 120-day period *begins* to run from the date when the complaint naming that defendant is filed . . . ." (Defs.' Mem. at 12.) However, Defendants provide no authority from the Second Circuit or Southern District of New York in support of their argument. (*See id.*) In light of the lack of a firm deadline in the July 2006 Decision by which Plaintiffs were to effect service, and in the absence of any controlling authority regarding this issue, the Court is *not* "left with the definite and firm conviction that a mistake has been committed." *Easley*, 532 U.S. at 242. Therefore, clear error cannot be attributed to Magistrate Judge Francis's ruling that Plaintiffs' Application was timely. Accordingly, the Court rejects Defendants' first objection to the December 2007 Order.

2. Magistrate Judge Francis's Exercise Of Discretion Pursuant To Rule 4(m)

Defendants next argue that Magistrate Judge Francis committed clear error by "failing to consider" the factors that courts in this Circuit frequently take into account to guide the exercise of their wide discretion under Rule 4(m). This argument is based on two woefully flawed assumptions. First, Defendants apparently assume that courts are obligated to set forth in writing every aspect of

the analysis that was employed in reaching a given conclusion. Second, building on that erroneous proposition, Defendants' argument assumes that any component of the analysis not expressly laid out in a judicial order was not undertaken by the court in question. This logic is specious, especially in relation to a magistrate judge's decision to grant an extension of time to effect service under Rule 4(m). Magistrate Judge Francis's "failure" to address — page by page, citation by citation — every argument advanced in Defendants' opposition to Plaintiffs' Application did not, in and of itself, constitute a clearly erroneous application of the law.

"[C]ourts have been accorded discretion to enlarge the 120-day period 'even if there is no good cause shown.'" *See Henderson v. United States*, 517 U.S. 654, 662 (1996) (quoting Fed. R. Civ. P. 4 advisory committee's note). Defendants have not cited a single case in which a court was found to have abused its discretion by granting such an extension.[6] Moreover, Magistrate Judge Francis's exercise of his discretion under Rule 4(m) was entirely consistent with the factors Defendants invoke: (1) whether the statute of limitations had run as to Plaintiffs' claims, (2) whether there was actual notice to Defendants, (3) whether Defendants sought to conceal the defect in service, and (4) whether Defendants would be prejudiced by the relief sought.

Judge Karas applied these factors in the July 2006 Decision, and concluded that they merited a discretionary extension of time under Rule 4(m). *See Bunim*, 2006 WL 2056386, at *3. With respect to the statute of limitations, Judge Karas concluded that, although the federal claims would

---

[6] Although the Court is aware of one instance in which the Ninth Circuit reversed a district court's exercise of discretion under Rule 4(m), the court noted that "[the defendant] has been unable to point us to a single case in which a court has held that a district court abused its discretion in granting an extension under Rule 4(m)." *Efaw v. Williams*, 473 F.3d 1038, 1041 n.2 (9th Cir. 2007). In *Efaw*, unlike here, there was an "extraordinary" *seven-year* delay between the commencement of the action and the plaintiff's request for an extension of time to effect service. *Id.* at 1043. In reaching its conclusion, the court relied not only on the length of the delay, but also on the fact that the defendant had no notice of the action and would be prejudiced by the delay. As discussed below, Defendants' counsel has taken positions on behalf of the nine Individual Defendants since at least the July 2006 Decision, and the Court declines to assume under these circumstances that these Defendants lacked notice of the claims against them.

not be time barred in a subsequent case, Plaintiffs would nevertheless be unduly prejudiced if their claims were dismissed. *Id.* With respect to that factor, Judge Karas concluded that it "weigh[ed] in Plaintiffs' favor, particularly as to the municipal Defendants." *Id.* at 3. Next, regarding notice, Judge Karas reasoned that "[w]hile some of the individually named Defendants may not have had notice, the City has had actual notice of the filing of Plaintiffs' claims against them as early as November 29, 2004 . . . ." *Id.* at *4. Finally, Judge Karas found that Defendants had failed to establish that an undue amount of prejudice would result under Rule 4(m) from forcing them to defend against the federal claims. *Id.*

Defendants' arguments in relation to the December 2007 Order in no way suggest that circumstances in this litigation have changed since the July 2006 Decision such that Magistrate Judge Francis committed clear error. Defendants concede that the federal claims at issue are time barred under the three-year statute of limitations for section 1983 claims. (Defs.' Mem. at 21.) Thus, the first factor now weighs heavily in Plaintiffs' favor. *See Bunim*, 2006 WL 2056386, at *3 ("The fact that the statute of limitations has run on a plaintiff's claim favors the plaintiff."). "The rationale for this principle is that dismissal under these circumstances would extinguish potentially meritorious claims without there being an opportunity to have them adjudicated on the merits." *AIG Managed Mkt. Neutral Fund v. Askin Capital Mgmt., L.P.*, 197 F.R.D. 104, 108 (S.D.N.Y. 2000).

The second factor weighs at least as heavily in Plaintiffs' favor as it did in July 2006. Defendants provide no explanation for their assertion that "[t]he individual defendants here lacked notice of the claims against them until after the limitations period expired." (Defs.' Mem. at 22.) One would think that the nine Individual Defendants, through counsel who appeared on their behalf, would have received actual notice of Plaintiffs' claims in connection with their partially unsuccessful attempt to have those claims dismissed by Judge Karas in the July 2006 Decision. The

11

same counsel who litigated the service issue before Judge Karas on behalf of these Defendants opposed Plaintiffs' Application before Magistrate Judge Francis and now raises objections before this Court to the December 2007 Order. Other than the entirely conclusory statement quoted above, the nine Individual Defendants provide no explanation as to how, under these circumstances, they can be said to lack actual notice of Plaintiffs' claims.

The fourth factor weighs, to some extent, in the nine Individual Defendants' favor — they are prejudiced by allowing the extension of time because the claims at issue are otherwise time barred. Indeed, "[p]rejudice is assumed in the case of individuals sued after the Statute of Limitations has run." *Zapata*, 502 F.3d at 195. However, this prejudice must be assessed relative to the ambiguous terms of the July 2006 Decision.

First, neither party appears to have sought clarification from Judge Karas regarding the deadline for Plaintiffs to serve the nine Individual Defendants. Second, in any event, it cannot be said that these cases lay dormant for the sixteen months between July 2006 and November 2007. Plaintiffs apparently interpreted the July 2006 Decision to permit them to effect timely service of their next amended pleadings, and proceeded to litigate these matters and conduct discovery until they filed their Third Amended Complaints on August 13, 2007. Therefore, the magnitude of any prejudice to Defendants resulting from these events is reduced in light of the ambiguity in Judge Karas's ruling, their failure to seek clarification of the July 2006 Decision, and the continued litigation of these cases in the interim, which ultimately led to the filing of a new set of amended pleadings.

In sum, Defendants have failed to provide any authority that is either controlling or persuasive in support of their objections to the December 2007 Order. Magistrate Judge Francis expressly found that Plaintiffs had made a timely request for an extension of time to effectuate

service, and he exercised his broad discretion under the Rule 4(m) to grant the request in a manner that is entirely consistent with Rule 4(m) and the factors bearing on a court's exercise of discretion in relation to such issues. Simply put, there is no basis for a conclusion that the December 2007 Order was "clearly erroneous or contrary to law." Fed. R. Civ. P. 72(a). Accordingly, the Court affirms the December 2007 Order.

### B. Defendants' Motions to Dismiss

In addition to their objections to the December 2007 Order, the nine Individual Defendants move to dismiss Plaintiffs' claims against them under Rules 12(b)(2) and 12(b)(5). Defendant Robert Martin likewise moves to dismiss the *Crotty* Plaintiffs' claims against him on the same grounds.

### 1. The Nine Individual Defendants

The Court has already determined that Magistrate Judge Francis did not err in granting Plaintiffs an extension of time in which to effect service. Therefore, there is no remaining basis at this time upon which to grant the motion to dismiss Plaintiffs' claims against the nine Individual Defendants for lack of personal jurisdiction or insufficiency of service of process. Accordingly, these Defendants' motions are denied.

### 2. Defendant Robert Martin

In *Crotty*, No. 05 Civ. 7577, Defendant Martin moves to dismiss Plaintiffs' claims against him for failure to effectuate timely service or otherwise establish personal jurisdiction. The *Crotty* Plaintiffs named Martin as a Defendant when they filed their Third Amended Complaint on May 4, 2007. By letter dated October 28, 2007, more than 120 days after the Third Amended Complaint was filed, the *Crotty* Plaintiffs requested an extension of time to serve Defendant Martin. On November 27, 2007, Magistrate Judge Francis denied the application, concluding that "[Plaintiffs'

13

c]ounsel has not demonstrated sufficient diligence to warrant the relief requested."[7] Plaintiffs did not file a motion for reconsideration, they did not lodge timely objections to Magistrate Judge Francis's ruling before this Court, and they made no additional applications for an extension of time to effectuate service. Therefore, Plaintiffs are not entitled to an extension of time in which to serve Defendant Martin under Rule 4(m), and the Court will not revisit Magistrate Judge Francis's conclusion.

Given that ruling, the issue before this Court is whether the *Crotty* Plaintiffs' claims against Defendant Martin should be dismissed pursuant to Rules 12(b)(2) and 12(b)(5). The *Crotty* Plaintiffs have provided no specific opposition to Defendant Martin's motion, except to the extent that the arguments regarding the nine Individual Defendants in Plaintiffs' March 7, 2008 letter might be applied to him. However, the procedural history of Defendant Martin's involvement in this litigation is distinguishable, and Plaintiffs' general arguments are therefore unpersuasive.

"Before a federal court may exercise personal jurisdiction over a defendant, the procedural requirement of service of summons must be satisfied." *Omni Capital Int'l, Ltd. v. Rudolf Wolff & Co., Ltd.*, 484 U.S. 97, 104 (1987); *see also Murphy Bros. v. Michetti Pipe Stringing*, 526 U.S. 344, 350 (1999). "The burden of establishing personal jurisdiction lies with the party that is attempting to assert that such jurisdiction exists." *Duquin v. Goord*, No. 99 Civ. 12458 (RWS), 2004 WL 2884424, at *2 (S.D.N.Y. Dec. 13, 2004). Plaintiffs have failed to serve Defendant Martin and have

---

[7] Magistrate Judge Francis's decision regarding Defendant Martin is entirely consistent with his ruling as to the nine Individual Defendants in the December 2007 Order. In the December 2007 Order, Magistrate Judge Francis found that Plaintiffs made a *timely* request for an extension of time to serve the nine Individual Defendants. That request was made within 120 days of the filing of Plaintiffs' Third Amended Complaints. However, in *Crotty*, Magistrate Judge Francis concluded that Plaintiffs' request was untimely because it was made more than 120 days after the filing of the relevant pleading. The *Crotty* Plaintiffs have not challenged that conclusion. *See Caidor v. Onondaga County*, 517 F.3d 601, 604 (2d Cir. 2008) ("[T]here is a warning as to waiver in Rule 72(a), which governs non-dispositive matters . . . ."). In any event, the Court finds no clear error in Magistrate Judge Francis's ruling.

14

Case 1:05-cv-07577-RJS-JCF    Document 155    Filed 03/31/09    Page 15 of 16

not met their burden of establishing that the Court may properly exercise personal jurisdiction over him. *See Sunniland Fruit Co., Inc. v. PMI Produce Corp., Inc.*, No. 00 Civ. 8410 (SAS), 2001 WL 761174, at *3 (S.D.N.Y. July 6, 2001) ("[The defendant] has not been properly served pursuant to Rule [4(m)]. Accordingly, this Court lacks personal jurisdiction . . . , and [the plaintiff's] claim . . . must be dismissed."). Therefore, the *Crotty* Plaintiffs' claims against Defendant Martin must be dismissed. *See, e.g.*, *The Accessory Corp. v. Spotless Plastics Pty. Ltd.*, No. 05 Civ. 2185 (NRB), 2007 WL 2584963, at*5 (S.D.N.Y. Sept. 7, 2007) (holding that, because "good cause" could not be established pursuant to Rule 4(m), the plaintiff's claims must be dismissed pursuant to Rule 12(b)(5)); *Moultry v. City of Poughkeepsie*, 154 F. Supp. 2d 809, 813 (S.D.N.Y. 2001) (dismissing claims against certain individual defendants pursuant to Rule 12(b)(5) for failure to comply with Rule 4(m)). Accordingly, Defendant Martin's motion to dismiss the *Crotty* Plaintiffs' claims against him is granted.

## IV.  Conclusion

For the foregoing reasons, the Court affirms the December 2007 Order and denies the motions to dismiss filed by the nine Individual Defendants: Timothy Spies, Robert Hamer, Neil Rodriguez, Steven Choinski, Gerald Fitzpatrick, John Woods, Marvin Vasquez, Neil Stumpf, and Sal Sedita. The Court grants Defendant Martin's motion to dismiss the *Crotty* Plaintiffs' claims against him.

To the extent that the nine Individual Defendants have not already been served, the Court hereby extends the time in they may be served until April 30, 2009. *See* Fed. R. Civ. P. 4(m). Defendants' counsel shall provide Plaintiffs' counsel with these Defendants' last known home addresses by April 14, 2009. No further extensions of time will be granted with respect to these nine Defendants.

The Clerk of Court is respectfully directed to terminate the following motions: No. 05 Civ. 1563, Doc. Nos. 96, 97, 98; No. 05 Civ. 1564, Doc. No. 97; No. 05 Civ. 1565, Doc. No. 87; No. 05 Civ. 1566, Doc. No. 86; No. 05 Civ. 1567, Doc. No. 86; No. 05 Civ. 1572, Doc. No. 95; No. 05 Civ. 7577, Doc. No. 99. With respect to the *Crotty* action, No. 05 Civ. 7577, the Clerk of the Court is also directed to terminate Robert Martin as a Defendant.

SO ORDERED.

Dated:   March 31, 2009
         New York, New York

                                                   RICHARD J. SULLIVAN
                                                  UNITED STATES DISTRICT JUDGE