UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
------------------------------------------------------------------

| | |
|---|---|
| SHARONE BUNIM, *et al.*, | 05 CV 1562 (RJS) (JCF) |
| RITU KALRA, *et al.*, | 05 CV 1563 (RJS) (JCF) |
| LINDSAY RYAN, *et al.*, | 05 CV 1564 (RJS) (JCF) |
| ADRIENNE GARBINI, *et al.*, | 05 CV 1565 (RJS) (JCF) |
| ADAM GREENWALD, *et al.*, | 05 CV 1566 (RJS) (JCF) |
| BRIAN PICKETT, *et al.*, | 05 CV 1567 (RJS) (JCF) |
| WENDY TREMAYNE, *et al.*, | 05 CV 1568 (RJS) (JCF) |
| JEREMY BIDDLE, *et al.*, | 05 CV 1570 (RJS) (JCF) |
| MATTHEW MORAN, *et al.*, | 05 CV 1571 (RJS) (JCF) |
| SACHA BOTBOL, *et al.*, | 05 CV 1572 (RJS) (JCF) |
| EMILIA CROTTY, *et al.*, | 05 CV 7577 (RJS) (JCF) |
| JEFFREY STARK, *et al.*, | 05 CV 7579 (RJS) (JCF) |
| KATHLEEN LALIER, *et al.*, | 05 CV 7580 (RJS) (JCF) |

Plaintiffs,

-versus-

THE CITY OF NEW YORK, *et al.*,

Defendants.

------------------------------------------------------------------ x

## DEFENDANTS' CONSOLIDATED OPPOSITION TO PLAINTIFFS' MOTIONS TO AMEND

### PRELIMINARY STATEMENT

Defendants submit this consolidated memorandum of law in support of their opposition to plaintiffs' motions in the above-referenced actions seeking leave to file newly amended complaints.[1] Plaintiffs' motion is premised on this Court's June 5, 2009 order permitting "any plaintiff whose motion to amend the complaint was granted by my Memorandum and Order dated January 23, 2008 in <u>Schiller v. City of New York</u> [(hereinafter the "January 23 Order")]…and who has not filed an amended pleading conforming to that order may do so

---

[1] Plaintiffs in all cases except <u>Stark</u> seek leave to file Fifth Amended Complaints. Plaintiffs in <u>Stark</u> seek instead to file a Fourth Amended Complaint.

pursuant to a stipulation with defendants no later than June 30, 2009 or, if defendants do not agree to amendment, may serve and file a motion to amend by that date." Order dated June 5, 2009 (hereinafter the "June 5 Order"), attached as Exhibit A to the declaration of Jeffrey C. Brooks dated July 24, 2009 ("Brooks Decl."); see also January 23 Order, Brooks Decl., Exh. B. As set forth fully below, plaintiffs' proposed amendments were either specifically denied by or were never the subject of the January 23 Order and should be denied here.

By way of background, three business days before the June 30, 2009 deadline imposed by the June 5 Order, plaintiffs submitted a single proposed amended complaint to defendants, which purportedly represented the changes to be made in all of the above-referenced actions, and requested defendants' consent to the proposed amendments. See Email dated June 25, 2009, Brooks Decl., Exhibit C. Defendants responded to plaintiffs' email and noted that they would consent to the proposed amendments if plaintiffs (1) withdrew a proposed First Amendment excessive detention as such a claim had not been authorized by the January 23 Order[2]; (2) removed a proposed "as-applied" challenge to New York Penal Law §240.20 which had not been authorized by the January 23 Order nor a subsequent order of this Court in Abdell v. City of New York, 05 CV 8453 (RJS) (JCF), 2009 U.S. Dist. LEXIS 42719 (S.D.N.Y. May 5, 2009) (hereinafter the "May 5 Order"); and (3) remove from all of the proposed amended complaints all claims, plaintiffs, and defendants who were previously dismissed by court orders or stipulated out of the complaints to date. See Email dated June 29, 2009, Brooks Decl., Exh. D. Plaintiffs refused to agree and instead filed the instant motions to amend. See id.

---

[2] Defendants note that plaintiffs appear to no longer make the claim for First Amendment excessive detention in the proposed amended complaints submitted to the Court. To the extent plaintiffs do maintain such a claim, defendants object to plaintiffs' addition of this claim for reasons similar to those set forward in Section I, infra.

Plaintiffs now seek to amend the complaints to add four claims, each of which was either previously denied or that goes beyond the scope of the January 23 Order.[3] First, plaintiffs in all of the instant actions seek to add challenges to the constitutionality of New York City Administrative Code §10-110 (2004) (Parading Without A Permit) on the ground that it was allegedly applied in an overbroad and discriminatory manner to the plaintiffs during the 2004 RNC. See Proposed Fifth Amended Complaint in Bunim, annexed to the declaration of Rose M. Weber dated June 30, 2009 ("Weber Decl."), Exh. A, ¶¶36, 37, 114, 115; Proposed Fifth Amended Complaint in Tremayne, Weber Decl., Exh. B, ¶¶36, 37, 112, 113. These as-applied challenges, as set forth in Part I(A), far exceed the scope of the as-applied challenges authorized by the January 23 Order and should be rejected.

Plaintiffs next seek to add as-applied challenges to New York Penal Law §§240.20(5) and 240.20(6) (Disorderly Conduct). Plaintiffs in Bunim, Kalra, Ryan, Garbini, Pickett, Biddle, and Lalier, seek to add challenges to N.Y. Penal Law §240.20(5) and §240.20(6) as applied to plaintiffs during the RNC who were "engaged in peaceful protest on the *roadways* of New York City" or "who congregate to peacefully protest on the *roadways* of New York City". Weber Decl., Exh. A, ¶¶34, 35, 110-113 (emphasis added). As set forth below in Section I(B), these as-applied claims were not authorized by the January 23 Order nor the May 5 Order and are futile. Finally, all plaintiffs seek to add a facial challenge to the constitutionality of New York

---

[3] Plaintiffs have proffered only two proposed amended complaints as examples of their proposed changes in all cases. See Weber Decl., Exhs. A and B. The two proposed amended complaints fail to identify the proposed changes through underlining or similar means. In any event, defendants have attempted to identify and address all proposed changes. To the extent plaintiffs seek to add other amendments that defendants were unable to identify and which defendants were therefore unable to address in this opposition, defendants object to those amendments. In the event the Court grants plaintiffs' instant motion to amend, plaintiffs should be required to provide copies of all thirteen complaints to defendants with the proposed changes highlighted before being given permission to file.

Administrative Code §10-110 (2004) (Parading Without a Permit). While such a challenge was permitted to other plaintiffs in the January 23 Order, as set forth below in Part II, plaintiffs in these actions do not seek injunctive relief, and thus their motions to add a facial challenge to §10-110 should be denied. Furthermore, any facial challenge to §10-110 has been mooted by action of the New York City Council, and thus plaintiffs' proposed amendment would be futile.

Finally, as set forth in Part III, in the proposed amended complaints, plaintiffs maintain causes of action and parties that have been previously dismissed by court orders or by stipulation of the parties. Maintenance of these claims serves no purpose, is confusing as these are newly proposed amended complaints, and places an unwarranted burden on the Court and defendants at summary judgment and other subsequent points in this litigation. For all of these reasons, plaintiffs' motions to amend the complaints should be denied.

## ARGUMENT

### POINT I

#### PLAINTIFFS' PROPOSED AMENDMENTS ARE FAR OUTSIDE THE SCOPE OF PRIOR ORDERS PERMITTING AMENDMENTS AND SHOULD BE REJECTED

By the express terms of this Court's June 5, 2009 order, plaintiffs are permitted only to amend their complaints to add those claims previously explicitly authorized by the January 23 Order.[4] Plaintiffs have failed to do so and instead offer broad new causes of action that are prejudicial and far exceed the scope of those previously permitted in the January 23 Order.

---

[4] Plaintiffs in these cases have previously filed amended complaints "conforming" to the January 23 Order to the extent that their motions to amend were granted. In their current application, plaintiffs are going beyond the January 23 Order and are attempting to add other claims that the court allowed other RNC plaintiffs to add (i.e.; claims that were never before sought by these plaintiffs). This appears to be contrary to the express terms of the June 5 Order, and plaintiffs'

*Continued...*

### A. Plaintiffs' As-Applied Challenges to §10-110 Are Overly Broad And Outside The Scope of Prior Court Orders

The January 23 Order permitted amendment of other RNC complaints to include limited as-applied challenges to §10-110 based on the alleged overbreadth of the permitting statute as it was applied to "small groups and bystanders, on blocks closed to traffic during the RNC, and at locations where the police had given demonstrators permission to march without a permit". January 23 Order, Brooks Decl., Exh. B, at 17. Plaintiffs here seek to impermissibly expand the scope of this narrowly defined claim by expanding this claim to plead a selective enforcement claim in addition to an overbreadth claim. See Weber Decl., Exh. A, ¶37 ("During the RNC, the NYPD also interpreted and applied Section 10-110 in an overly broad *and discriminatory fashion against those arrested at or in the vicinity of RNC-related protest events*.") (emphasis added); Weber Decl., Exh. B, ¶37 (same). The January 23 Order explicitly rejected the idea of plaintiffs maintaining such a claim, as selective enforcement claims of discriminatory enforcement necessarily require a comparative analysis and, as this Court explicitly recognized, would result in significant and burdensome additional discovery for defendants. See January 23 Order, Brooks Decl., Exh. B, at 16-17. As this Court in the January 23 Order already rejected the inclusion of a selective enforcement claim based on the prejudicial additional discovery required, plaintiffs' motion to amend should be denied. See Richardson Greenshields Secs. v. Lau, 825 F. 2d 647, 653, n. 6 (2d Cir. 1987) (consideration of the prejudice to the party opposing amendments to a complaint is of extreme importance in deciding whether to permit those amendments); Cartier, Inc. v. Four Star Jewelry Creations, Inc., 01 Civ. 11295 (CBM), 2004

---

motion should accordingly be denied on that basis. To the extent the court intended to permit plaintiffs to "cherry-pick" and add claims the court allowed other plaintiffs to bring in the January 23 Order, defendants herein address why the claims plaintiffs seek to add were not authorized by the January 23 Order.

U.S. Dist. LEXIS 989, *7-*8 (S.D.N.Y., Jan. 28, 2004) (in considering whether the opposing party would be prejudiced by the filing of an amended pleading, "a district court should consider whether allowing the amendment would require the nonmoving party to expend significant additional resources or significantly delay the resolution of the dispute.").

### B. Plaintiffs' As-Applied Challenges to §§240.20(5) and (6) Are Outside The Scope of Prior Court Orders

Plaintiffs in Bunim, Kalra, Ryan, Garbini, Pickett, Biddle, and Lalier seek to add as-applied challenges to the disorderly conduct statute, New York Penal Law §240.20(5) and (6), "insofar as [each] is applied to persons engaged in peaceful protest *on public roadways* in a manner that permits their arrest without first giving them an order that provides an opportunity for them to engage in peaceful protest without substantially impeding pedestrians and/or vehicles". Weber Decl., Exh. A, ¶¶111, 113 (emphasis added). The January 23 Order does not contemplate such a sweeping challenge to the statute's applicability. Similarly, the May 24 Order provides no basis for this claim, as there the Court allowed only challenges based on plaintiffs' participation in peaceful *sidewalk* protests, not protests on roadways. In addition, this claim does not exist in any of the other RNC cases.

Moreover, as this Court noted in its May 24 Order, §240.20 has already been found constitutional as applied to people obstructing vehicular traffic by bicycling on roadways in large groups. May 24 Order, citing People v. Bezjak, 812 N.Y.S.2d 829, 840 (N.Y. Crim. Ct. 2006). Here, plaintiffs in these seven actions were arrested while riding their bicycles in public roadways; in light of Bezjak, as this Court previously recognized, permitting plaintiffs to amend their complaints to include an as-applied challenge to §240.20(5) and (6) would be futile. As leave to amend may be denied "where it appears that granting leave to amend is unlikely to be

productive[, i.e.; where] the proposed amendment is futile," plaintiffs' motions to amend should be denied. Lucente v. IMB Corp., 310 F.3d 243, 258 (2d Cir. 2002).

## II.     Plaintiffs' Facial Challenges to §10-110 Are Improperly Pled And Are Moot

Plaintiffs object to New York City's parading without a permit ordinance, N.Y.C. Admin. Code §10-110 (2004), as it existed at the time of the RNC, and request that this Court find it facially unconstitutional and overbroad in any application. See Weber Decl., Exh. A, ¶36; Weber Decl., Exh. B, ¶36. As an initial matter, plaintiffs' complaints seek only monetary damages as relief, and do not at any point seek declaratory or injunctive relief. The only appropriate relief for a facial challenge is the imposition of declaratory or injunctive relief; monetary damages, be they compensatory or punitive, are unavailable. See Perry v. McDonald, 280 F.3d 159, 172 (2d Cir. 2001); Granite State Outdoor Adver., Inc. v. City of Milford, 03 Civ. 1834 (PCD), 2003 U.S. Dist. LEXIS 27104, *32 n.10 (D. Conn. Aug. 25, 2003); Weissman v. Fruchtman, 700 F. Supp. 746, 753 (S.D.N.Y. 1988). Therefore, plaintiffs would be unable to obtain any relief should they ever succeed in making a facial attack to the constitutionality of §10-110 and their motions to amend should be denied. See Ashcroft v. Iqbal, 556 U. S. ___; 129 S. Ct. 1937, 1950 (2009).

In addition, plaintiffs' facial challenge to §10-110 has been mooted by legislative action by the New York City Council amending relevant definitions applied in the ordinance. See Five Borough Bicycle Club v. City of New York, 483 F. Supp.2d 351 (S.D.N.Y. 2007) (summarizing changes to §10-110 made by the City Council), aff'd 2009 U.S. App. LEXIS 1620 (Jan. 28, 2009); see also 38 R.C.N.Y. §19-02 (as amended Feb. 25, 2007). A case becomes moot and divests the court of subject matter jurisdiction when interim relief or events have eradicated the effects of the defendant's act or omission, and there is no reasonable expectation that the alleged

violation will recur. See Friends of the Earth, Inc. v. Laidlaw, 528 U.S. 167, 173-179 (2000); County of Los Angeles v. Davis, 440 U.S. 625, 631 (1979); see also Massachusetts v. Oakes, 491 U.S. 576, 582 (1989) ("overbreadth analysis is inappropriate if the statute being challenged has been amended or repealed"); Coe v. Town of Blooming Grove, 567 F.Supp. 2d 543, 556 (S.D.N.Y. 2008) (mooting facial challenge to permit system that had subsequently been amended where "[t]here is no reason to believe that these amendments represent anything other than a good-faith effort on the part of defendants to bring their local laws into compliance with the [Constitution]"). In the instant actions, plaintiffs' proposed amended complaints do not allege that defendants have ever evinced any plan to revert to any previous construction of §10-110, they simply allege that §10-110 as it existed at the time of the RNC was facially unconstitutional. Such a challenge is moot in light of the City Council's actions and plaintiffs' motions to amend their complaints to add a facial challenge should accordingly be denied. See Czetwertynski v. United States, 514 F. Supp. 2d 592, 598 (S.D.N.Y. 2007) (futility of amendments may be established where the court would not have jurisdiction over proposed claims; i.e., where newly added claims would be moot or where the court otherwise lacks jurisdiction).

### III. Plaintiffs' Refusal To Remove Dismissed Claims Is Unfounded And Will Result In Undue Burden To Defendants

Plaintiffs refuse, in their proposed amended complaints, to remove claims and parties that have been dismissed from these actions by court order or by stipulation.[5] This refusal has no

---

[5] Defendants have repeatedly and successfully moved to dismiss various claims brought by plaintiffs in these actions. See, e.g., Consol. RNC Cases, 2009 U.S. Dist. LEXIS 40293 (S.D.N.Y. Jan. 8, 2009) (affirming dismissal of emotional distress claims of plaintiffs in these actions); Bunim v. City of New York, 05 CV 1562 (RJS) (JCF), 2006 U.S. Dist. LEXIS 50309 (S.D.N.Y. July 21, 2006) (dismissing various state law claims maintained by plaintiffs in all of the instant actions). Similarly, the parties have executed numerous stipulations wherein all claims against individual defendants or individual causes of action maintained by certain plaintiffs have been dismissed with prejudice. See, e.g., Stipulation and Order of Dismissal

- 8 -

basis at law and will result in needless burdens on defendants and the Court during dispositive motion practice and at trial. Plaintiffs proffer an unfounded concern regarding the procedural correctness of removing dismissed claims and parties. Plaintiffs' Motions to Amend dated June 30, 2009, p. 2. Plaintiffs' position has been flatly rejected by the Second Circuit. See P. Stolz Family P'ship L.P. v. Daum, 355 F.3d 92, 96 (2d Cir. 2004) ("We will not require a party, in an amended complaint, to replead a dismissed claim in order to preserve the right to appeal the dismissal when the court has not granted leave to amend. Such a formalistic requirement serves no valid purpose.") Plaintiffs' continued maintenance of dismissed claims and parties therefore serves no purpose, is confusing as these are newly proposed amended complaints, and places an unwarranted burden on the Court and defendants, who will have to address these claims and parties at summary judgment or at some subsequent point in the litigation. Accordingly, plaintiffs' motions to file these newly amended complaints should be denied.

---

dated April 8, 2009, Brooks Decl., Exh. E-1 (dismissing claims in all cases against defendant Thomas Purtell); Stipulation and Order of Dismissal dated April 7, 2009 in Pickett v. City of New York, Brooks Decl., Exh. E-2 (dismissing all claims against defendant James Fitzpatrick with prejudice); Stipulation of Voluntary Partial Dismissal dated January 23, 2009 in Biddle v. City of New York, Brooks Decl., Exh. E-3 (dismissing false arrest claims brought by plaintiffs Kerns and Lee with prejudice).

## CONCLUSION

For the reasons set forth herein, defendants respectfully request that this Court deny plaintiffs' motions to amend the complaints.

Dated:  New York, New York
        July 24, 2009

MICHAEL A. CARDOZO
Corporation Counsel of the
 City of New York
*Attorney for Defendant City of New York*
100 Church Street, Room 3-141
New York, New York 10007
(212) 788-9736

By: _____
    Jeffrey C. Brooks
    Assistant Corporation Counsel
    Special Federal Litigation Division

TO:  Rose M. Weber, Esq. (via hand delivery and ECF)
     *Attorney for Plaintiffs*
     225 Broadway, Suite 1609
     New York, New York 10007
