UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
--------------------------------------------------------------------X

SACHA BOTBOL, ALEXANDER BOMSTEIN,
VALARIE KAUR BRAR, JENNIFER HASA,
CHARLES SHAW, AUBRYN SIDLE, and EMMA
LANG,

**ANSWER TO FIFTH**
**AMENDED COMPLAINT**

                                                    Plaintiffs,

05 CV 1572 (RJS) (JCF)

                    -against-

**JURY TRIAL DEMANDED**

The CITY OF NEW YORK, THE HUDSON RIVER
PARK TRUST, P.O. JOSE ANDRADE, P.O.
WILLIAM HAUT, P.O. NEIL RODRIGUEZ, P.O.
MICHAEL CARRIERI, P.O. TANISHA DIAZ, P.O.
JASON WOLF, P.O. KATHLEEN CURNYN, SGT.
ARTHUR SMARSCH, MAYOR MICHAEL
BLOOMBERG, POLICE COMMISSIONER
RAYMOND KELLY, CHIEF JOSEPH ESPOSITO,
CHIEF NICHOLAS ESTAVILLO, ASST. CHIEF
BRUCE SMOLKA, DEPUTY CHIEF THOMAS
PURTELL, DEPUTY COMMISSIONER JOHN
COLGAN, CHIEF PATRICK DEVLIN, INSP.
THOMAS GRAHAM, DEPUTY CHIEF TERENCE
MONAHAN, INSP. JAMES SHEA, DEPUTY INSP.
THOMAS GALATI, CHIEF JAMES O'NEILL,
INSP. JAMES ESSIG, LT. BRIAN JACKSON,
DEPUTY COMMISSIONER STEPHEN
HAMMERMAN, ASST. DEPUTY
COMMISSIONER THOMAS DOEPFNER, LT.
DANIEL ALBANO, DEPUTY INSPECTOR
KERRY SWEET, SENIOR COUNSEL RUBY
MARIN-JORDAN, SGT. EDMUND SHERIDAN,
SGT. STEPHANIE MOUNT, LT. DANIEL
IECAMPO, CAPT. JOSEPH DOWNING, CAPTAIN
PAUL DEENTREMONT, and P.O.s JOHN and
JANE DOE #1-50, individually and in their official
capacities (the names John and Jane Doe being
fictitious, as the true names are presently unknown),

                                                    Defendants
--------------------------------------------------------------------X

Defendants City of New York, Hudson River Park Trust, Andrade, Haut, Rodriguez, Carrieri, Diaz, Rooney, Wolf, Curnyn, Smarsch, Bloomberg, Kelly, Esposito, Estavillo, Smolka, Colgan, Graham, Monahan, Shea, Galati, O'Neill, Hammerman, Cohen, Doepfner, Albano, Sweet, Marin-Jordan, Sheridan, Iecampo, and Downing,[1] by their attorney, Michael A. Cardozo, Corporation Counsel for the City of New York, for their answer to plaintiffs' Fifth Amended Complaint ("Complaint"), respectfully allege as follows:

## PRELIMINARY STATEMENT

1.      Deny the allegations contained in paragraph 1 of the Complaint, except admit that plaintiffs purport to bring this action as stated therein.

## JURISDICTION

2.      Deny the allegations contained in paragraph 2 of the Complaint, except admit that plaintiffs purport to bring this action pursuant to the statutory and constitutional authority cited therein.

3.      Deny the allegations set forth in paragraph 3 of the Complaint, except admit that plaintiffs purport to invoke the jurisdiction of this Court.

## VENUE

4.      Deny the allegations contained in paragraph 4 of the Complaint, except admit that plaintiffs purport to lay venue in this District.

---

[1] Upon information and belief, defendants James Essig, Paul DeEntremont, Brian Jackson, and Stephanie Mount have each not been served with a copy of the summons or any version of the complaint in this action.

**JURY TRIAL DEMANDED**

5.        No response is required to plaintiffs' jury demand as set forth in paragraph 5 of the Complaint.

**PARTIES**

6.        Deny knowledge or information sufficient to form a belief as to the truth of the allegations set forth in paragraph 6 of the Complaint.

7.        Deny knowledge or information sufficient to form a belief as to the truth of the allegations set forth in paragraph 7 of the Complaint.

8.        Deny knowledge or information sufficient to form a belief as to the truth of the allegations set forth in paragraph 8 of the Complaint.

9.        Deny knowledge or information sufficient to form a belief as to the truth of the allegations set forth in paragraph 9 of the Complaint.

10.        Deny knowledge or information sufficient to form a belief as to the truth of the allegations set forth in paragraph 10 of the Complaint.

11.        Deny knowledge or information sufficient to form a belief as to the truth of the allegations set forth in paragraph 11 of the Complaint.

12.        Deny knowledge or information sufficient to form a belief as to the truth of the allegations set forth in paragraph 12 of the Complaint.

13.        Deny the allegations set forth in paragraph 13 of the Complaint, except admit that the City of New York is a municipal corporation duly organized and operating under the laws of the State of New York and respectfully refer the Court to the appropriate enabling statute and the related laws of the State and City of New York for their content and meaning as to its responsibilities.

14.     Admit the allegations set forth in paragraph 14 of the Complaint.

15.     Admit the allegations set forth in paragraph 15 of the Complaint.

16.     Deny knowledge or information sufficient to form a belief as to the truth of the allegations set forth in paragraph 16 of the Complaint.

17.     Deny the allegations set forth in paragraph 17 of the Complaint, except admit that HRPT allowed the City to use Pier 57 during the RNC.

18.     Deny the allegations set forth in paragraph 18 of the Complaint, except admit that the City maintains the New York City Police Department ("NYPD").

19.     Admit the allegations set forth in paragraph 19 of the Complaint,

20.     Deny the allegations set forth in paragraph 20 of the Complaint, except admit that on the dates alleged, the individually named defendants were employees of the NYPD.

21.     The allegations in paragraph 21 of the Complaint constitute a legal conclusion to which no response is required.

22.     The allegations in paragraph 22 of the Complaint constitute a legal conclusion to which no response is required.

23.     The allegations in paragraph 23 of the Complaint constitute a legal conclusion to which no response is required.

## FACTS

24.     Deny the allegations set forth in paragraph 24 of the Complaint.

25.     Deny the allegations set forth in paragraph 25 of the Complaint.

26.     Deny the allegations set forth in paragraph 26 of the Complaint.

27.     Deny the allegations set forth in paragraph 27 of the Complaint.

28.     Deny the allegations set forth in paragraph 28 of the Complaint.

29.    Deny the allegations set forth in paragraph 29 of the Complaint.

30.    Deny the allegations set forth in paragraph 30 of the Complaint.

31.    Deny the allegations set forth in paragraph 31 of the Complaint.

32.    Deny the allegations set forth in paragraph 32 of the Complaint.

33.    Deny the allegations set forth in paragraph 33 of the Complaint.

34.    Deny the allegations set forth in paragraph 34 of the Complaint.

35.    Deny the allegations set forth in paragraph 35 of the Complaint.

36.    Deny the allegations set forth in paragraph 36 of the Complaint.

37.    Admit the allegations set forth in paragraph 37 of the Complaint.

38.    Deny the allegations set forth in paragraph 38 of the Complaint.

39.    Deny the allegations set forth in paragraph 39 of the Complaint.

40.    Deny the allegations set forth in paragraph 40 of the Complaint, except admit that one or more plaintiffs were charged with New York Penal Law Section 240.20 subsections 5, 6, and/or violations of Administrative Code Section 10.110.

41.    Deny the allegations set forth in paragraph 41 of the Complaint, except to the extent those allegations constitute one or more legal conclusions to which no response is required.

42.    Deny the allegations set forth in paragraph 42 of the Complaint, except to the extent those allegations constitute one or more legal conclusions to which no response is required.

43.    Deny the allegations set forth in paragraph 43 of the Complaint, except to the extent those allegations constitute one or more legal conclusions to which no response is required.

44.     Deny the allegations set forth in paragraph 44 of the Complaint.

45.     Deny the allegations set forth in paragraph 45 of the Complaint.

46.     Deny the allegations set forth in paragraph 46 of the Complaint.

47.     Deny the allegations set forth in paragraph 47 of the Complaint.

48.     Deny the allegations set forth in paragraph 48 of the Complaint.

49.     Deny knowledge or information sufficient to form a belief as to the truth of the allegations set forth in paragraph 49 of the Complaint.

50.     Deny knowledge or information sufficient to form a belief as to the truth of the allegations set forth in paragraph 50 of the Complaint.

51.     Deny knowledge or information sufficient to form a belief as to the truth of the allegations set forth in paragraph 51 of the Complaint.

52.     Deny knowledge or information sufficient to form a belief as to the truth of the allegations set forth in paragraph 52 of the Complaint.

53.     Deny knowledge or information sufficient to form a belief as to the truth of the allegations set forth in paragraph 53 of the Complaint.

54.     Deny knowledge or information sufficient to form a belief as to the truth of the allegations set forth in paragraph 54 of the Complaint.

55.     Deny knowledge or information sufficient to form a belief as to the truth of the allegations set forth in paragraph 55 of the Complaint.

56.     Deny the allegations set forth in paragraph 56 of the Complaint.

57.     Deny knowledge or information sufficient to form a belief as to the truth of the allegations set forth in paragraph 57 of the Complaint.

58.     Deny knowledge or information sufficient to form a belief as to the truth of the allegations set forth in paragraph 58 of the Complaint.

59.     Deny knowledge or information sufficient to form a belief as to the truth of the allegations set forth in paragraph 59 of the Complaint, except respectfully refer the Court to New York City Criminal Court's Certificate of Disposition for plaintiff Bomstein in his criminal matter, which Certificate speaks for itself.

60.     Deny knowledge or information sufficient to form a belief as to the truth of the allegations set forth in paragraph 60 of the Complaint.

61.     Deny knowledge or information sufficient to form a belief as to the truth of the allegations set forth in paragraph 61 of the Complaint, except respectfully refer the Court to New York City Criminal Court's Certificate of Disposition for plaintiff Brar in her criminal matter, which Certificate speaks for itself.

62.     Deny knowledge or information sufficient to form a belief as to the truth of the allegations set forth in paragraph 62 of the Complaint.

63.     Deny knowledge or information sufficient to form a belief as to the truth of the allegations set forth in paragraph 63 of the Complaint.

64.     Deny knowledge or information sufficient to form a belief as to the truth of the allegations set forth in paragraph 64 of the Complaint.

65.     Deny knowledge or information sufficient to form a belief as to the truth of the allegations set forth in paragraph 65 of the Complaint, except respectfully refer the Court to New York City Criminal Court's Certificate of Disposition for plaintiff Sidle in her criminal matter, which Certificate speaks for itself.

66.     Deny knowledge or information sufficient to form a belief as to the truth of the allegations set forth in paragraph 66 of the Complaint.

67.     Deny knowledge or information sufficient to form a belief as to the truth of the allegations set forth in paragraph 67 of the Complaint, except respectfully refer the Court to New York City Criminal Court's Certificate of Disposition for plaintiff Lang in her criminal matter, which Certificate speaks for itself.

68.     Deny the allegations set forth in paragraph 68 of the Complaint.


## FIRST CLAIM FOR RELIEF

### DEPRIVATION OF FEDERAL CIVIL RIGHTS UNDER 42 U.S.C. § 1983

69.     Repeat and reallege their responses to paragraphs 1-68 of the Complaint as if fully set forth herein.

70.     Deny the allegations set forth in paragraph 70 of the Complaint.

71.     Deny the allegations set forth in paragraph 71 of the Complaint.

72.     Deny the allegations set forth in paragraph 72 of the Complaint.

73.     Deny the allegations set forth in paragraph 73 of the Complaint.

74.     Deny the allegations set forth in paragraph 74 of the Complaint.


## SECOND CLAIM FOR RELIEF

### FALSE ARREST UNDER 42 U.S.C. § 1983

75.     Repeat and reallege their responses to paragraphs 1-74 of the Complaint as if fully set forth herein.

76.     Deny the allegations set forth in paragraph 76 of the Complaint.

77.     Deny the allegations set forth in paragraph 77 of the Complaint.

## THIRD CLAIM FOR RELIEF

### MALICIOUS PROSECUTION UNDER 42 U.S.C. § 1983

78.     Repeat and reallege their responses to paragraphs 1-77 of the Complaint as if fully set forth herein.

79.     Deny the allegations set forth in paragraph 79 of the Complaint.

80.     Deny the allegations set forth in paragraph 80 of the Complaint.

81.     Deny the allegations set forth in paragraph 81 of the Complaint.

82.     Deny the allegations set forth in paragraph 82 of the Complaint.

83.     Deny the allegations set forth in paragraph 83 of the Complaint.

84.     Deny the allegations set forth in paragraph 84 of the Complaint.

85.     Deny the allegations set forth in paragraph 85 of the Complaint.

86.     Deny the allegations set forth in paragraph 86 of the Complaint.

87.     Deny the allegations set forth in paragraph 87 of the Complaint.

88.     Deny the allegations set forth in paragraph 88 of the Complaint.

89.     Deny the allegations set forth in paragraph 89 of the Complaint, except respectfully refer the Court to New York City Criminal Court's Certificate of Disposition for plaintiff Bomstein in his criminal matter, which Certificate speaks for itself.

90.     Deny the allegations set forth in paragraph 90 of the Complaint, except respectfully refer the Court to New York City Criminal Court's Certificate of Disposition for plaintiff Brar in her criminal matter, which Certificate speaks for itself.

91.     Deny the allegations set forth in paragraph 91 of the Complaint, except respectfully refer the Court to New York City Criminal Court's Certificate of Disposition for plaintiff Sidle in her criminal matter, which Certificate speaks for itself.

92.     Deny the allegations set forth in paragraph 92 of the Complaint, except respectfully refer the Court to New York City Criminal Court's Certificate of Disposition for plaintiff Lang in her criminal matter, which Certificate speaks for itself.


## FOURTH CLAIM FOR RELIEF

### MALICIOUS ABUSE OF PROCESS UNDER 42 U.S.C. § 1983

93.     Repeat and reallege their responses to paragraphs 1-92 of the Complaint as if fully set forth herein.

94.     Deny the allegations set forth in paragraph 94 of the Complaint.

95.     Deny the allegations set forth in paragraph 95 of the Complaint.

96.     Deny the allegations set forth in paragraph 96 of the Complaint.


## FIFTH CLAIM FOR RELIEF

### EXCESSIVE FORCE UNDER 42 U.S.C. § 1983

97.     Repeat and reallege their responses to paragraphs 1-96 of the Complaint as if fully set forth herein.

98.     Deny the allegations set forth in paragraph 98 of the Complaint.

99.     Deny the allegations set forth in paragraph 99 of the Complaint.

<u>**SIXTH CLAIM FOR RELIEF**</u>

**FIRST AMENDMENT OF THE U.S. CONSTITUTION**

100.    Repeat and reallege their responses to paragraphs 1-99 of the Complaint as if fully set forth herein.

101.    Deny the allegations set forth in paragraph 101 of the Complaint.

102.    Deny the allegations set forth in paragraph 102 of the Complaint.

103.    Deny the allegations set forth in paragraph 103 of the Complaint.

104.    Deny the allegations set forth in paragraph 104 of the Complaint.


<u>**SEVENTH CLAIM FOR RELIEF**</u>

**CONDITIONS OF CONFINEMENT UNDER 42 U.S.C. §1983**

105.    Repeat and reallege their responses to paragraphs 1-105 of the Complaint as if fully set forth herein.

106.    Deny the allegations set forth in paragraph 106 of the Complaint.

107.    Deny the allegations set forth in paragraph 107 of the Complaint.


<u>**EIGHTH CLAIM FOR RELIEF**</u>

**FAILURE TO INTERVENE UNDER 42 U.S.C. §1983**

108.    Repeat and reallege their responses to paragraphs 1-107 of the Complaint as if fully set forth herein.

109.    The allegations in paragraph 109 of the Complaint constitute a legal conclusion to which no response is required.

110.    Deny the allegations set forth in paragraph 110 of the Complaint.

111.   Deny the allegations set forth in paragraph 111 of the Complaint.

## NINTH CLAIM FOR RELIEF

### VIOLATION OF EQUAL PROTECTION UNDER 42 U.S.C. § 1983

112.   Repeat and reallege their responses to paragraphs 1-111 of the Complaint as if fully set forth herein.

113.   Deny the allegations set forth in paragraph 113 of the Complaint.

114.   Deny the allegations set forth in paragraph 114 of the Complaint, except admit that other persons arrested during the RNC were considered for Desk Appearance Tickets.

115.   Deny the allegations set forth in paragraph 115 of the Complaint.

116.   Deny the allegations set forth in paragraph 116 of the Complaint.

## TENTH CLAIM FOR RELIEF

### DENIAL OF CONSTITUTIONAL RIGHT TO FAIR TRIAL UNDER 42 U.S.C. §1983

117.   Repeat and reallege their responses to paragraphs 1-116 of the Complaint as if fully set forth herein.

118.   Deny the allegations set forth in paragraph 118 of the Complaint.

119.   Deny the allegations set forth in paragraph 119 of the Complaint.

120.   Deny the allegations set forth in paragraph 121 of the Complaint.

121.   Deny the allegations set forth in paragraph 121 of the Complaint.

## ELEVENTH CLAIM FOR RELIEF

### DISORDERLY CONDUCT STATUTE, SUBSECTION 5

122.    Repeat and reallege their responses to paragraphs 1-121 of the Complaint as if fully set forth herein.

123.    Deny the allegations set forth in paragraph 123 of the Complaint.

## TWELFTH CLAIM FOR RELIEF

### DISORDERLY CONDUCT STATUTE, SUBSECTION 6

124.    Repeat and reallege their responses to paragraphs 1-123 of the Complaint as if fully set forth herein.

125.    Deny the allegations set forth in paragraph 125 of the Complaint.

## THIRTEENTH CLAIM FOR RELIEF

### PARADING WITHOUT A PERMIT

126.    Repeat and reallege their responses to paragraphs 1-125 of the Complaint as if fully set forth herein.

127.    Deny the allegations set forth in paragraph 127 of the Complaint.

## FOURTEENTH CLAIM FOR RELIEF

### MUNICIPAL LIABILITY

128.    Repeat and reallege their responses to paragraphs 1-127 of the Complaint as if fully set forth herein.

129.    Deny the allegations set forth in paragraph 129 of the Complaint.

130.    Deny the allegations set forth in paragraph 130 of the Complaint.

131.    Deny the allegations set forth in paragraph 131 of the Complaint.

132.    Deny the allegations set forth in paragraph 132 of the Complaint.

133.    Deny the allegations set forth in paragraph 133 of the Complaint.

134.    Deny the allegations set forth in paragraph 134 of the Complaint.

135.    Deny the allegations set forth in paragraph 135 of the Complaint.

136.    Deny the allegations set forth in paragraph 136 of the Complaint.

137.    Deny the allegations set forth in paragraph 137 of the Complaint.

## PENDANT STATE CLAIMS

### (BY PLAINTIFFS BOTBOL, BOMSTEIN, HASA, SHAW, AND SIDLE ONLY)

138.    Repeat and reallege their responses to paragraphs 1-137 of the Complaint as if fully set forth herein.

139.    Deny knowledge or information sufficient to form a belief as to the truth of the allegations set forth in paragraph 139 of the Complaint, except admit that on or about November 26, 2004, documents purporting to be Notices of Claim for plaintiffs Botbol, Bomstein, Hasa, Shaw, and Sidle were received by the Comptroller's Office, and that those claims have not been settled.

140.    Deny the allegations set forth in paragraph 140 of the Complaint.

141.    Admit the allegations set forth in paragraph 141 of the Complaint.

142.    Deny knowledge or information sufficient to form a belief as to the truth of the allegations set forth in paragraph 142 of the Complaint.

143.    The allegations in paragraph 143 of the Complaint constitute a legal conclusion to which no response is required.

144.    The allegations in paragraph 144 of the Complaint constitute a legal conclusion to which no response is required.

145.    The allegations in paragraph 145 of the Complaint constitute a legal conclusion to which no response is required.

## FIRST CLAIM FOR RELIEF UNDER N.Y. STATE LAW

### FALSE ARREST
### (AGAINST DEFENDANT CITY OF NEW YORK ONLY)

146.    Repeat and reallege their responses to paragraphs 1-145 of the Complaint as if fully set forth herein.

147.    Deny the allegations set forth in paragraph 146 of the Complaint.

148.    Deny the allegations set forth in paragraph 148 of the Complaint.

149.    Deny the allegations set forth in paragraph 149 of the Complaint.

## SECOND CLAIM FOR RELIEF UNDER N.Y. STATE LAW

### FALSE IMPRISONMENT
### (AGAINST DEFENDANT CITY OF NEW YORK ONLY)

150.    Repeat and reallege their responses to paragraphs 1-149 of the Complaint as if fully set forth herein.

151.    Deny the allegations set forth in paragraph 151 of the Complaint.

152.    Deny the allegations set forth in paragraph 152 of the Complaint.

153.    Deny the allegations set forth in paragraph 153 of the Complaint.

154.    Deny the allegations set forth in paragraph 154 of the Complaint.

## THIRD CLAIM FOR RELIEF UNDER N.Y. STATE LAW

### ASSAULT
### (AGAINST DEFENDANT CITY OF NEW YORK ONLY)

155.    Repeat and reallege their responses to paragraphs 1-154 of the Complaint as if fully set forth herein.

156.    Deny the allegations set forth in paragraph 156 of the Complaint.

157.    Deny the allegations set forth in paragraph 157 of the Complaint.

## FOURTH CLAIM FOR RELIEF UNDER N.Y. STATE LAW

### BATTERY
### (AGAINST DEFENDANT CITY OF NEW YORK ONLY)

158.    Repeat and reallege their responses to paragraphs 1-158 of the Complaint as if fully set forth herein.

159.    Deny the allegations set forth in paragraph 159 of the Complaint.

160.    Deny the allegations set forth in paragraph 160 of the Complaint.

161.    Deny the allegations set forth in paragraph 161 of the Complaint.

## FIFTH CLAIM FOR RELIEF UNDER N.Y. STATE LAW

### MALICIOUS PROSECUTION
### (AGAINST DEFENDANT CITY OF NEW YORK ONLY)

162.    Repeat and reallege their responses to paragraphs 1-161 of the Complaint as if fully set forth herein.

163.    Deny the allegations set forth in paragraph 163 of the Complaint.

164.    Deny the allegations set forth in paragraph 164 of the Complaint.

165.    Deny the allegations set forth in paragraph 165 of the Complaint.

166.    Deny the allegations set forth in paragraph 166 of the Complaint.

167.    Deny the allegations set forth in paragraph 167 of the Complaint.

168.    Deny the allegations set forth in paragraph 168 of the Complaint.

169.    Deny the allegations set forth in paragraph 169 of the Complaint.

170.    Deny the allegations set forth in paragraph 170 of the Complaint.

171.    Deny the allegations set forth in paragraph 171 of the Complaint.

172.    Deny the allegations set forth in paragraph 172 of the Complaint.

173.    Deny the allegations set forth in paragraph 173 of the Complaint.

174.    Deny the allegations set forth in paragraph 174 of the Complaint, except respectfully refer the Court to New York City Criminal Court's Certificate of Disposition for plaintiff Bomstein in his criminal matter, which Certificate speaks for itself.

175.    Deny the allegations set forth in paragraph 175 of the Complaint, except respectfully refer the Court to New York City Criminal Court's Certificate of Disposition for plaintiff Brar in her criminal matter, which Certificate speaks for itself.

176.    Deny the allegations set forth in paragraph 176 of the Complaint, except respectfully refer the Court to New York City Criminal Court's Certificate of Disposition for plaintiff Sidle in her criminal matter, which Certificate speaks for itself.

## SIXTH CLAIM FOR RELIEF UNDER N.Y. STATE LAW

### MALICIOUS ABUSE OF PROCESS
### (AGAINST DEFENDANT CITY OF NEW YORK ONLY)

177.    Repeat and reallege their responses to paragraphs 1-176 of the Complaint as if fully set forth herein.

178.    Deny the allegations set forth in paragraph 178 of the Complaint.

179.    Deny the allegations set forth in paragraph 179 of the Complaint.

180.    Deny the allegations set forth in paragraph 181 of the Complaint.

181.    Deny the allegations set forth in paragraph 180 of the Complaint.

## SEVENTH CLAIM FOR RELIEF UNDER N.Y. STATE LAW

### NEGLIGENT EXPOSURE TO TOXIC CHEMICALS AND SUBSTANCES
### (AGAINST DEFENDANTS CITY OF NEW YORK ONLY)

182.    Repeat and reallege their responses to paragraphs 1-181 of the Complaint as if fully set forth herein.

183.    Deny the allegations set forth in paragraph 183 of the Complaint.

184.    Deny the allegations set forth in paragraph 184 of the Complaint.

185.    Deny the allegations set forth in paragraph 185 of the Complaint.

186.    Deny the allegations set forth in paragraph 186 of the Complaint.

187.    Deny the allegations set forth in paragraph 187 of the Complaint.

## EIGHTH CLAIM FOR RELIEF UNDER N.Y. STATE LAW

### NEGLIGENT EXPOSURE TO TOXIC CHEMICALS AND SUBSTANCES
### (AGAINST DEFENDANT HUDSON RIVER PARK TRUST ("HRPT") ONLY)

188.    Repeat and reallege their responses to paragraphs 1-187 of the Complaint as if fully set forth herein.

189.    Deny the allegations set forth in paragraph 189 of the Complaint.

190.    Deny the allegations set forth in paragraph 190 of the Complaint.

191.    Deny the allegations set forth in paragraph 191 of the Complaint.

192.    Deny the allegations set forth in paragraph 192 of the Complaint.

193.    Deny the allegations set forth in paragraph 193 of the Complaint.

## NINTH CLAIM FOR RELIEF UNDER N.Y. STATE LAW

### INTENTIONAL INFLICTION OF EMOTIONAL DISTRESS
### (AGAINST DEFENDANTS CITY OF NEW YORK AND HRPT ONLY)

194.    Repeat and reallege their responses to paragraphs 1-193 of the Complaint as if fully set forth herein.

195.    Deny the allegations set forth in paragraph 195 of the Complaint.

196.    Deny the allegations set forth in paragraph 196 of the Complaint.

197.    Deny the allegations set forth in paragraph 197 of the Complaint.

198.    Deny the allegations set forth in paragraph 198 of the Complaint.

199.    Deny the allegations set forth in paragraph 199 of the Complaint.

## TENTH CLAIM FOR RELIEF UNDER N.Y. STATE LAW

### NEGLIGENT INFLICTION OF EMOTIONAL DISTRESS
### (AGAINST DEFENDANTS CITY OF NEW YORK AND HRPT ONLY)

200.    Repeat and reallege their responses to paragraphs 1-199 of the Complaint as if fully set forth herein.

201.    Deny the allegations set forth in paragraph 201 of the Complaint.

202.    Deny the allegations set forth in paragraph 202 of the Complaint.

203.    Deny the allegations set forth in paragraph 203 of the Complaint.

204.    Deny the allegations set forth in paragraph 204 of the Complaint.

205.    Deny the allegations set forth in paragraph 205 of the Complaint.

## ELEVENTH CLAIM FOR RELIEF UNDER N.Y. STATE LAW

### PRIMA FACIE TORT
### (AGAINST DEFENDANTS CITY OF NEW YORK AND HRPT ONLY)

206.    Repeat and reallege their responses to paragraphs 1-205 of the Complaint as if fully set forth herein.

207.    Deny the allegations set forth in paragraph 207 of the Complaint.

208.    Deny the allegations set forth in paragraph 208 of the Complaint.

209.    Deny the allegations set forth in paragraph 209 of the Complaint.

210.    Deny the allegations set forth in paragraph 210 of the Complaint.

## TWELFTH CLAIM FOR RELIEF UNDER N.Y. STATE LAW

### NEGLIGENT HIRING AND RETENTION
### (AGAINST DEFENDANT CITY OF NEW YORK ONLY)

211.    Repeat and reallege their responses to paragraphs 1-210 of the Complaint as if fully set forth herein.

212.    Deny the allegations set forth in paragraph 212 of the Complaint.

213.    Deny the allegations set forth in paragraph 213 of the Complaint.

## THIRTEENTH CLAIM FOR RELIEF UNDER N.Y. STATE LAW

### NEGLIGENT TRAINING AND SUPERVISION
### (AGAINST DEFENDANT CITY OF NEW YORK ONLY)

214.    Repeat and reallege their responses to paragraphs 1-213 of the Complaint as if fully set forth herein.

215.    Deny the allegations set forth in paragraph 215 of the Complaint.

216.    Deny the allegations set forth in paragraph 216 of the Complaint.

## FIRST AFFIRMATIVE DEFENSE

1.    The Complaint fails, in whole or in part, to state a claim upon which relief may be granted.

## SECOND AFFIRMATIVE DEFENSE

2.    There was probable cause for each plaintiff's arrest, detention and prosecution.

## THIRD AFFIRMATIVE DEFENSE

3.       Any and all injuries and damages alleged in the Complaint were caused, in whole or in part, by each plaintiff's culpable, negligent or intervening conduct and were not the proximate result of any act of Defendants.


## FOURTH AFFIRMATIVE DEFENSE

4.       This action is barred, in whole or in part, by the doctrines of *res judicata* and collateral estoppel.

## FIFTH AFFIRMATIVE DEFENSE

5.       Defendants have not violated any clearly established constitutional or statutory rights of which a reasonable person would have known and, therefore, they are entitled to qualified immunity.

## SIXTH AFFIRMATIVE DEFENSE

6.       Punitive damages are not recoverable against The City of New York.  Punitive damages cannot be recovered against the other Defendants and, if available, the amount of such damages shall be limited by applicable state and federal law, including due process and other provisions of law.

## SEVENTH AFFIRMATIVE DEFENSE

7.       Defendants have not violated any rights, privileges or immunities secured to the plaintiff under the Constitution, the laws of the United States, the laws of the State of New York or any political subdivision thereof, nor have Defendants violated any act of Congress.

## EIGHTH AFFIRMATIVE DEFENSE

8.      At all times relevant to the acts alleged in the Complaint, Defendants acted reasonably in the proper and lawful exercise of their discretion.

## NINTH AFFIRMATIVE DEFENSE

9.      At all times relevant to the acts alleged in the Complaint, Defendants acted reasonably in the proper and lawful exercise of their discretion.  Therefore, Defendant The City of New York is entitled to governmental immunity from liability.

## TENTH AFFIRMATIVE DEFENSE

10.      Plaintiffs' claims are barred, in whole or in part, by their failure to comply with the conditions precedent to suit including, but not limited to, New York General Municipal Law §§ 50-e and 50-i.

## ELEVENTH AFFIRMATIVE DEFENSE

11.      Plaintiffs' claims are barred, in whole or in part, by the applicable statutes of limitations.

## TWELFTH AFFIRMATIVE DEFENSE

12.      Plaintiffs' claims are barred, in whole or in part, by the doctrine of absolute immunity.

## THIRTEENTH AFFIRMATIVE DEFENSE

13.      The process served upon one or more of the Defendants was insufficient.

## FOURTEENTH AFFIRMATIVE DEFENSE

14.      Service of process upon one or more of the Defendants was insufficient.

### FIFTEENTH AFFIRMATIVE DEFENSE

15.     Service of process upon one or more of the Defendants was untimely pursuant to applicable law including Rule 4(m) and applicable orders of the Court.

### SIXTEENTH AFFIRMATIVE DEFENSE

16.     The Court lacks personal jurisdiction over one or more of the Defendants.

### SEVENTEENTH AFFIRMATIVE DEFENSE

17.     To the extent that one or more of the Defendants used any force, it was reasonable, necessary and justified to accomplish Defendants' official duties and to protect their own physical safety and the physical safety of others.

### EIGHTEENTH AFFIRMATIVE DEFENSE

18.     Plaintiffs failed to mitigate their damages.

### NINETEENTH AFFIRMATIVE DEFENSE

19.     Plaintiffs consented to the acts about which they complain.

### TWENTIETH AFFIRMATIVE DEFENSE

20.     Plaintiffs' claims are barred, in whole or in part, by plaintiffs' contributory or comparative negligence and by plaintiffs' assumption of the risk.

### TWENTY-FIRST AFFIRMATIVE DEFENSE

21.     Plaintiffs' claims are barred, in whole or in part, by the doctrines of laches, waiver and estoppel.

### TWENTY-SECOND AFFIRMATIVE DEFENSE

22.     Plaintiffs lack standing to demand declaratory or injunctive relief.

## TWENTY-THIRD AFFIRMATIVE DEFENSE

23.     Plaintiffs have asserted claims that have been dismissed or not permitted by prior Court

Orders including, but not limited to, Orders issued by Judge Karas on July 21, 2006 and Judge

Francis on January 23, 2008 or that plaintiffs previously waived or agreed not to pursue.

## TWENTY-FOURTH AFFIRMATIVE DEFENSE

24.     At the time of their arrest, plaintiffs were not engaged in activity that is protected by the

First Amendment to the U.S. Constitution or by its state-constitution analogue.

## TWENTY-FIFTH AFFIRMATIVE DEFENSE

25.     Plaintiffs have asserted claims for which they did not receive leave from the Court to

assert.

## TWENTY-SIXTH AFFIRMATIVE DEFENSE

26.     The Complaint fails to allege facts with sufficient particularity to satisfy the requirements

of Rules 8 and 9(b) of the Federal Rules of Civil Procedure.

## TWENTY-SEVENTH AFFIRMATIVE DEFENSE

27.     Plaintiffs' claims are barred, in whole or in part, by provisions of state and Federal

constitutional law, including the First Amendment to the U.S. Constitution and its state-

constitution analogue.

WHEREFORE, Defendants request judgment dismissing the complaint in its entirety, together with the costs and disbursements of this action, and such other and further relief as the Court deems just and proper.

Dated:      New York, New York
            December 11, 2009

                                        MICHAEL A. CARDOZO
                                        Corporation Counsel of the City of New York
                                        *Attorney for Defendants*
                                        100 Church Street, Room 3-132
                                        New York, New York 10007
                                        (212) 788-1817

                              By: _____/S/_____
                                        Fred M. Weiler (FW 5864)
                                        Assistant Corporation Counsel

TO:
Rose M. Weber, Esq.
225 Broadway
New York, New York 10007
*Attorney for Plaintiffs*