UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
------------------------------------------------------------------------x

SACHA BOTBOL, et al.,

                                         Plaintiffs,

-against-

THE CITY OF NEW YORK, et al.,

                                         Defendants.

**PLAINTIFFS' REPLY TO DEFENDANTS' COUNTERSTATEMENT IN RESPONSE TO PLAINTIFFS' LOCAL RULE 56.1 STATEMENT**

05 Civ. 1572 (RJS) (JCF)

------------------------------------------------------------------------x

        Pursuant to Rule 56.1 of the Local Rules of this Court, plaintiffs reply to Defendants' Counterstatement in Response to Plaintiffs' Local Civil Rule 56.1 Statement, as follows:

**I.    THE COUNTERSTATEMENT IN GENERAL**

        Plaintiffs herein adopt and incorporate by reference all arguments made by any and all counsel in the Consolidated RNC Cases including, but not limited to, 1) the specific actions of plaintiff Sidle are uncontroverted and should all be deemed undisputed facts, as defendants offer no facts or evidence concerning any of the plaintiff's actions; 2) defendants' assertions are supported by nothing more than references to paragraphs of their Rule 56.1 statement which, in turn, contain only vague and sweeping allegations regarding the acts of other individuals; 3) because the counterstatement does not specifically controvert the undisputed facts asserted by plaintiff Sidle, these facts should be deemed admitted; and 4) defendants cite to numerous paragraphs of their Rule 56.1 statement, none of which have any discernable relevance to the facts asserted by plaintiff, and fail to explain how the paragraphs specifically controvert plaintiff's facts.

## II.   ADMITTED FACTS

Based upon defendants' counterstatement, the following proposed undisputed fact set forth in Plaintiffs' Rule 56.1 statement is uncontested in any fashion and therefore has been admitted by the defendants:  ¶ 1.

## III.   THE REMAINING PARAGRAPHS MUST BE DEEMED ADMITTED

2. This is a particularly egregious example of defendants' complete failure to comply with Local Civil Rule 56.1.  While purporting to dispute this statement of material fact, defendants offer citations that entirely support it and do not controvert it in any way.

3. Nothing in the cited statements by Chief Monaghan or Sgt. O'Connor controverts this statement of material fact.  The Monaghan citation is not even tangentially related to this fact, and Sgt. O'Connor simply states that he did not <u>believe</u> that the group was given a signal.  This belief cannot controvert plaintiff Sidle's definitive statement that she was waved across the street by a police officer.

4. Nothing in the cited paragraphs of defendants' 56.1 Statement controverts this statement of material fact.  While it may or may not be true that some marchers "breached the conditions," that some marchers failed to walk single- or double-file, and that some marchers obstructed pedestrian traffic, none of those allegations contradicts plaintiff Sidle's definitive statement that <u>she</u> walked on the Fulton Street sidewalk in a narrow line of people.

5. Defendants do not dispute that plaintiff Sidle was prevented from continuing forward and was trapped in orange police netting.  Defendants' attempt to controvert plaintiff's statement that she was not given any opportunity to disperse by citing to generic paragraphs concerning their claims as to what occurred on Fulton Street.  Aside from the fact that defendants' allegations are utterly belied by the videographic evidence, none of the

- 3 -

allegations controvert the fact that plaintiff Sidle, specifically, was not given an opportunity to disperse.

6. Defendants cannot specifically controvert the assertion by plaintiff Sidle that she did not hear any warnings that arrests were going to be made, nor do they try to do so. Instead, defendants rely upon their own claims as to having given timely warnings, claims which are belied by the videographic evidence. Regardless of the truth or falsity of the claims, they do not controvert the fact that plaintiff Sidle, specifically, did not hear warnings.

Dated: New York, New York
November 23, 2011

_____/s_____
Rose M. Weber (RW 0515)
Attorney for Plaintiffs
225 Broadway, Suite 1607
New York, NY 10007