

**MEMO ENDORSED**

THE CITY OF NEW YORK
## LAW DEPARTMENT
100 CHURCH STREET
NEW YORK, NY 10007

ZACHARY W. CARTER
*Corporation Counsel*

Cheryl L. Shammas
*Senior Counsel*
cshammas@law.nyc.gov
(212) 356-2406
(212) 356-3509

USDS SDNY
DOCUMENT
ELECTRONICALLY FILED
DOC #: _____
DATE FILED: 4/2/14

April 1, 2014

**BY ECF**
The Honorable James C. Francis, IV
United States Magistrate Court Judge
United States District Court
Southern District of New York
500 Pearl Street
New York, New York 10007

    Re:    Banno v. City of New York, et al., 06 civ. 2270 (RJS)(JCF)
            Botbol, et al. v. City of New York, et al., 05 civ. 1572 (RJS)(JCF)
            Bunim, et al. v. City of New York, et al., 05 civ. ~~9984~~ (RJS)(JCF)
            Conley v. City of New York, et al., 05 civ. 10024 (RJS)(JCF)
            Garbini et al. v. City of New York et al., 05 Civ. 1565 (RJS)(JCF)

[handwritten: 1542 / Docket in all.]

Dear Judge Francis:

    As Counsel for defendants in the above-referenced actions, we write in response to the letter of Rose M. Weber, Esq. dated March 26, 2014 regarding expert witness costs (Docket Entry # 213). Defendants hereby respectfully request that the Court enter an order, pursuant to Local Civil Rule 54.1(c)(3), similarly granting defendants prior approval to recover fees defendants expend in connection with their use of expert witnesses. If the Court grants this request, these fees would be taxable as costs should defendants prevail at trial.

    As set forth in the letter by Ms. Weber, Local Rule 54.1(c)(3) provides that fees for expert witnesses are taxable if "prior court approval was obtained." Fees are granted so long as there was a reasonable need to retain the experts in question. See Green v. Torres, 98 Civ. 8700 (JSR), 2002 U.S. Dist. LEXIS 8096, at *6 (S.D.N.Y. May 7, 2002) (vacated on other grounds by Green v. Torres, 59 Fed. Appx. 400 (2d Cir. 2003)). As will be demonstrated below, defendants have a reasonable need to retain experts so that they may fully and fairly defend the claims in these actions.

The Honorable James C. Francis, IV
March 31, 2014
Page 2 of 3

### Defendants' Reasonable Need for Damages Experts

Plaintiffs Brian Conley, Valarie Kaur Brar (*Botbol*), and Joshua Russell (*Garbini*) each assert claims of physical and/or psychological injury which they allege stemmed from their arrests and detentions. Defendants intend to rely upon experts to defend against these injury claims. Specifically, defendants intend to rely upon an orthopedist and/or neurologist to defend against plaintiff Brian Conley's claim of permanent wrist injury allegedly resulting from tight handcuffing. An expert specializing in wrist function is necessary in order for defendants to rebut plaintiff's damages claim

Similarly, and for the same reasons, defendants require an orthopedist and/or neurologist to defend against plaintiff Valarie Kaur Brar's claim of permanent wrist injury, which she alleges resulted from excessive force by police. Defendants not only deny the plaintiff's allegations of force, but also deny the cause and scope of Ms. Brar's alleged wrist condition. In addition, Ms. Brar asserts claims of psychological injury (beyond garden variety entitlement to damages) resulting from her arrest and detention. To rebut that claim, defendants also intend to rely upon a mental health professional.

For plaintiff Joshua Russell (*Garbini*), defendants intend to rely upon a skin expert, i.e., dermatologist, to defend against Mr. Russell's claim of alleged exacerbation of his pre-existing eczema (which he claims stems from his time at Pier 57). An expert witness with dermatologic expertise is necessary in order for defendants to demonstrate that plaintiff either suffers no injury or that the injury was not caused by the few hours he spent at Pier 57. Moreover, defendants intend to rely upon a dermatological expert in support of its summary judgment motion to, among others, dismiss Mr. Russell's damages claim.

### Defendants' Reasonable Need for Liability Experts

In addition to the reasonable need for damages experts, defendants also have a reasonable need for experts who will assist in showing that that the City cannot be held liable on any of plaintiffs' claims. In sum, each of the remaining 5 plaintiffs in the RNC cases captioned above asserts various challenges to the methods and practices of the police department in its handling of plaintiffs' arrests and/or detentions. Defendants intend to defend against these claims including through use of their police practices expert, arrest processing experts, and conditions expert. Each of these experts – Carl Holmberg, Richard C. Larson, Brian M. Jenkins, and Vincent Coluccio – had been previously produced in these actions to opine on, *inter alia*, plaintiffs' claims. Most significantly, defendants need, and intend to rely upon, each of these experts in support of their motions for summary judgment.

Accordingly, for the foregoing reasons, defendants respectfully request that the Court grant defendants' application for expert witness fees with respect to the above-described damages and liability experts.

We thank the Court for its consideration of this request.

The Honorable James C. Francis, IV
March 31, 2014
Page 3 of 3

Respectfully Submitted,

_____/s_____
Cheryl Shammas
Alexis L. Leist

Cc.:   Rose M. Weber, Esq. (via ECF)
       Jeffrey Fogel, Esq. (via ECF)

4/2/14
Application granted.
SO ORDERED.
James C. Francis IV
USMJ