05 CV 1572 (RJS)(JCF)

UNITED STATED DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

VALARIE KAUR BRAR,

            Plaintiff,

   -against-

The CITY OF NEW YORK, et al.,

            Defendants

**DEFENDANTS' MEMORANDUM OF LAW IN OPPOSITION TO PLAINTIFF'S MOTION FOR RECONSIDERATION**

*ZACHARY W. CARTER*
*Corporation Counsel of the City of New York*
 *Attorney for Defendants*
 *100 Church Street*
 *New York, New York 10007*

 *Of Counsel:  Cheryl L. Shammas*
 *Tel:  (212) 356-2406*

## TABLE OF CONTENTS

**Page**

PRELIMINARY STATEMENT ................................................................................................ 1

ARGUMENT

    POINT I

        RECONSIDERATION IS WHOLLY
        INAPPROPRIATE BECAUSE PLAINTIFF
        IMPERMISSIBLY SEEKS TO RE-LITIGATE
        THE ISSUES AND FAILS TO DEMONSTRATE
        ABIDANCE WITH HER DISCOVERY AND
        DISCLOSURE OBLIGATIONS ............................................................... 3

            A. No Basis Exists that the Court
               "Overlooked" Any Issue of Law or Fact……………………...5

            B. The Court Did Not Commit Clear Error in
               Precluding Plaintiff's Reliance Upon the
               Materials……………………………………………………6

    POINT II

        PRECLUSION IS PROPER AND WARRANTED ................................... 7

            A. The Belatedly-Produced Records……………………………..8

            B. The Alleged "Timely Produced Records"……………...…10

CONCLUSION ............................................................................................................................ 12

**PRELIMINARY STATEMENT**

This case is marked by the continual failures of plaintiff to comply with her discovery and disclosure obligations. Plaintiff's improper and repeated attempts to cure her repeated violations of this Court's orders and the Federal Rules of Civil Procedure should respectfully be rejected.

Plaintiff moves this Court for an order reconsideration of the Court's Order dated May 27, 2008 (DE # 244) (the May 27th Order), wherein the Court held that plaintiff's witnesses may not rely on materials or information that was not disclosed prior to April 21, 2008. The May 27th Order was decided after defendants moved for – and plaintiff opposed -- an order seeking, *inter alia*, preclusion of *all* materials that plaintiffs produced for the first time in April, 2014 – which materials she neglected to produce throughout the course of the 9-year litigation. On May 28, 2014, plaintiff submitted a letter application to the Court seeking clarification or modification of the May 27th Order with respect to the records of Dr. Barry Ludwig and other treaters plaintiff allegedly saw post-April 21, 2008. The Court denied plaintiff's motion, but permitted plaintiff to file a "formal motion for reconsideration in which she demonstrates that she has abided by her obligations to supplement her discovery and disclosure requirements subsequent to April 21, 2008." Order dated May 28, 2014 (DE # 246) (the May 28th Order").

On June 1, 2014, plaintiff filed her motion for reconsideration.[1] Plaintiff's motion should respectfully be rejected on numerous grounds, both procedural and substantive. First, denial of plaintiff's motion is warranted because it fails to comply with the requirements of Local Rule 6.3 of the Southern and Eastern Districts by failing to demonstrate that the court overlooked matters

---

[1] Plaintiff's motion falls short of the "formal requirements" required by Rule 6.3 and the COur'ts May 27th Order by failing to include the Notice of Motion and a properly labeled "Memorandum of Law". *See, e.g., Ramirez v. Avery Berkel, Inc.*, No. 02 Civ. 6887 (JSR)(KNF), 2005 U.S. Dist. LEXIS 22420 (Sept. 30, 2005) (denying motion for reconsideration for failure to comply with Rule 6.3's requirements to submit a notice of motion and a formal memorandum of law).

or committed clear error, and rather, improperly seeks to re-litigate the issues. A second basis for denial of the motion is that her motion violates the Court's May 28th Order by failing to demonstrate compliance with her discovery and disclosure requirements, and instead, expands her arguments from the May 28th letter application to also include documents which she concedes were belatedly produced and for which she was not granted leave to re-argue. *See* Pl's Mot. at 3-7 (conceding that the records were "belatedly produced" and improperly seeking to re-litigate the issue).

Additionally, preclusion of these "belatedly-produced records" is warranted, in light of plaintiff's repeated discovery failures. A third basis is that plaintiff has failed to satisfy her burden of demonstrating that all of the records were timely produced, as she was ordered to do. Instead, plaintiff argues that certain records were timely produced based upon sheer speculation. Further, she erroneously argues that she, once she provided a release for a treater, she was under no further obligation to supplement her discovery responses or disclosures. In addition, her arguments concerning records that were created in March, 2014 and served in April, 2014, should similarly be rejected because (1) after six years of repeated failures to comply with discovery, plaintiff should not have the benefit of produce new discovery; and (2) permitting plaintiff to rely on the 2014 materials would undermine the impact of preclusion of the other records that she had failed to produce over the course of the litigation. Given the procedural posture in this case, in which plaintiff has repeatedly flouted this Court's orders and the discovery rules – including by her failure in 2008 to produce discovery – preclusion is proper and warranted. In addition, preclusion is proper and warranted because of the prejudice to defendants in permitting plaintiff to rely on materials produced 9 years after the commencement of the action and 6 years after the close of discovery, during dispositive motion practice and in

the midst of expert discovery. Accordingly, it is respectfully submitted that plaintiff's motion should be denied and the Court affirm its order of preclusion.

## ARGUMENT

### POINT I

**RECONSIDERATION IS WHOLLY INAPPROPRIATE BECAUSE PLAINTIFF IMPERMISSIBLY SEEKS TO RE-LITIGATE THE ISSUES AND FAILS TO DEMONSTRATE ABIDANCE WITH HER DISCOVERY AND DISCLOSURE OBLIGATIONS**

**Legal Standard**

Plaintiff moves for reconsideration pursuant to Local Rule 6.3 of the Southern and Eastern Districts. It is well established that the "standard for reconsideration is strict and the decision is within the sound discretion of the district court." *R. B. ex rel. A.B. v. Dep't Educ. Of City of New York*, 2012 U.S. Dist. LEXIS 93384, at *3 (S.D.N.Y. July 2, 2012) (Sullivan, J.) (citations omitted); see also *Quezada v. Brown*, 08-CV-5088 (KAM), 2011 U.S. Dist. LEXIS 120667, at *3 (E.D.N.Y. Oct. 19, 2011) (internal quotation and citations omitted) (stating that reconsideration is "an extraordinary remedy to be employed sparingly in the interests of finality and conservation of scarce judicial resources.")

As this Court has previously recognized, absent a showing by plaintiff that the court overlooked controlling decisions or data, the motion for reconsideration should be denied. *See Abdell v. City of New York*, 2008 U.S. Dist. LEXIS 48078 (S.D.N.Y. June 25, 2008) (Francis, J) ("To the extent that the plaintiffs' contention is an extension of their original argument, reconsideration is not warranted because plaintiffs' counsel have not pointed to any controlling law or facts that would serve as the basis for altering my determination."); *see also R. B. ex rel.*

*A.B.,* 2012 U.S. Dist. LEXIS 93384, at *3 ("Rule 6.3 will generally be denied unless the moving party can point to controlling decisions or data that the court overlooked – matters, in other words, that might reasonably be expected to alter the conclusion reached by the court."); *Icebox-Scoops, Inc. v. Honore,* 07-cv-0544 (NG)(SMG), 2014 U.S. Dist. LEXIS 2165, at *3 (E.D.N.Y. Jan. 8, 2014) (denying reconsideration where plaintiff could not point to decisions or data that the court overlooked); *Linde v. Arab Bank PLC*, 04-cv-2799 (NG)(VVP), 2013 U.S. Dist. LEXIS 87041, at *7-8 (E.D.N.Y. Jun. 18, 2013) (denying reconsideration where defendant sought "merely to reargue the positions it presented unsuccessfully on the underlying motion.").

"Moreover, importantly, a motion for reconsideration may not be used to advance new facts, issues, or arguments not previously presented to the Court, nor may it be used as a vehicle for re-litigating issues already decided by the court."  *R. B. ex rel. A.B.,* 2012 U.S. Dist. LEXIS 93384, at *3.  *See also Smith v. New York City Dep't of Ed*., 524 Fed. Appx. 730 (2d Cir. 2013) ("A motion for reconsideration is not the appropriate mechanism for a party to relitigate an issue already decided or to advance new facts, issues, or arguments not previously presented to the court…."); *New York v. Parenteau,* 382 F. App'x 49, 50 (2d Cir. 2010) (A motion to reconsider "should not be granted where the moving party is solely attempting to relitigate an issue that already has been decided"); *Britton v. Chalsty*, Nos. 99-7333, 99-9376, 2000 U.S. App. LEXIS 14112 (2d Cir. June 15, 2000) (affirming dismissal of claims and finding no abuse of discretion by district court judge who denied appellants' several motions for reconsideration where appellant did not demonstrate that the court overlooked controlling legal authority or facts that were before it, but was merely seeking to reargue previously adjudicated issues"); *Ocello v. City of New York,* 05-CV-3725, 2008 U.S. Dist. LEXIS 55767, at *15 (E.D.N.Y. July 21, 2008) (stating that Local Civil Rule 6.3 is to be "narrowly construed and strictly applied so as to

avoid repetitive arguments on issues that have been fully considered by the court.") (internal citation omitted).

Here, plaintiff fails to satisfy the legal standard of compliance with Rule 6.3 by impermissibly introducing new arguments that she simply failed to advance in her prior papers. She similarly fails to demonstrate – because she cannot – that the Court overlooked controlling decisions or data, or otherwise committed clear error, because it did not. Notably, plaintiff fails to address the Local Rule 6.3 standard in her motion for reconsideration, thereby evidencing the impropriety of it. There can be no question that the Court's decision was proper and no issues were overlooked or errors committed. Indeed, in permitting plaintiff to file her motion for reconsideration, the Court specifically instructed plaintiff to "demonstrate[] that she has abided by her obligations to supplement her discovery and disclosure requirements subsequent to April 21, 2008." Plaintiff failed to fully comply with this directive, and instead, argued issues that she could have raised previously, but neglected to do so. Accordingly, her motion for reconsideration must be denied and the order of preclusion should stand.

### A. No Basis Exists that the Court "Overlooked" Any Issue of Law or Fact

At the outset, all of the arguments made by plaintiff in her motion for reconsideration were arguments that she could have – but failed to – argue in her opposition papers. In response to defendants' motion seeking preclusion of all materials produced after the discovery cut off date of April 21, 2008, plaintiff had a full and fair opportunity at that time to argue against preclusion by relying upon the law and facts that she now includes in her motion for reconsideration. Plaintiff should not be rewarded with another bite of the apple to argue her case. As such, no basis exists that the Court "overlooked" any issues of law or fact.

- 6 -

### B. The Court Did Not Commit Clear Error in Precluding Plaintiff's Reliance Upon the Materials

Plaintiff acknowledges that a district court has "broad discretion" in determining sanctions under Rule 37. *Ritchie Risk-Linked Trading (Ireland), Ltd. V. Coventry First LLC*, 280 F.R.D. 147, 156 (S.D.N.Y. 2012). Moreover, a district court "abuses" or "exceeds" its discretion only when, for example, its decision (1) rests on a "clearly erroneous factual finding" or "application of the wrong legal principal"; or (2) "cannot be located within the range of permissible decisions." *Zervos v. Verizon New York, Inc.*, 252 F.3d 163, 168 (2d Cir. 2001) (footnote omitted). Here, there can be no question that Your Honor did not rest its decision on clearly erroneous factual findings or applied the wrong legal principal, nor was the decision located outside the range of permissible decisions. First, the express text of Rule 37 grants authority to the district courts to sanction parties specifically for failing to obey discovery orders. Fed.R.Civ.P. 37(b)(2)(A). *See also Outley v. New York*, 837 F.2d 587, 589 (2d Cir. 1988) (stating that "the duty [to supplement responses] will normally be enforced . . . through sanctions imposed by the trial court, including exclusion of evidence . . . , as the court may deem appropriate.") (quoting Advisory Committee Notes to Rule 37) (alteration in original). Moreover, the Rule further permits sanctions in the form of preclusion, but also even more "draconian" measures than the one present here, i.e., striking pleadings in whole or in part: dismissing the action in whole or in part. *Id.* Accordingly, there can be question that the Court's decision to preclude plaintiff's reliance on the belatedly-produced materials was proper and did not amount to an abuse of discretion.

## POINT II

## PRECLUSION IS PROPER AND WARRANTED

As demonstrated above, because plaintiff has failed to demonstrate that a motion for reconsideration is proper, her substantive arguments should not be considered. Plaintiff's arguments against prelusion of these records constitutes a further attempt to re-litigate issues that she neglected to advance in her prior papers – despite having a full and fair opportunity to do so. There is no basis to allow her a third bite at the apple to correct yet another "oversight" on her part. Thus, the Court's prior ruling should respectfully stand. In the event, however, the Court does consider her substantive arguments, defendants respectfully request that the Court nevertheless affirm its decision of preclusion because such relief is just, proper and warranted in this case.

First, preclusion is warranted given the procedural posture in this case. Defendants have had to move for relief against plaintiff on at least two occasions concerning her blatant disregard to produce discovery in this case – the first time back in 2008, and now again in 2014. In 2008, defendants moved to dismiss her injury claims after she failed to produce certain records and releases. The Court generously gave plaintiff a pass for her belated production, but required that she produced herself for a follow-up deposition concerning the belated production. She refused to be produced. She continued in her discovery failures by neglecting to comply with her duty and obligation to supplement her discovery responses and disclosures throughout the course of the litigation, in violation of this Court's orders, and Rules 26(a) and 26(e) of the Fed.R.Civ.P. These violations weigh in favor of preclusion now, nine years after the commencement of the litigation and 6 years following the close of discovery, in the heart of summary judgment and expert discovery.

### A. The Belatedly-Produced Records

All arguments by plaintiff concerning these records could have and should have been previously made. Indeed, this Court specifically directed that plaintiff, in filing her motion for reconsideration, demonstrate that she "abided by her obligations to supplement her discovery and disclosure requirements subsequent to April 21, 2008." *See* the Court's May 28th Order. Plaintiff's motion is thus violative of this Court's order. Plaintiff was not given license to rehash her arguments concerning these records, which she readily concedes were produced in compliance with her discovery and disclosure obligations subs these records, which include arguments concerning "oversight", fairness, prejudice, etc. should not be considered by the Court.

In the event that the Court considers plaintiff's arguments – and defendants respectfully request that it does not – then it is respectfully submitted that plaintiff's arguments nonetheless be rejected. Plaintiff has failed to demonstrate the reasonableness of her delay in waiting six years to produce records. The thrust of plaintiff's argument is that her failure to produce these records was an "oversight" and that she will be prejudiced, more so than defendants, if she is precluded from relying upon these materials. Plaintiff's arguments concerning oversight are not sufficient to overcome the unreasonable delay of six years in failing to produce records. Nor is the fact that the documents were not produced until 3 months after her new counsel appeared in the action.

This failure to produce records is particularly egregious when viewed in the scope of her prior discovery failures back in 200 for her medical and billing records. Similarly, her failure to produce is inexcusable in light of the RNC settlement negotiations which began over 18 months ago and plaintiff's insistence at the outset of those negotiations to be treated as an Outlier

Plaintiff and not settle her case along with the Grid Plaintiffs. Thus, even during that active part of the litigation, plaintiff made no effort to produce records to support her claims. Contrary to plaintiff's argument, because of plaintiff's discovery failures, her alleged "chronic and serious condition" in the years following her deposition was not made known to defendants until those negotiations began and, thus defendants cannot be said to have been placed on notice of her condition. Defendants are further prejudiced in that, they would have been better situated to evaluate her claims and pursue settlement with all information on hand, rather than simply accepting plaintiff's allegations.

The prejudice to defendants is ongoing. It is inherent by virtue of the time spent repeatedly briefing this issue, and doing so at this late stage of the litigation. Defendants have had to spend considerable time on this issue, which has posed a major distraction and interference with their ability to prepare their summary judgment motion to dismiss many of plaintiff's claims (submitted May 30th), and their opposition to plaintiff's summary judgment motion (due in a few days, June 30th). This issue has also interfered with expert discovery, since experts cannot opine on the case without knowing the universe of materials they may or may not rely upon.

Plaintiff's repeated failures to produce discovery are not excusable and reflect the lackadaisical attitude she has had towards this case over the course of the ligation. Defendants had to move this Court for relief in 2008 based upon her prior failure to produce discovery, and again in 2014. Throughout that six year period of time, there were no efforts by plaintiff whatsoever to prosecute her case during this six year gap. Significantly, plaintiff's admitted refusal to produce herself for a follow-up depositions is grounds for preclusions alone, regardless of the timing of the request by defense counsel, as it demonstrates plaintiff's efforts to block

defendants from fully and fairly defending the litigation. This conduct highlights the type of unfair "tactical advantage" and "sandbagging" that she claims are not present here. All of these weigh in favor of preclusion. Thus, plaintiff's arguments that she should now have the advantage of all the records she failed to produce over the years should respectfully be rejected.

### B. The Alleged "Timely Produced Records"

Plaintiff has failed to demonstrate that these records were timely produced, thus her motion should be denied. Plaintiff argues that the so-called "timely-produced" materials fall within into two categories: (1) records reflecting treatment since March, 2014; and (2) records reflecting treatment by physicians for whom plaintiff produced releases before April 21, 2008 but failed to comply with her continuing obligation to produce updated releases or records following April 21, 2008. At the outset, defendants have consistently maintained that any and all materials produced after April 21, 2008 are belated and thus, plaintiff should not have the benefit of being able to rely upon them to support her case.

Addressing the 2nd category of documents: Plaintiff erroneously argues that, because she identified certain treaters in her discovery responses and provided releases for them by April 21, 2008, she has somehow complied with her obligations to continually produce responsive documents. This argument falls flat for several reasons. First, contrary to plaintiff's argument, there is no continual burden on defendants procure these records; the burden is on plaintiff to supplement her discovery responses and provide evidence as part of her case in chief. Second, providing defendants with a release does not, in any way, alleviate plaintiffs obligation to comply with her burden of production. The medical release is designed as a protective measure to ensure that defendants receive true and accurate copies of files; but they do not obviate plaintiff's obligation to produce her own records. Thus, there is simply no good-faith argument

to be made by plaintiff that because she provided releases before April 21, 2008, she is relieved of her obligations to provide updated releases and records following that date.

With respect to the 1st category of document: Plaintiff argues that she should not be precluded from producing records which did not exist before 2008, and thus, they cannot be deemed untimely. With respect to these records, she makes no other argument. First, plaintiff failed to demonstrate that these records were timely produced. Plaintiff erroneously assumes that, because Mr. Weiler emailed plaintiff's counsel in February, 2009 for a deposition, this means that he was in possession of all records up to that date. This assumption is simply not true and thus, there is no agreement on these or any other records between the parties. While defense counsel cannot state the basis for the timing of Mr. Weiler's email, defendants affirmatively state that the only records obtained from Dr. Natarjan up to that time were two pages of medical records (reflecting treatment only in 2006), *via* the release signed and dated by plaintiff on September 3, 2007 – which was the only release provided by plaintiff for that doctor's records. Similarly, although plaintiff provided a release for doctor Woon, also signed and dated September 3, 2007, no records were provided by that treater. No other records or releases concerning these treaters were produced. Therefore, plaintiff's erroneous assumption that Mr. Weiler's request in 2009 had anything to do with the medical records of these provides must be rejected. [2,3]

---

[2] Defendants advised plaintiff that, hypothetically, if she provided a release before April, 2008, but documents responsive to that release were not received, for whatever reason, until 2009, then defendants were not seeking to preclude those records. Furthermore, as demonstrated, there are no records which fall into this category.

[3] Similarly, plaintiff's argument that the Court's April 17, 2008 order extends the discovery deadline to her case to May 30, 2008 is speculation, as there were many plaintiffs in the *Botbol* case who were the subject of the Court's Orders issued between April 3, 2008 and April 11, 2008, not just Ms. Brar, and thus, it is unclear whether Ms. Brar was the subject of that application, which defendants seriously doubt. Thus, that date should not be accepted as the discovery cut-off date. More importantly, however, the May 30, 2008 date did not, in any way, extend the deadline for production of *records*, and in fact, was requested for the limited purpose of taking depositions, because not all records had been received. Thus, there is no feasible argument to be made that May 30, 2008 was the cut off date

In addition, the 2014 records were properly precluded and plaintiff's motion should be denied. As shown above, plaintiff has historically failed to comply with her discovery and disclosure requirements. In light of these repeated failures, it would be fundamentally unfair and prejudicial to defendants to permit plaintiff to now have the benefit of those records, which would effectively render her prior discovery failures as inconsequential, which they are not. It is fundamentally unfair, and waste of both the Court's and defendants' time and resources to have to continually address plaintiff's failures and oversights, particularly at this critical state of the litigation, in which the parties have long ago completed fact discovery, are in the midst of briefing summary judgment, and are further conducting expert discovery. Accordingly, any records reflecting treatment or medical bills by these providers (or any providers) – including the alleged May 18, 2008 records from Dr. Natarajan – and all records which are the subject of plaintiff's motion for reconsideration were properly precluded by this Court.

## CONCLUSION

By reason of the foregoing, defendants respectfully request that plaintiff's motion for reconsideration be denied and that the Court affirm its order precluding plaintiff from relying upon any materials or information contained therein that were produced after April 21, 2008, and for such other and further relief as this Court may deem just and proper.

Dated:  New York, New York
            June 26, 2014

                                                            Respectfully Submitted,

                                                            By: /s/ Cheryl Shammas
                                                                    Cheryl Shammas
                                                                    *Senior Counsel*

---

for document production. Finally, plaintiff has failed to demonstrate the production of records even through that date.