05 CV 1572 (RJS)(JCF)

UNITED STATED DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

VALARIE KAUR BRAR,

                                  Plaintiff,

      -against-

The CITY OF NEW YORK, et al.,

                                  Defendants

**DEFENDANTS' MEMORANDUM OF LAW IN FURTHER SUPPORT OF THEIR MOTION FOR SUMMARY JUDGMENT**

***ZACHARY W. CARTER***
*Corporation Counsel of the City of New York*
    *Attorney for Defendants*
    *100 Church Street*
    *New York, New York 10007*

    *Of Counsel:  Cheryl L. Shammas*
    *Tel:  (212) 356-2406*

    *July 21, 2014*

**TABLE OF CONTENTS**

Page

PRELIMINARY STATEMENT ................................................................................................ 1

ARGUMENT

    POINT I

        STEFANIE MOUNT SHOULD BE DISMISSED………..……………......1

    POINT II

        PLAINTIFF'S FALSE ARREST CLAIM
        SHOULD BE DISMISSED…......................……………….…......2

            Probable Cause To Arrest for OGA P.L.
            and Disorderly Conduct §§240.20(5), (6)………………......2

    POINT III

        PLAINTIFF'S FIRST AMENDMENT RETALIATION CLAIM
        SHOULD BE DISMISSED ………………………………………...3

    POINT IV

        PLAINTIFF'S CONDITIONS OF CONFINEMENT
        CLAIM SHOULD BE DISMISSED ............................................................4

    POINT V

        PLAINTIFF'S FAIR TRIAL CLAIM
        SHOULD BE DISMISSED………………………………...………..5

    POINT VI

        PLAINTIFF'S FAILURE TO INTERVENE CLAIM
        SHOULD BE DISMISSED……………………………………...…..8

    POINT VII

        DEFENDANTS ARE ENTITLED TO QUALIFIED IMMUNITY…...…9

    POINT VIII

        PLAINTIFF'S *MONELL* CLAIMS SHOULD BE DISMISSED …...…...9

**PRELIMINARY STATEMENT**

Plaintiff's Opposition papers articulate the sole remaining claims to be resolved by motion as follows: (1) false arrest against Officer Diaz; (2) Denial of Fair Trial against Diaz and Sergeant Mount; (3) 1st Amendment Retaliation against Diaz; (4) Failure to Intervene against Diaz and Mount; and (5) conditions of Confinement against Diaz and Iecampo; and (6) *Monell* liability against the City of New York. Plaintiff has thus abandoned her claims against all defendants except for defendants Tanisha Diaz, Stefanie Mount, Daniel Iecampo, and the City of New York, and abandons several *Monell* claims.[1,2] Because Plaintiff either admits to each of the facts set forth in Defendants' 56.1 Statement, or fails to adequately controvert them, Defendants' Motion for Summary Judgment should respectfully be granted in its entirety.

**ARGUMENT**
**POINT I**
**STEFANIE MOUNT SHOULD BE DISMISSED**

Plaintiff was put on notice as early as 2008 that Defendant Mount was not served with process. *See* Defendants' Answers to Fourth and Fifth Amended Complaints, DE ##'s 149, 151, n.1, respectively. Plaintiff had ample notice and opportunity to properly effectuate service of process, which she failed to do. Moreover, Defendants raised this issue in their Affirmative Defenses. *See, e.g.,* Answer to FAC, DE # 159 (13th through 16th Affirmative Defenses). Thus, Sgt. Mount cannot be said to have "waived" her right to challenge process. She had no prior

---

[1] Plaintiff identified the defendants against whom her claims are alleged, and thus, has abandoned all claims against all other defendants. (Pl's Opp. At n. 2, 6, 10, 13, 16, and 19). She also abandons her *Monell* claims for alleged policies of (1) arresting individuals for being in or near political protest; (2) using unnecessary force; (3) exposing plaintiffs to toxic substances; and (4) falsifying documents. Her remaining Monell claims are for an alleged (a) pattern and practice of making mass arrests without probable cause; and (b) widespread policy of handcuffing arrestees too tightly.

[2] Plaintiff acknowledges that she has no claims against Stefanie Mount by virtue of moving for summary judgment only against Officer Diaz and no other officer. Moreover, there is no personal jurisdiction over Mount, nor evidence of her personal involvement in plaintiff's claims.

1

knowledge of this lawsuit until May, 2014. (Defs' Reply 56.1 at ¶ 481, Aff't of Stefanie Mount dated 7/18/14 at ¶ 3). Although deposed in 2007 in connection with another consolidated RNC matter, she was not questioned specifically about Plaintiff, nor is there any evidence from that deposition to establish the personal involvement of Mount. To permit jurisdiction over Stefanie Mount now – 10 years after Plaintiff's arrest and almost 9 years following the filing of the lawsuit – would be unjust and unfairly prejudicial.[3] Plaintiff should also be precluded from relying upon any affidavit of service in support since no such document was ever filed or produced during the litigation.

## POINT II
## PLAINTIFF'S FALSE ARREST CLAIM SHOULD BE DISMISSED
### (asserted against Officer Diaz only)

**Probable Cause to Arrest for OGA, Disorderly Conduct, P.L. §§ 240.20(5) and(6)**

Based upon the undisputed record, and for all reasons articulated in Defendants' prior papers, Officer Diaz had probable cause to arrest Plaintiff for engaging in OGA and disorderly conduct. Arguments that: (1) police were not "clearing the street", but rather were making arrests (2) police perpetuated the blockage, not Plaintiff; and (3) she did not resist arrest, or (4) hat she was not "noticed" by police all should be rejected as either (a) being belied by the undisputed record; or (b) or not relevant to the probable cause analysis. In that same vein, her argument that she did not act with the requisite *mens rea*, or that she was a legal observer[4] similarly fail. (Pl's Opp. at 8). The existence of probable cause "is determined objectively -- the officer's subjective belief at the time of arrest is irrelevant – based on the totality of the

---

[3] Plaintiff's reliance on *Datskow v. Teledyne, Inc.* is misplaced because, unlike the Stefanie Mount here – the defendants in that case did actually have prior notice of the lawsuit. Accordingly, she should be dismissed.

[4] Plaintiff's allegation that she was a legal observer are meritless, as legal observers are not immune from the law.

2

circumstances." *Richardson v. N.Y. City Health & Hosps. Corp.*, 2009 U.S. Dist. LEXIS 25247, 24-25 (S.D.N.Y. Mar. 25, 2009). Diaz's observation of the events on the block and what she was told provided a lawful basis to believe that Plaintiff acted with the requisite intent. *See People v. Bloom (Derek),* 2006 NY Slip Op 52115U, 1 (N.Y. App. Term 2006) (affirming conviction for disorderly conduct where defendant's "intent to cause public inconvenience could reasonably be inferred from his refusal to comply with the police order to disperse"). Thus, even if her main objective was to film an arrest, her subjective intent is irrelevant.

Plaintiff's act of standing in the street disallowed cars from entering Mill Lane. Moreover, by standing in the street filming, her conduct can be said to amount to a "temporary inconvenience". The cases cited by Plaintiff (*Jones*, *Pearl*, *Munafo*, and *Baker*) are distinguishable because they concerned either remote locations – not downtown Manhattan – or involved conduct by protesters who were stepped into the road only momentarily. Additionally, Plaintiff herself admits as fact that Officer Diaz was instructed to arrest her on the belief – based upon information provided by a fellow officer – that Plaintiff had been in the street and was instructed to leave, but refused. (Pl's Counterst't at ¶ 448). Accordingly, based upon the undisputed record, there was probable cause to arrest Plaintiff for OGA and disorderly conduct.

### POINT III
### PLAINTIFF'S FIRST AMENDMENT RETAILIATION CLAIM SHOULD BE DISMISSED
### (asserted against Officer Diaz Only)

Plaintiff concedes that "Defendants are correct" that the presence of probable cause vitiates her claim of First Amendment Retaliation. (Pl's Brief at 15). Accordingly, this claim should be dismissed. Her claim similarly fails because she cannot prove the three elements of her claim, as argued by Defendants in their motion. Plaintiff's reliance on *Elrod v. Burns*, 427 U.S. 347 (1976) to show that her speech was chilled is misplaced because that case dealt with

3

patronage dismissals of governmental employees and had nothing to with a claim of First Amendment Retaliation or its legal standard for proving § 1983 liability. Accordingly, her cause of action for First Amendment retaliation must be dismissed.

### POINT IV
### PLAINTIFF'S CONDITIONS OF CONFINEMENT CLAIM SHOULD BE DISMISSED
(asserted against Officer Diaz and Lieutenant Iecampo only)

Plaintiff admits that she was not subjected to the conditions set forth in ¶ 106 of the Fifth Amended Complaint. (Pl's Opp. Brief at 17). As such, her conditions of confinement claim should be dismissed. Plaintiff, however, improperly attempts to merge her claim of overly tight handcuffs into a claim of conditions of confinement, which she cannot do. Plaintiff's claim of excessively tight handcuff is a claim of excessive force, and thus, is to be analyzed under the Fourth Amendment. *See, e.g.*, A*nderson v. Branen*, 17 F.3d 552, 558-59 (2d Cir. 1994); *Sachs v. Cantwell,* 2012 U.S. Dist. LEXIS 125335, 43-46 (S.D.N.Y. Sept. 4, 2012) (A complaint of alleged overly tight handcuffing is properly analyzed as an excessive force claim under the Fourth Amendment). Here, Plaintiff already asserts a separate cause of action for excessive force. Thus, the allegations put forth in support of her claim for unlawful conditions of confinement (tight handcuffing) are duplicative of those forming the basis of her Fourth Amendment claim for excessive force, and thus, no general substantive due process claim lies. *See e.g., Albright v. Oliver*, 510 U.S. 266, 273 (1994) ("Where a particular Amendment 'provides an explicit textual source of constitutional protection' against a particular sort of government behavior, 'that Amendment, not the more generalized notion of "substantive due process," must be the guide for analyzing these claims.'") (plurality) (citation omitted); *Maliha v. Faluotico*, 286 F. App'x 742, 744 (2d Cir. 2008) ("[Plaintiff]'s substantive due process claim thus merges with his Fourth Amendment claim because the former claim arises from the same

4

set of actions that allegedly violated his Fourth Amendment rights"); *Angel De La Cruz v. City of New York,* No. 11-CV-8395 (VSB) (S.D.N.Y. June 26, 2014) (rejecting plaintiff's claim for unlawful search and arrest under the Fourteenth Amendment as duplicative of his Fourth Amendment claim).[5]  Accordingly, her conditions claim should respectfully be dismissed.

Notwithstanding that Plaintiff may not properly insert a tight handcuff claim into a conditions of confinement claim, Lt. Daniel Iecampo did check the tightness of Plaintiff's handcuffs, at her request, and determined that they were not too tight. (Defs' 56.1 Counterst't at ¶¶455, 458 ; Declaration of Lt. Daniel Iecampo, dated 7/17/14 at ¶ 6-9). Nor did it "yank" Plaintiff's arm upward. *Id.*

## POINT V
## PLAINTIFF'S FAIR TRIAL CLAIM SHOULD BE DISMISSED
### (asserted against Diaz and Mount only)

Plaintiff cannot prove her fair trial claim against Officer Diaz or Sergeant Stefanie Mount.  First, Plaintiff cannot dispute the standard set forth in *Jovanic* and instead, seeks to distract the Court with arguments concerning the alleged fabrication of an NYPD arrest report and a criminal court complaint.  Second, as argued in Defendants' 5/30/14 brief, the alleged fabrication of testimonial evidence does not give rise to a fair trial claim.  Had Plaintiff's criminal case proceeded to trial, evidence against her would have been admitted in the form of officer testimony and not, as she erroneously argues, through her NYPD arrest report and criminal court complaint. (Plaintiff offers no evidence to suggest that Diaz would not proffer

---

[5]  Plaintiff's reliance on the decision in *MacNamara v. City of New York* (granting in part and denying part RNC plaintiffs' motion for class certification) is similarly misplaced for several reasons.  That decision was rendered in connection with defining class members for purposes of class certification (not for the purpose of evaluating the substantive allegations of a plaintiff's conditions of confinement claim) and Plaintiff is not a member of any class, having opted out by filing her own lawsuit and assert her own individuals claims, including a claim of excessive force.

testimony at trial).  Thus, these documents could not influence the jury.  Thus, Plaintiff's fair trial claim fails.  Moreover, as a matter of law, police officers are immune from liability for giving alleged false testimony.  *Jovanovic v. City of New York*, 486 Fed. Appx. 149, 152 (2d Cir. 2012); *McCaffrey v. City of New York*, No. 11 Civ. 1636 (RJS), 2013 U.S. Dist. LEXIS 18815m at *12 (S.D.N.Y. Feb. 7, 2013).  Contrary to Plaintiff's assertion, *Zahrey* does not change this standard, and further, does nothing to support Plaintiff's case.  The issue in *Zahrey* was not the alleged fabrication of a criminal court compliant or any evidence.  Instead, it concerned issues of immunity for a federal prosecutor, in his role as investigator, who *coerced* two grand jury witnesses into giving false testimony against the accused during Grand Jury proceedings, which resulted in an indictment and subsequent arrest of the accused.  Thus, it was not the alleged fabricated evidence, but rather, the act of coercion that supported in a fair trial claim.

Plaintiff has no malicious prosecution claim, and her obvious attempt to recast one into a Fourteenth Amendment fair trial claim should not be permitted. *See Kinzer v. Jackson*, 316 F.3d 139, 143 (2d Cir. 2003); *Murphy v. Lynn*, 118 F.3d 938, 944 (2d Cir. 1997) ("[S]ince the gist of a claim for malicious prosecution is abuse of the judicial process, a plaintiff pursuing such a claim under 1983 must show that [a] seizure resulted from the initiation or pendency of judicial proceedings."). Both the Supreme Court and the Second Circuit have held that where there is an explicit textual source of constitutional protection against a particular sort of government behavior, that amendment must be the guide for analyzing these claims.  *Bryant v. City of New York*, 404 F.3d 128, 135-136 (2d Cir. 2005) (citations omitted) (relying on *Albright v. Oliver*, 510 U.S. 266, 275 (1994) (plurality opinion)).[6]  Her reliance on two state court cases for the

---

[6] Plaintiff's reliance on *Swartz v. Insogna* for the proposition that her court appearances allegedly amount to a deprivation is similarly misplaced, as that concerned a malicious prosecution claim and not a fair trial claim, whereas the case cited by Defendants -- *Antes v. Bonura*, 10 Civ. 5472

alleged admissibility of the two documents is misplaced.  *See People v. Hunter*, 62 A.D.3d 1207, 1208 (N.Y. App. Div. 3d Dep't 2009) (Prosecutor's sole use of arrest report to prove at bench trial that defendant violated the condition of his probation and not officer testimony) and *People v. Mingo*, 12 N.Y.3d 563, 573-574 (N.Y. 2009) (finding that certain statements, such as a criminal court complaint are reliable and properly admitted in a proceeding to determine the appropriate risk level of a sex offender under the Sex Offender Registration Act (SORA)).[7]  Thus the claim against Diaz fails.

In addition to the above, even assuming jurisdiction over Mount – which there was none, she should nonetheless get dismissed because there is no evidence of her involvement in Plaintiff's arrest or detention (a fact which Plaintiff concedes, having not moved against her on summary judgment).  Plaintiff fails put forth any facts that demonstrate Mount's personal involvement, and instead, puts forth facts that Mount did not provide information to Diaz.  *See* Pl's 56.1 Statement dated 5/30/14 at ¶ 49 and Pl's Counterst't 56.1 at ¶ 463 ("At Pier 57, no other officer provided information to Diaz regarding Brar's conduct").  Plaintiff further fails to prove her claim by relying on mere "possibilities" rather than facts, which she cannot do on summary judgment.  *See* also Pls' Opp. Brief, dated 6/30/14, at 11 (stating that only Mount's "*possibly*" fabrication of evidence) (emphasis added).  Additionally, Defendants *do* dispute that the evidence was fabricated because Diaz never provided untrue statements to a prosecutor.  Rather, she testified that, when she spoke with the ADA, she shared with him both her own

---

(GAY), 2013 U.S. Dist. LEXIS 36255, *15 (S.D.N.Y. Feb. 25, 2013) was specifically stated the standard in the context of a fair trial claim.

[7]  Unlike the case here, the case in Mingo dealt with SORA, designed to protect the public from sex offenders. As the Mingo Court stated:  "Given the significance of the mission, an accurate determination of the risk a sex offender poses to the public is the paramount concern. We conclude that hearsay is reliable for SORA purposes--and, therefore, admissible--if, based on the circumstances surrounding the development of the proof, a reasonable person would deem it trustworthy."  12 N.Y.3d at 573-574

7

personal observations, as well as those of Stefanie Mount, and as a matter of routine, would have differentiated for the ADA her observations from those of Mount's. (Defs' Reply 56.1 Statement of Fact at ¶ 465). Diaz had understood that Mount "saw things that I didn't see. So she was kind of giving me her knowledge on certain two or three -- I don't remember exactly how many. That's how she was helping me." (Defs' Reply 56.1 at ¶ 465)

## POINT VI
## FAILURE TO INTERVENE
## (asserted against Diaz and Mount only)

As shown herein, as well as in all of Defendants briefs submitted both in support of their motion for summary judgment and in opposition to plaintiff's motion for summary judgment, because Plaintiff's arrest was lawful – or at minimum Diaz was reasonable in her belief that she had probable cause to arrest – no intervention was necessary. Plaintiff's argument that Diaz failed to intervene by choosing to assist another officer in arresting Brar rather than question the arrest and by ignoring pleas that Brar was a legal observer fails as a matter of law. First, under the collective knowledge doctrine, Diaz was reasonable to rely on her fellow officer. "Moreover, '[o]nce a police officer has a reasonable basis for believing there is probable cause, he is not required to explore and eliminate every theoretically plausible claim of innocence before making an arrest.'" Id. (citing Ricciuti v. N.Y.C. Transit Auth., 124 F.3d 123, 128 (2d Cir. 1997); see also *Rodriguez v. City of New York*, 535 F. Supp. 2d 436, 442 (S.D.N.Y. 2008) (noting the officer "was not required to make a full investigation into plaintiff[s'] state of mind" because "[o]nce plaintiffs pushed [the officer], a person of reasonable caution could have believed that plaintiffs had committed a crime"). Her argument that Diaz failed to remediate Plaintiff's overly tight handcuffs fails because Plaintiff cannot dispute that a senior officer tested her handcuffs and determined them not to be too tight. (Defs' 56.1 Counterst't at ¶¶455, 458 ; Iecampo Aff't at

8

¶¶ 6-9). Plaintiff's arguments concerning Mount should be rejected because, even assuming that Mount reviewed and approved Diaz's paperwork, she had no reason to believe that the information was not correct. Thus, Stefani Mount cannot be charged with the responsibility of stopping Diaz from preparing her account, and thus, had not reason to intervene.

## POINT VII
## DEFENDANTS ARE ENTITLED TO QUALIFIED IMMUNITY

Based upon the facts communicated to her, as well as the facts and circumstances known to her concerning the entire incident, Officer Diaz had arguable probable cause to believe that either Plaintiff had been part of the unlawful group; or (b) Plaintiff was refusing a lawful order of Police. Accordingly, she is entitled to qualified immunity. Diaz also understood that her senior officer had taken care of Plaintiff's complaint concerning her handcuffs, and thus, had no reason to intervene. (Defs' 56.1 Counterst't at ¶¶455, 458 ; Iecampo Aff't at ¶¶ 6-9) To the extent that Stefanie Mount is deemed a party to this action, she too is entitled to qualified immunity because there is no evidence of knowledge on her part that Plaintiff's constitutional rights had been violated. Liability does not attach simply by virtue of being a supervisor. *See Ashcroft v. Iqbal*, 129 S.Ct. 1937, 1948 (2009) (dismissing claims against supervisory officials despite alleged knowledge of and acquiescence to wrongdoings by subordinates).

## POINT VIII
## PLAINTIFF'S *MONELL* CLAIMS SHOULD BE DISMISSED
## (asserted against the City of New York)[8]

Plaintiff admits or fails to controvert each of the facts put forth by Defendants to establish liability by the City, admitting to Defendants' "Facts Related to the City's Facilitation of First

---

[8] Plaintiff fails to come forward with evidence of who the alleged policy makers were of these alleged unconstitutional policies. Accordingly, all individual defendants should be dismissed.

9

Amendment Activity" (Pls' 56.1 Counterstatement ¶¶ 103-127) and "Facts Related to the Handcuffing of Arrestees" (*Id*. at ¶¶ 390-399).

**No Policy of Mass Arrests Without Probable Cause:**  Plaintiff inexplicably cites to a non RNC case to support her *Monell* claim.  She also cites to arrests which were made at completely different arrest locations and whereat this Court never made probable cause determinations (with the exception Church and Fulton and East 16th Street, the latter of which this Court did not hold that probable cause was lacking).  Accordingly, Plaintiff's statement that "it has been judicially determined that . . . 527 individuals . . . were subjected to mass arrests without individualized probable cause" is simply wrong and must be rejected.  Plaintiff failed put forth evidence to demonstrate a basis for liability by the City.  Moreover, this Court, in denying class certification to various arrest locations, found implicitly that not all arrests were made without probable cause, and thus, the City cannot be deemed to have such a policy.  Plaintiff admits the facts concerning the City's efforts to facilitate First Amendment Activity, and fails to prove that the City had a policy of making mass arrests without probable cause.  Her claim must be dismissed.

**No Policy of Deliberate Indifference to Tight Handcuffing**: Having admitted Defendants' facts, and where another court had determined no such policy existed, the claim fails.  Plaintiff failed proffer evidence that the a policy-maker approved too-tight or unduly prolonged handcuffs on arrestees; that the Department was deliberately indifferent to the refusal of some officers to loosen or remove handcuffs; and where some plaintiffs testified during their depositions that officers were willing and able to remove handcuffs upon request, and that other officers did not place handcuffs on plaintiffs that were unduly tight, reflects an absence of any proof or practice either used or encouraged by the police department.  *Haus v. City of New York*, 2011 U.S. Dist. LEXIS 155735, * 236-37 (S.D.N.Y. August 31, 2011).

Dated:  New York, New York
         July 21, 2014

                                      ZACHARY W. CARTER
                                      Corporation Counsel of the City of New York
                                      *Attorney for Defendants*
                                      100 Church Street
                                      New York, New York 10007
                                      (212) 356-2406

                                      By    /s/ Cheryl Shammas
                                          Cheryl L. Shammas
                                          *Senior Counsel*