05 CV 1572 (RJS)(JCF)

UNITED STATED DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

VALARIE KAUR BRAR,

Plaintiff,

-against-

The CITY OF NEW YORK, et al.,

Defendants

**DEFENDANTS' MEMORANDUM OF LAW IN OPPOSITION TO PLAINTIFF'S RULE 72(A) OBJECTION TO ORDERS OF THE MAGISTRATE JUDGE AND IN SUPPORT OF MOTION TO DISMISS PLAINTIFFS' CLAIMS OF PHYSICAL INJURY AND EMOTIONAL DISTRESS**

***ZACHARY W. CARTER***
*Corporation Counsel of the City of New York*
*Attorney for Defendants*
*100 Church Street*
*New York, New York 10007*

*Of Counsel: Cheryl L. Shammas*
*Tel: (212) 356-2406*

## PRELIMINARY STATEMENT

As amply reflected in the record, this case is marked by the repeated and continual violations of Plaintiff over the last 10 years to comply with numerous court orders and her discovery obligations – both to provide information before the discovery cut-off date, and to continue in her obligation to supplement discovery. On May 28, 2014, Judge Francis ordered preclusion of materials that were produced by Plaintiff for the first time in 2014, many years after the close of discovery, and included materials that both pre-dated and post-dated the discovery cut-off date of April 21, 2008. Even following the May 28, 2014, Plaintiff still continues to produce information that existed before 2014, in violation of Judge Francis's order.

Now, on August 13, 2014, Plaintiff moved this Court pursuant to Rule 72, to object to Judge Francis's order. Plaintiff's motion –filed long after the 14-day deadline set forth in Rule 72(a), is untimely and should therefore be denied, as the Court need not reach the merits (or lack thereof) due to its late filing.

Nevertheless, Defendants oppose the merits of the motion and respectfully request that the motion be denied because Judge Francis's decision was neither contrary to law nor clearly erroneous. On the contrary, Judge Francis's preclusion order was consistent with the Law of the Case, which provides for the sanction of dismissal or preclusion for belatedly-produced records. In addition, Judge Francis's decision was grounded in numerous Federal Rules, including *Rule 16(f), Rule 37(b)(2)*, and *37(c)(1)* of the Federal Rules of Civil Procedure. *Rule 16(f)* permits for *Rule 37(b)(2)(A)* sanctions (which include dismissal and preclusion), where, as here, a party fails to obey a scheduling order. *Rule 37(2)(A)* permits for the same set of sanctions where, as here, a party fails to obey a court's discovery order. *Rule 37(c)* permits for the same set of sanctions where, as here, a party fails to disclose or supplement information or identify a witness as

required by *Rule 26(a)* or *(e)*. In addition, sanctions in the form of preclusion were proper even after applying the factors set forth by the Second Circuit in determining *Rule 37* sanctions.

In view Plaintiff's flagrant disregard of Judge Francis's and this Court's orders, as well her complete disregard and respect for the Federal Rules, Defendants respectfully seek an order dismissing Plaintiff's claims of physical injury and emotional distress in their entirety, as preclusion clearly is no deterrent to Plaintiff's repeated violations and frivolous litigation on the issue.

## ARGUMENT

### POINT I

#### PLAINTIFF IS TIME-BARRED FROM RAISING
#### RULE 72(a) OBJECTIONS TO THE PRE-2014 RECORDS

As argued by Defendants in their Opposition to Plaintiff's Motion for Reconsideration, Judge Francis's May 28, 2014 order did not permit briefing on the "belatedly-produced" materials, and thus, Plaintiff's time to move this Court pursuant to Rule 72(a) was 14 days from May 28, 2014 (June 10, 2014) and not August 13, 2014, the date of the filing. *See Rule 72(a)* ("A party may serve and file objections to the order within 14 days after being served with a copy [of the magistrate's decision]").  By way of background, Plaintiff, for the first time served Defendants with hundreds of documents in 2014 which had not been previously produced, in violation and in complete disregard of (1) numerous court orders; (2) *Rule 26(a)* by failing to provide all material by April 21, 2008 to support her claims; (3) *Rules 33* and *34*, by failing to provide all material responsive to Defendants' Interrogatories and Requests for Production by April, 2008; and (4) and *Rule 26(e)*, by her failure to comply with her continuing obligation to

supplement, "in a timely manner" her *26(a)* disclosures and her responses to Defendants' discovery demands pursuant to *Rules 33* and *34*.

After moving to preclude on these grounds, Defendants' motion was granted by Judge Francis. (Order dated May 27, 2014, DE # 244). On May 28, 2014, Plaintiff filed an informal letter seeking reconsideration of the preclusion order. On that same day, Judge Francis granted reconsideration only with respect to those records that Plaintiff could demonstrate timely disclosure. (Order dated May 28, 2014, DE #246). The only category of documents that could have potentially fallen within the scope of that order were records that were generated in 2014 and produced in 2014. Plaintiff acknowledged and agreed that all other records that she produced in 2014 that pre-dated 2014 were all "belatedly-produced." (Pl's Mot. for Reconsideration, 6/10/14, DE # 264 at 3-7). Judge Francis denied reconsideration of his preclusion of these records, and thus, the time for Plaintiff to have filed her objections started on May 28, 2014, thereby rendering her filing deadline on or before June 10, 2014 (14 days from the May 28, 204 denial order).

Nevertheless, Plaintiff waited until August 13, 2014 to file her objections. (On June 10, 2014, Plaintiff instead improperly sought to re-litigate the issue before Judge Francis in her reconsideration motion despite reconsideration having been denied with respect to the "belated" records). Defendants duly pointed out that fact in their opposition papers. (Defs' Opp. to Mot. Reconsideration, 6/26/14, DE # 268 at 1-2). Plaintiff's motion is time-barred and should respectfully be denied in its entirety. *See Lanzo v. City of New York*, 1999 U.S. Dist. LEXIS 16569, 2-6 (E.D.N.Y. Sept. 21, 1999) (finding that plaintiff's *Rule 72* objections filed two days late were time barred pursuant to the time limits imposed by Rule 72(a), and thus, the Court did not need to view the merits; and nevertheless affirmed the order of preclusion on the merits in

view of Plaintiff's discovery violations). Accordingly, the Court need not similarly reach the merits (or lack thereof) of Plaintiff's motion and the motion should respectfully be denied in its entirety.

## POINT II

### PLAINTIFF'S RULE 72(A) OBJECTIONS ARE INAPPROPRIATE BECAUSE JUDGE FRANCIS'S DECISION WAS NEITHER "CLEARLY ERRONEOUS" NOR "CONTRARY TO LAW"

#### A. Rule 72(a) Legal Standard

In the event that the Court turns to merits of the Plaintiff's motion, Defendants respectfully submit that it nonetheless should be denied for reasons set forth below. *Rule 72(a)* of the Federal Rules of Civil Procedure and *28 U.S.C. § 636(b)(1)(A)* of the Federal Magistrates Act provide that a district court may designate a magistrate judge to hear and decide non-dispositive pretrial matters. "The district court shall reverse a magistrate judge's order only where the ruling is 'clearly erroneous or contrary to law.'" *Eastwood v. City of New York*, No. 05 Civ. 9483 (Sullivan, J.)(JCF), 2009 U.S. Dist. LEXIS 99933, * 5 (S.D.N.Y. Oct. 27, 2009) (on *Rule 72* appeal, finding that Judge Francis did not abuse his discretion in precluding the City from relying upon belatedly-produced evidence in these consolidated RNC cases, and affirming preclusion order on grounds that it was neither clearly erroneous nor contrary to law); *Fielding v. Tollaksen*, 510 F.3d 175, 178 (2d Cir. 2007). *See also Consol. RNC Cases*, 2009 U.S. Dist. LEXIS 40293 (S.D.N.Y. Jan. 8, 2009) (on Rule 72 appeal in these consolidated RNC cases, affirming dismissal of plaintiffs' emotional distress claims pursuant to Rule 37 as a sanction for noncompliance with discovery orders). "An order is clearly erroneous if the reviewing court is 'left with the definite and firm conviction that a mistake has been committed.'" *Id.* at * 6 (citing

*Easley v. Cromartie,* 532 U.S. 234, 242 (2001) (internal citation and quotation marks omitted). "'An order is contrary to law when it fails to apply or misapplies relevant statutes, case law or rules of procedure.'" *Id.* (citing *Thompson v. Keane,* No. 95 Civ. 2442 (SHS) (AJP), 1996 U.S. Dist. LEXIS 6022 (S.D.N.Y. May 6, 1996)) (internal citation and quotation marks omitted).

"A magistrate judge's orders on discovery matters are entitled to considerable deference." *Eastwood* at * 5. ("Consistently, it has been held that a magistrate's report resolving a discovery discourse between litigants should be afforded substantial deference and be overturned only if found to be an abuse of discretion.'); *U2 Home Entm't, Inc. v. Hong Wei Int'l. Trading Inc.*, No. 04 Civ. 6189 (JFK), 2007 U.S. Dist. LEXIS 59233 (S.D.N.Y. Aug. 13, 2007); *Nikkal Indus., Ltd. v. Salton, Inc.*, 689 F. Supp. 187, 189 (S.D.N.Y. 1988)); *Catskill Dev., L.L.C. v. Park Place Entm't Corp.*, 206 F.R.D. 78, 86 (S.D.N.Y. 2002) *(accord)*; *Thomas E. Hoar, Inc. v. Sara Lee Corp.*, 900 F.2d 522, 525 (2d Cir. 1990) ("As a 'non-dispositive matter,' a pretrial discovery ruling is reviewed under this highly deferential standard.") *(cited in Eastwood* at * 6).

Plaintiff concedes the "broad discretion" of the court in determining sanctions under Rule 37. *See also Ritchie Risk-Linked Trading (Ireland), Ltd. v. Coventry First LLC*, 280 F.R.D. 147, 156 (S.D.N.Y. 2012); *Metro Foundation Contractors, Inc. v. Arch Ins. Co.*, 551 Fed. Appx. 607 (2d Cir. 2014) ("Imposing sanctions pursuant to Rule 37 is within the discretion of the district court and a decision to dismiss an action for failure to comply with discovery orders will only be reversed if the decision constitutes an abuse of that discretion.") (citations omitted). A district court "abuses" or "exceeds" its discretion only when, for example, its decision (1) rests on a "clearly erroneous factual finding" or "application of the wrong legal principal"; or (2) "cannot be located within the range of permissible decisions." *Zervos v. Verizon New York, Inc.*, 252 F.3d 163, 168 (2d Cir. 2001) (footnote omitted).

**B. The Law of the Case Provides for Preclusion – and Even *Dismissal* – For Failure to Provide Medical Records or Any Information Whatsoever After The Discovery Cut-Off Date**

In these consolidated RNC cases, it is the law of the case that a plaintiff's failure to produce her medical records and related information prior to the close of discovery will result in the sanction of preclusion or even dismissal. *See, e.g., Consolidated RNC cases*, 2009 U.S. Dist. LEXIS 40293 (S.D.N.Y. Jan. 8, 2009) (Sullivan, J.) (rejecting plaintiffs' objections pursuant to Rule 72 by affirming dismissal of plaintiffs' injury claims that were not timely produce – even in cases where some but not all records were produced – as a sanction for "Plaintiffs' noncompliance with [Judge Francis's] prior discovery rulings", and, further denying certification for interlocutory appeal);[1] see also Order by the Judge Francis dated October 23, 2007 (DE # 63) (advising Plaintiffs that, in the event of a party's continued noncompliance with discovery orders, 'the sanction of dismissal may ultimately be warranted' under Rule 37(b)(2)) (cited in *RNC Consolidated Cases* at *34-35). Indeed, is the law of the case that preclusion is warranted for *all* material that was not disclosed in accordance with Court orders and the Federal Rules. See *RNC Consolidated Cases*, docketed in all RNC cases, DE # 180 (RJS)(JCF) (S.D.N.Y. Aug. 19, 2011) (precluding plaintiffs from relying upon records and any information contained therein for any purpose whatsoever on grounds that the records were not disclosed until after the close of discovery); *Eastwood v. City of New York*, No. 05 Civ. 9483 (Sullivan, J.)(JCF), 2009 U.S. Dist.

---

[1] Consolidated RNC cases, affirmed on Rule 72, Judge Francis's dismissal of the injury claims of numerous RNC Plaintiffs in several RNC consolidated actions, including, for example, *Cohen v. City of New York*, 2007 U.S. Dist. LEXIS 70762; *Hershey-Wilson v. City of New York,* No. 05 Civ. 7026 (KMK)(JCF), 2006 U.S. Dist. LEXIS 68116; *Abdell v. City of New York*, 2007 U.S. Dist. LEXIS 70762 (S.D.N.Y. Sept. 25, 2007); *Biddle v. City New York*; *Greenwald v. City of New York*; *Moran v. City of New York*; *Coburn v. City of New York*; *Phillips v. City of New York*; *Sikelianos v. City of New York*; *Araneda v. City of New York*; *Eastwood v. City of New York*; *Kennedy v. City of New York*; *Martini v. City of New York*; *Rechtschaffer v. City of New York*; *Tikkun v. City of New York*).

LEXIS 99933 * 5 (S.D.N.Y. Oct. 27, 2009) (precluding the City from relying upon 84 witnesses whose names were belatedly-produced).

In *Consolidated RNC cases*, 2009 U.S. Dist. LEXIS 40293, Your Honor affirmed Judge Francis's *dismissal* of the injury claims of numerous RNC plaintiffs in numerous consolidated cases for their failure to timely produced medical records in violation of court orders. *Id.* at *20 (applying the five-factor test set forth in *Martens v. Thomann*, 273 F.3d 159, 180 (2d Cir. 2001) for *dismissal* of claims and finding no clear error by Judge Francis and that he acted within his authority under Rule 37(b)(2) as a sanction for Plaintiffs' failure to comply with the district court's discovery rulings).[2] By way of example, the following plaintiffs' injury claims were dismissed in *Consolidated RNC cases*, 2009 U.S. Dist. LEXIS 40293 under the following set of facts:

    (i)    <u>Plaintiff Neary</u>: affirming dismissal of her physical injury claims for plaintiff's inexcusable failure to provide medical records, particularly after Judge Francis's April, 2008 order ordering her to comply with discovery. *Id.* at *36-*37 (Plaintiff's "noncompliance of approximately three to four months was of significant duration and certainly sufficient to warrant dismissal under Rule 37(b)(2), specifically since her belated compliance only came after repeated requests from Judge Francis and opposing counsel, and the filing of two motions to dismiss." *Id.* at *37. Further, "Defendants were likely prejudiced by this delay, in that they have been unable to obtain discoverable material in order to prepare their defense." *Id.* In addition, the "Court's interest in managing its docket outweighs [plaintiff's] interest in receiving a further opportunity to attempt to comply with the discovery rulings." *Id.* **"It appears that a sanction less sever than dismissal would not be 'appropriate[]' in this case, even in light of [plaintiff's] belated compliance with the discovery ruling."** *Id.* (citing *Martens*, 273 F.3d at 180) (emphasis added).

---

[2] The non-exclusive lists of sanctions set forth in FRCP 37(b)(2)(A) include: "(ii) prohibiting the disobedient party from supporting . . . claims . . .or from introducing designated matters in evidence; (iii) striking pleadings in whole or in part; (v) dismissing the action . . . in whole or in part."

(ii)     Plaintiff Stark:   Plaintiff's noncompliance allegedly made in "good-faith mistake" not credible and "disingenuous". *Id.* at *40-41. "Such misleading and 'dilatory tactics' constitute precisely the type of litigation conduct that warrants the ultimate sanction of dismissal under Rule 37(b)(2). *Id.* at *42.

(iii)    Plaintiff Cincotta and Hardesty:   Affirming dismissal of injury claims after plaintiffs failed to update their discovery responses after submitted them, finding plaintiffs' arguments "without merit". *Id.* at *45.   "Plaintiffs had notice of their obligation to produce releases and records. Moreover, JCF had dismissed the emotional distress claims of a substantial number of RNC plaintiffs due to their noncompliance with the discovery rulings, indicates that these plaintiffs had notice that their continued failure to comply was likely to result in dismissal.   Plaintiffs have not explained why, given their awareness of their obligation to produce such records and the likely consequence of their failure to do so, they failed to provide such information, or to request additional time to do so, at any point prior to their filing of defendants' motion to dismiss." *Id.* at *45-*46.

(iv)     Plaintiff Martini:   affirming dismissal where plaintiff **had produced some but not all** releases.   *Id.* at *47-*48 (emphasis added).   "The Court rejects this argument as a basis for setting aside Judge Francis's dismissal order.   [Plaintiff's] refusal to execute additional releases violated the discovery orders, extended over a significant period of time [7 months]." *Id.* at *48.


As this Court reasoned in *Consolidated RNC Cases*:

The Court notes that one of the purposes of dismissal under Rule 37 is to deter future noncompliance by [plaintiff][3] and her counsel, and by others appearing before this Court. The Second Circuit posed the question of whether, "where a party, fully able to comply with a magistrate's order compelling discovery fails to do so due to a total dereliction of professional responsibility, amounting to gross negligence, may the district court in its discretion order a preclusion of evidence tantamount to the dismissal of a claim under Fed. R. Civ. P. 37?" *See Cine Forty-Second St. Theatre Corp. v. Allied Artists Pictures Corp.*, 602 F.2d 1062 (2d Cir. 1979). The court found that, even where the party eventually complied with the order at issue, the effective dismissal of plaintiff's claim was appropriate in order to maintain *Rule 37* as "a credible deterrent rather than a 'paper tiger' . . . ." *Id. a*t 1064

---

[3] The Plaintiff referenced therein was RNC Plaintiff Neary (*Moran v. City of New York*) represented by Rose Weber, who similarly similarly represents Ms. Brar since the outset of this lawsuit.

*Consolidated RNC cases* at *38-39. *See also Martin v. Manufacturers Hanover Trust*, No. 94 Civ. 6183 (DLC), 1996 U.S. Dist. LEXIS 15568 (S.D.N.Y. Oct. 22, 1996 ("If parties could ignore Court Orders with the liberty in which [plaintiff] has acted, the civil justice system would suffer, and judges would have no reason to invest their energy in case management . . . There would be no premium placed on adherence to a schedule or a Court Order, and no incentive to manage the litigation to reduce its costs and bring justice as expeditiously as possible to each of the parties.") (*cited in Consolidated RNC cases*).

Plaintiff's belated production of approximately 10 years' worth of material, at this stage of the litigation, should not be tolerated. Significantly, Plaintiff's egregious conduct is not a case of a good-faith failure to produce, say, one document. At issue before this Court, is Plaintiff's repeated and continual failures to produce discovery within a timely manner, over the past 10 years, despite court orders and ample warnings by the Court.

Plaintiff's first violation occurred in or about 2008, by her failure to produce a number of records, including medical records, prior to the close of discovery, as set forth in the CMO, thereby necessitating a motion to compel by Defendants. Only after Defendants had filed their motion did Plaintiff produce some -- but not all – documents. On April 4, 2008, Judge Francis ordered Plaintiff to produce all outstanding material in compliance with her discovery obligations by no later than April 21, 2008, and further ordered her to appear for a follow-up deposition to be questioned on all belatedly-produced material. *See* Order dated April 4, 2008, DE # 114 (the "April, 2008 Order").

Following the April, 2008 Order, Plaintiff did not produce one shred of discovery. Moreover, she refused to appear for a follow-up deposition on the documents she produced during the pendency of the motion to compel. Similarly, in 2009, Plaintiff failed to produce any

information from either 2008 or 2009, in violation of her obligations. In 2010, Plaintiff failed to produce any information from either 2008, 2009, or 2010, in violation of her obligations. In 2011, Plaintiff failed to produce any information from either 2008, 2009, 2010, or 2011, in violation of her obligations. In 2012, Plaintiff failed to produce any information from either 2008, 2009, 2010, 2011, or 2012, in violation of her obligations. In 2013, Plaintiff failed to produce any information from either 2008, 2009, 2010, 2011, 2012, or 2013, in violation of her obligations. Thus, Plaintiff's disingenuous arguments of "oversight" and lack of prejudice to Defendants should respectfully be rejected. Plaintiff's conduct clearly reduces this Court's orders and the Federal Rules to a "paper dragon."

Thus, there can be no question that not only did Judge Francis was within his discretion in ordering preclusion of Plaintiff's belatedly-produced records, as he acted in accordance with the law of the case and well-established case law. Accordingly, Plaintiff's *Rule 72* objections should respectfully be rejected and Judge Francis's order precluding Plaintiff and any witness she intends to rely upon from using any and all information that was not disclosed prior to April 21, 2008 (except for records, if any, that relate to treatment that the plaintiff received in 2014) for any purpose whatsoever.[4]

In addition, because Judge Francis acted under the law of the case, no further balancing of the factors set forth in *Softel/Martens* was required, as such balancing underlies the decisions in these RNC consolidated cases governing sanctions for discovery violations.

---

[4] Subsequent to the filing of Plaintiff's *Rule 72(a)* motion, Plaintiff served Defendants with additional documents, including emails about the incident and other records dating back several years that should have been disclosed pursuant to her continual obligations to supplement her 26(a) disclosures and responses to Defendants'' discovery demands, pursuant to Fed.R.Civ.P. Rule 26(e). This evidence falls within the category of evidence that is the subject of this motion and Plaintiff should similarly be precluded from relying upon these materials as well.

## PLAINTIFFS' VIOLATIONS OF THE
## FEDERAL RULES WARRANTED
## PRECLUSION

### A. Plaintiff's Violations of Rules 16(f), 37(b)(2), and 37(c) Each Warrant Preclusion

In addition to violating what is the Law of The Case and well-established law, Plaintiff also violates three Federal Rules by her obstructionist conduct – Fed. R.Civ.P. Rules *16(f)*, *37(b)(2)* and *37(c)* – thereby warranting the sanction of preclusion. <u>First</u>, Rule 16(f) permits for Rule 37(b)(2)(A) sanctions, where, as here, a party fails to obey a scheduling order. <u>Second</u>, Rule 37(2)(A) permits for the same set of sanctions where, as here, a party fails to obey a court's discovery order. <u>Third</u>, Rule 37(c) permits for the same set of sanctions where, as here, a party fails to disclose or supplement information or identify a witness as required by Rule 26(a) or (e).[5] Thus, Judge Francis had three independent grounds to preclude the material.

Thus, as demonstrated above, when Plaintiff, in 2014, served Defendants for the first time with almost 10 years' worth of information that both pre-dated and post-dated the April, 2008 Order (*over 250 documents*), she did so in complete disregard and in violation of:   (1) to the Court's April, 2008 Order; (2) *Rule 26(a)* by failing to provide all material by April 21, 2008 to support her claims; (3) Rules 33 and 34, by failing to provide all material responsive to Defendants' Interrogatories and Requests for Production by April, 2008; and (4) and Rule 26(e), by her failure to comply with her continuing obligation to supplement, "in a timely manner" her 26(a) disclosures and her responses to Defendants' discovery demands pursuant to Rules 33 and 34.

---

[5] Pursuant to *Rule 37(c)(1)*, "If a party fails to provide information. . . as required by Rule 26(a) or 26(e), the party is not allowed to use that information . . . to supply evidence on a motion, at a hearing, or at a trial, unless the failure was substantially justified or his harmless."

The Second Circuit has recognized "the importance we place on a party's compliance with discovery orders [as] [s]uch compliance is necessary to the integrity of our judicial process... A party who flouts such orders does so at his peril." *Update Art, Inc. v. Modin Publ'g, Ltd.,* 843 F.2d 67, 68, 73 (2d Cir. 1988); *accord Lyondell-Citgo Ref., LP v. Petroleos de Venez, S.A.*, No. 02 Civ. 0795 (CBM), 2005 U.S. Dist. LEXIS 3635 (S.D.N.Y. Mar. 9, 2005)). *See also Advanced Analytics, Inc., v. Citigroup Global Markets, Inc.*, 04 Civ. 3531(LTS)(HBP), 2014 U.S. Dist. LEXIS 41291 (S.D.N.Y. Mar. 26, 2014) (preclusion and an award of costs and fees were warranted pursuant to Fed.R.Civ. P. 16 and 37 in view of party's untimely submission of evidence which violated the Scheduling order). "The Court has power under Rule 16 of the Federal Rules of Civil Procedure, as well as power derived from its inherent authority to manage proceedings before it . . . to impose sanctions in respect of conduct violative of scheduling orders and wasteful of the time of the Court and opposing counsel." *Advanced*, 2014 U.S. Dist. LEXIS 41291 at *10 (string cite to cases). "The same is true under Rule 37: "[w]hether exercising its inherent power, or acting pursuant to Rule 37, a district court has wide discretion in sanctioning a party for discovery abuses." *Id.* (citing *Reilly v. Natwest Mkts. Grp. Inc.,* 181 F/3d 253, 267 (2d Cir. 1999). "Among other things, Rule 16 governs scheduling matters and the district court's general powers to manage its own proceedings." *Advanced*, 2014 U.S. Dist. LEXIS 41291 at *10-11. "[P]ursuant to *Rule 16*, a party's failure to comply with a scheduling order may result in preclusion." *Id.* at *11. Accordingly, Judge Francis was within his discretion in precluding the records and his order should respectfully be affirmed. *See also See Hass v. Delaware and Hudson Railway Co.*, 282 Fed. Appx. 84 (2d Cir. 2008) (affirming preclusion under Rule 37(c)(1) for plaintiff's "unintentional" failure to comply with Rule 26(e) because plaintiff's

"'failure to previously disclose [the] information cannot be considered harmless'") (citation omitted).

## B. Preclusion Was Proper Under Rule 37

The overall thrust of plaintiff's erroneous argument is that Judge Francis did not follow the holding in *Outley v. City of New York*, and that he (i) was required to "inquire more fully into the actual difficulties which the violation causes, and consider less drastic" measures before imposing the sanction of preclusion; (2) that Judge Francis reached the wrong conclusion because Plaintiff's continual failure to produce these records was an "oversight"; and (3) the alleged prejudiced to Plaintiff outweighs the prejudice to defendants because the documents were produced within 4 months of expert discovery. Plaintiff's argument fail for several reasons, and thus, should respectfully all be rejected.

First, as shown above, Judge Francis was not required to balance yet again the *Softel* factors because that balancing had already occurred in prior consolidated RNC decisions ordering preclusion and under facts even less egregious than the case at bar. Thus, Plaintiff's arguments should respectfully be rejected. Moreover, this very argument was already rejected by this Court in *Eastwood*. 2009 U.S. Dist. LEXIS 99933 (precluding defendant City from relying up 84 witnesses whose identities were not timely disclosed). As this Court stated therein: "The Court is likewise unpersuaded by Defendants' contention that the failure of the [order] to specifically articulate an analysis pursuant to *Softel, Inc., v. Dragon Medical & Scientific Communications, Inc.*, 118 F.3d 955 (2d cir. 1996), renders the ruling 'contrary to law." *Id.* at * 10 (citing *Softel,* at 961-963). "Notwithstanding Defendants' assertions in this and other RNC cases involving objections to discovery rulings, judges are not required to encant particular language when issuing rulings on non-dispositive discovery issues." *Id.* at *10. "The suggestion

that failure to do so constitutes 'clear error' is wholly unwarranted." *Id.* As such, Judge Francis's decision was neither clearly erroneous nor contrary to law.

Third, as already shown above, Plaintiff's injury claims were subject to dismissal in view of her repeated flouting of court orders and her discovery obligations, yet she was sanctioned only in the form of preclusion of certain records. *See Outley v. New York*, 837 F.2d 587, 589 (2d Cir. 1988) (stating that "the duty [to supplement responses] will normally be enforced . . . through sanctions imposed by the trial court, including exclusion of evidence . . . , as the court may deem appropriate.") (quoting Advisory Committee Notes to Rule 37) (alteration in original); *SEC v. Razmilovic*, 738 F.3d 14 (2d Cir. 2013) ("Clearly, the most severe of these [Rule 37] sanctions for a disobedient plaintiff is the dismissal of his action"); *Burrell v. AT & T*, 282 Fed. Appx. 66 (2d Cir. 2008) (finding no abuse of discretion in dismissal of claim, particularly where "lesser sanction" of preclusion and assessment of attorneys' fees would not be effective); *See Daval Steel Products v. Fakredine*, 951 F.2d 1357, 1366 (2d Cir. 1991) (stating that the rule expressly requires only that the sanctions be "'just'" and does not require "extreme circumstances"); *Consolidated RNC cases*, ("Plaintiff and her counsel were on notice of preclusion for discovery violations"). Thus, contrary to Plaintiff's erroneous argument, there can be question that the court's decision to preclude plaintiff's reliance on the belatedly-produced materials was proper and did not amount to an abuse of discretion. Accordingly, preclusion was not an abuse of the court's discretion.

Fourth, Plaintiff cannot seriously claim that Judge Francis "overlooked" the factors in *Outley*, when in fact, Plaintiff never once raised any legal arguments or cited to any legal

authority in opposition to the preclusion motion, citing *Outley* only after several rounds of briefing. [6]

Fifth, Plaintiff's reliance on *Outley v. City of New York, 837 F.2d 587 (2d Cir. 1998)* is misplaced, as that case is inapposite. "The *Outley* decision was based on the Circuit's concern that the lower Court had precluded testimony simply out of a motivation to clear its docket." *American Home Ass. Com., v. Masters' Ships Mgt S.A.*, 03 Civ. 0618 (JFK), 2004 U.S. Dist. LEXIS 9364 (S.D.N.Y. May 24, 2004) (on Rule 72 appeal, affirming preclusion of expert materials which were not timely disclosed) (citing Outley, 837 F.2d at 590)). Here, none of the concerns in *Outley* are present here, as there is no indicia of ill motive by the court to clear its district, and moreover, all factors weigh in favor of preclusion, and even dismissal of the injury claims.

In determining whether a district court has exceeded its discretion, courts consider the following factors: (1) the party's explanation for the failure to comply with the discovery order; (2) the importance of the testimony of the precluded witness; (3) the prejudice suffered by the opposing party as a result of having to prepare to meet the new testimony; and (4) the possibility of a continuance. *Softel, Inc. v. Dragon Med. & Sci. Communs.*, 118 F.3d 955, 961 (2d Cir. N.Y. 1997) (finding no abuse of discretion and affirming lower court's ruling of preclusion). "A finding of bad faith, however, is not required before sanctions can be imposed under Rule 37(c)(1)." *Advanced Analytics, Inc.*, 2014 U.S. Dist LEXIS 41291 at *14 (precluding reliance upon evidence that was "untimely under my scheduling Order.").

---

[6] By way of background, Defendants moved for preclusion on May 19, 2019. Plaintiff opposed the motion on May 23, 2014 (DE # 243). After Judge Francis granted the motion, Plaintiff informally moved for reconsideration on May 28, 2014 (DE # 246). In neither of those two motions did Plaintiff cite to a single piece of legal authority. It was not until Plaintiff's formal reconsideration motion of June 10, 2014 (DE #264) that Plaintiff finally decided to include legal authority. Moreover, for reasons already discussed in Defendants' Opposition to Plaintiff's Motion for reconsideration, Plaintiff's motion exceeded the permissible scope of Judge Francis's order by re-arguing against preclusion of the pre-2014 records.

**Plaintiff's explanation**: The parties agree that Plaintiff lacks "substantial justification" for her continual violations. As shown above, Plaintiff has, for the past 10 years, flouted court orders and continually violated her discovery obligations, year, after year, after year. Thus, her claim of "oversight" lacks credibility and fails to meet the standard of substantial justification and harmlessness. Thus, preclusion is warranted under Rule 37(c)(1), as well as 37(b)(2)(A).

**Possibility of a continuance**: The parties also agree that a continuance of discovery would be inappropriate at this stage of the litigation. Moreover, Defendants have a right to resolution of this case which has been ongoing for almost 10 years, and not be dragged into further discovery after 6 years of Plaintiff's failures. Plaintiff's agreement that a continuance would not be appropriate weighs in favor of preclusion. *See Haas v. Delaware and Hudson Railway Co.*, 282 Fed. Appx. 84, 87 (2d Cir. 2008) (affirming preclusion where there was no indication that plaintiff's counsel even offered to reopen discovery); *Wolak v. Spucci*, 217 f.3d 157, 161 (2d Cir. 2000) ("A delay of the trial might have cured that prejudice, but . . . plaintiff's counsel conceded there was no request for an adjournment."); *Reed Construction Data, Inc. v. The McGraw-Hill Cos.*, Inc., 09 Civ. 8578 (JPO)(HBP), 2013 U.S. Dist. LEXIS 55097 (S.D.N.Y. Apr. 15, 2013) (finding that "although a continuance would ameliorate at least some of the prejudice asserted by defendants, I conclude that a further continuance is unwarranted in view of the substantial number of continuances that have already been granted. . . the discovery deadlines . . have already been extended five times, and the case is approximately three and half years old.")

**Prejudice**: Plaintiff's argument that preclusion prejudices her more than defendants similarly defies credulity and demonstrates fast-and-loose play. One June 12, 2014, Plaintiff served defendants with a list of witnesses who Plaintiff stated she intends to rely upon at trial, which list includes the names of many "treaters" who were never previously identified, and will based

their testimony on the post-April 2008 period, for which records were never produced until only a few months ago. *See* **Exhibit A**, annexed hereto. Similarly, Plaintiff continues to serve Defendants with documents that pre-date 2014 and thus were not timely produced, including, by way of one example, emails by Plaintiff to unknown persons dating as far back as 2006 discussing the incident and her claims of injury. This type of conduct is the very type of "sandbagging" and tactical advantages that the rule was designed to prevent, as it prevents Defendants from being able to prepare their defense, having not taken discovery concerning these new materials and new persons with knowledge. *Quiles v. City of New York*, 11 civ. 5613 (FM), 2014 U.S. Dist. LEXIS 66443 (S.D.N.Y. May 8, 2014) (precluding use of records produced 3 years past the discovery cut-off date as the "eleventh-hour disclosure of [plaintiff's] intent to rely on these documents" would prejudice the City).

This failure to produce records is particularly prejudicial not just when viewed in the scope of her prior discovery failures back in 2008 for her medical and billing records and the time and expense involved in Defendants having to file motions concerning Plaintiff's discovery violations. Similarly, Plaintiff's discovery failures are also inexcusable in light of the RNC settlement negotiations which began over 18 months ago, at which time, Plaintiff refused to settle with the Grid Plaintiffs by reason of her alleged "chronic and serious condition" of Complex Regional Pain Syndrome – a condition that even her own expert acknowledges she does not have, and a condition that her expert believes resolved within 6-12 months. Thus, Plaintiff has been perpetuating years of misrepresentations upon Defendants and the Court by insisting that she suffers from a condition that she failed to offer proof of, and has required the City to incur the cost and expense to engage in expert discovery to confirm that she does not, in fact, suffer from this condition.

**Importance of evidence**: As Plaintiff readily concedes, the information is important to her on the issue of damages (and not liability), as the information will be used to increase any potential damages award. This purpose, however, similarly weighs in favor of preclusion, as Plaintiff failed to meet her obligations under Rule 26(a), requiring disclosure of her computation of damages. *See Mikulec v. Town of Cheektowaga*, 11-cv-342 (EAW), 2014 U.S. Dist. LEXIS 113039 (W.D.N.Y. Aug. 14, 2014) (precluding plaintiff from relying upon evidence to support his computation of damages where such evidence was not previously disclosed, in violation of Rule 26(a) computation of damages). Moreover, Plaintiff will presumably rely upon expert testimony at trial to discuss her medical condition, both past and present. Plaintiff and her witnesses will have the benefit of relying upon records from between 2004 to April, 2008. The post-2008 records are simply cumulative, and thus, not important enough to weigh against preclusion. Additionally, Plaintiff's concern over credibility lacks the importance required to weigh against preclusion. *See Outley v. New York*, 837 F.2d 587, 590-591 (2d Cir. 1988) (involving "good-faith" oversight and the "extremely important" testimony of two witnesses, wherein the Court stated that, "the evidence of these witnesses was so important, only extreme misconduct on the part of the plaintiff or extreme prejudice suffered by the defendants would justify the extraordinary sanction of preclusion in this case."). Here, evidence concerning Plaintiff's credibility with respect to her treatment does not rise to the critical level of importance as the evidence at issue in *Outley*. Additionally, the issue of whether she received treatment during the years in which she failed to produce discovery will not be an issue that a defendant-officer will comment on, and thus, does not present the same type of he-said-she-said scenario that was present in *Outley*. For these reasons, Judge Francis's preclusion was not contrary to law or clearly erroneous, and thus Plaintiff's motion should respectfully be denied.

## PLAINTIFFS' INJURY CLAIMS SHOULD RESPECTFULLY BE DISMISSED

As shown above, by reason of (1) Plaintiff's repeated flouting of both Judge Francis's and this Court's scheduling and discovery orders over the entire course of the litigation, rendering them a mere "paper dragon"; (2) by her repeated violations of the Federal Rules concerning her discovery obligations over the course of the litigation; (3) by her continued efforts to force Defendants to litigate the issue of preclusion over the past 3 months in several rounds of briefing despite her lacking a good-faith basis to pursue the issue (as demonstrated herein)[7]; (4) by her serious misrepresentations to both Defendants and the Court that, for the past 10 years through today, she suffers from a syndrome that even her own expert disputes, (5) Plaintiff's continued disregard for Judge Francis's preclusion order by continuing to serve records upon Defendants that pre-date 2014; (6) the ample authority in these RNC consolidated cases and in this specific case, as well as well-established law in this Circuit permitting dismissal of Plaintiff's injury claims for her repeated violations (as set forth herein), and (7) the fact that preclusion clearly is not a deterrent to Plaintiff's conduct, Defendants respectfully request that this Court issue an order to dismiss Plaintiff's claims of physical injury and emotional distress in their entirety.

---

[7] Plaintiff was advised that her arguments were baseless, yet she continued to pursue them.

## CONCLUSION

By reason of the foregoing, defendants respectfully request that Plaintiff's *Rule 72*

Objections be denied and that the Court grant Defendants' Motion to Dismiss Plaintiffs' Claims

of Physical Injury and Emotional Distress, and for such other and further relief as this Court may

deem just and proper.

Dated:  New York, New York
        August 28, 2014

Respectfully Submitted,

By: _____

Cheryl Shammas
*Senior Counsel*

# EXHIBIT A

400 Orange Street
New Haven, CT 06511
phone 203.787.3513
fax 203.789.1605
drosen@davidrosenlaw.com

June 13, 2014

Cheryl L. Shammas, Esq.
Senior Counsel
NYC Law Department
100 Church Street, Room 3-212
New York, New York 10007

Re:   **Botbol, et al v. The City of New York, et al**
      **Docket No. 1:05cv01572 (RJS) (JCF)**

Dear Attorney Shammas:

Pursuant to Rule 26(a)(2) of the Federal Rules of Civil Procedure, Plaintiff Valarie Kaur

Brar discloses the following witnesses she may call at trial to present expert testimony in the

above matter.

Witness retained to provide expert testimony, disclosed per Rule 26(a)(2)(B):

**Barry Ludwig**, MD. (100 UCLA Medical Plaza Ste. 425, Los Angeles, CA 90024, (310)

794-1500). A written report by Dr. Ludwig is attached.

Treatment providers who may offer expert testimony, disclosed per Rule 26(a)(2)(C):

Examination and treatment records for each of these providers which have been previously

provided are incorporated in this disclosure by reference.

**Valerie Courville**, Acupuncturist (88 Arcadia Ave, Waltham, MA 02452, (781) 894-

6981). Valerie Courville is expected to offer testimony on the subject of Plaintiff's physical

condition and treatment. She is expected to testify that she treated Plaintiff with acupuncture

approximately twenty-four times between 2006 and 2007. She is expected to testify that Plaintiff

1

during this period suffered from pain and significant limitations in the use of her right arm as a result of being handcuffed and her right arm being twisted by police. She is expected to describe Plaintiff's symptoms and to testify that they are consistent with the history provided by Plaintiff. She is expected to testify further that Plaintiff's treatment was appropriate and necessary.

**Paul Dawson**, Physical Therapist (Titan Physical Therapy and Wellness, 11965 Venice Blvd Suite 408, Los Angeles, CA 90066-3978, (310)566-767). Paul Dawson is expected to offer testimony on the subject of Plaintiff's physical condition and treatment. He is expected to testify that he has treated Plaintiff with physical therapy approximately six times in 2014 and to testify to any treatment subsequent to the date of this disclosure. He is expected to testify that Plaintiff during this period suffered from pain in various locations as well as decreased range of motion, postural awareness, and scapular strength as a result of being handcuffed and her right arm being twisted by police. He is expected to describe Plaintiff's symptoms and to testify that they are consistent with the history provided by Plaintiff. He is expected to testify further that Plaintiff's treatment was appropriate and necessary and also to describe what future treatment is appropriate and necessary.

**Catherine Earley**, RN (44 Binney St., Boston, MA 02115, (617) 632-2334). Catherine Earley is expected to offer testimony on the subject of Plaintiff's physical condition and treatment. She is expected to testify that she treated Plaintiff three times in 2005 and 2006 for wrist, shoulder, and neck pain resulting from being handcuffed. She is expected to describe Plaintiff's symptoms and to testify that they are consistent with the history provided by Plaintiff. She is expected to testify further that Plaintiff's treatment was appropriate and necessary.

**B. Joyce Frazier**, Massage Therapist (Rimagé Salon & Spa, 1210 Chapel Street, New Haven, CT 06511, 203-562-4247). Joyce Frazier is expected to offer testimony on the subject of

Plaintiff's physical condition and treatment. She is expected to testify that she treated Plaintiff with neuromuscular therapeutic bodywork care approximately eighty-nine times in 2008 through 2012.[1] She is expected to testify that Plaintiff during this period suffered from pain of variable intensity in her right shoulder and right side of her neck, head, right eye, right arm, and right hand, as well as at times right hip and right leg and foot as a result of being handcuffed by police. She is expected to describe Plaintiff's symptoms and to testify that they are consistent with the history provided by Plaintiff. She is expected to testify further that Plaintiff's treatment was appropriate and necessary.

**Sheryl Goodridge**, Physical Therapist (Harvard University Health Services, 1350 Massachusetts Ave., Cambridge, MA 02138, 617-496-0699). Sheryl Goodridge is expected to offer testimony on the subject of Plaintiff's physical condition and treatment. She is expected to testify that she treated Plaintiff five times in 2006 for complex regional pain syndrome, chronic tendonitis and wrist, arm, shoulder, and neck pain resulting from being handcuffed and her arm being wrenched by police. She is expected to describe Plaintiff's symptoms and to testify that they are consistent with the history provided by Plaintiff. She is expected to testify further that Plaintiff's treatment was appropriate and necessary.

**Marie Haley**, MD (Harvard University Health Services,1350 Massachusetts Ave., Cambridge, MA 02138, 617.495.2001). Marie Haley is expected to offer testimony on the subject of Plaintiff's physical condition and treatment. She is expected to testify that she treated Plaintiff on September 24, 2014. She is expected to testify that Plaintiff suffered from loss of sensation and nerve impingement in her right hand as a result of being handcuffed and her right

---

[1] Joyce Frazier has not provided Plaintiff with session notes from approximately ten visits between November 2011 and July 2012. Plaintiff will disclose these records when she obtains them.

arm being twisted by police. She is expected to describe Plaintiff's symptoms and to testify that they are consistent with the history provided by Plaintiff. She is expected to testify further that Plaintiff's treatment was appropriate and necessary.

**Ching Liu** (The Golden Needle Wellness, 11965 Venice Blvd Ste 209, Los Angeles, CA 90066,310.591.8786). Ching Liu is expected to offer testimony on the subject of Plaintiff's physical condition and treatment. He is expected to testify that he treated Plaintiff approximately eighteen times from 2008 through 2009. He is expected to testify that Plaintiff during this period experienced variable pain and lack of strength in her right arm and shoulder as a result of her arrest and injury. He is expected to describe Plaintiff's symptoms and to testify that they are consistent with the history provided by Plaintiff. He is expected to testify further that Plaintiff's treatment was appropriate and necessary.

**Tracy Ng**, Acupuncturist (2510 Main Street, Suite 209, Santa Monica, CA 90405, (310) 393-3012). Tracy Ng is expected to offer testimony on the subject of Plaintiff's physical condition and treatment. She is expected to testify that she treated Plaintiff with acupuncture approximately ten times during 2007. She is expected to testify that Plaintiff during this period suffered from pain in various locations and weakness of her right arm associated with Complex Regional Pain Syndrome. She is expected to describe Plaintiff's symptoms and to testify that they are consistent with the history provided by Plaintiff. She is expected to testify further that Plaintiff's treatment was appropriate and necessary.

**Michele Longoria**, Chiropractor (4444 Lankershim Blvd, Ste. 207, North Hollywood, CA 91602, (818) 760-4044). Michele Longoria is expected to offer testimony on the subject of Plaintiff's physical condition and treatment. She is expected to testify that she treated Plaintiff with chiropractic care approximately six times during 2007. She is expected to testify that

4

Plaintiff during this period suffered from physical symptoms including pain in locations including her head, neck, shoulder, and right arm; from nerve tingling and burning; from cold hands; from loss of strength in her right arm, and from fatigue and poor sleep. She is expected to describe Plaintiff's symptoms and to testify that they are consistent with the history provided by Plaintiff. She is expected to testify further that Plaintiff's treatment was appropriate and necessary.

**Balakrishnan Natarajan**, MD (711 W North Ave Suite 202, Chicago, IL 60610,(312) 616-777 ). Balakrishnan Natarajan is expected to offer testimony on the subject of Plaintiff's physical condition and treatment. He is expected to testify that he treated Plaintiff in 2006 and a in 2008. Upon examination in 2006 he diagnosed Plaintiff as suffering from Reflex Sympathetic Dystrophy. He is expected to testify that Plaintiff suffered from Reflex Sympathetic Dystrophy when he examined her, as well as conditions including reduced range of motion, tender upper right and middle trapezius muscles, disparity in left and right hand temperature, and pain in the right side of her neck. These symptoms, he is expected to testify, are the result of Plaintiff being handcuffed and her right hand being bent by police. He is also expected to testify as to the condition of her nerves, joints, and muscles. He is expected to describe Plaintiff's symptoms and to testify that they are consistent with the history provided by Plaintiff. He is expected to testify further that Plaintiff's treatment was appropriate and necessary.

**Boris D. Veysman**, MD (1 Robert Wood Johnson Pl New Brunswick, NJ 08901(732) 235-8717). Boris D. Veysman is expected to offer testimony on the subject of Plaintiff's physical condition and treatment. He is expected to testify that he treated Plaintiff once, on September 1, 2004, at NYU medical center for pain and numbness as a result of her being handcuffed by police. He is expected to describe Plaintiff's symptoms and to testify that they are consistent with

the history provided by Plaintiff. He is expected to testify further that Plaintiff's treatment was appropriate and necessary.

Dated: New Haven, Connecticut
June 13, 2014

Sincerely,

DAVID N. ROSEN
David Rosen & Associates, P.C.
400 Orange Street
New Haven, CT 06511
(203) 787-3513 Telephone
(203) 789-1605 Fax